

# In the United States District Court
# For the Northern District of Alabama

FORM FOR USE IN APPLICATION FOR
HABEAS CORPUS UNDER 28 U.S.C. § 2254

CIVIL ACTION NUMBER:

CV-06-P-4788-NE

(To be supplied by the Clerk of the District Court)

Anthony J. Cable
Full Name of Plaintiff-Petitioner

Limestone Correctional Facility
Place of Confinement

VS.

Ala. Board of Pardons & Paroles, et. Al.,
(Name of Warden, Superintendent, Jailer, or authorized
person having custody of petitioner)

and

THE ATTORNEY GENERAL OF THE STATE ALABAMA,

Respondents

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If the petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 USC § 2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A
PERSON IN STATE CUSTODY

INSTRUCTIONS -- READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction perjury. All questions must be answered concisely in the proper space on the form

(2) Do not use this form unless you were convicted in one of the following counties: BIBB, BLOUNT, CALHOUN, CHEROKEE, CLAY, CLEBURN, COLBERT, CULLMAN, DeKALB, ETOWAH, FAYETTE, FRANKLIN, GREENE, JACKSON, JEFFERSON, LAMAR, LAUDERDALE, LAWRENCE, MADISON, MARION, MARSHALL, MORGAN, PICKENS, SHELBY, ST. CLAIR, SUMTER, TALLADEGA, TUSCALOOSA, WALKER, WINSTON.

(3)  Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4)  If you do not have the necessary filing fee, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor.

(5)  Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6)  Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7)  When the petition is fully completed, *the original and two copies* must be mailed to the Clerk of the United States District Court for the Northern District of Alabama, 104 Federal Courthouse, 1800 Fifth Avenue, North, Birmingham, Alabama 35203.

(8)  Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

## PETITION

1.  Name and location of court which entered the judgment of conviction under attack _____

2.  Date of judgment of conviction   July 24th 2002

3.  Length of sentence   45 years; Reconsideration date: July, 2007, from parole revocation.

4.  Nature of offense involved (all counts)   Violation of Condition No.7-New Offense; Violation of Community Notification Act; Possession of Controlled Substance; and Receiving Stolen Property.

5.  What was your plea?  ___ (Check one)
    (a)  Not guilty  [X]
    (b)  Guilty  [ ]
    (c)  Nolo contendere  [ ]
    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:   N/A

6   Kind of trial: (Check one)
    (a)  Jury  [ ]
    (b)  Judge only  [X]

7   Did you testify at the trial?
    Yes  [X]   No  [ ]

8    Did you appeal from the judgment of conviction?
Yes [X]    No [ ]

9    If you did appeal, answer the following:
     (a) Name of court    Montgomery County Circuit Court
     (b) Result    Denied
     (c) Date of result    January 30th, 2006.

10    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes [X]    No [ ]

11    If your answer to 10 was "yes", give the following information:
     (a) (1) Name of court    Alabama Criminal Courts of Appeals
         (2) Nature of proceedings    Appeal petition; Writ of Certiorari
         (3) Grounds raised    My rights were violated under the United States Constitution; I claimed the following: 4th Amend. Unlawful entry and search, 8th Amend. Cruel and Unusual punishment, and 14th Amend. Due Process and Equal Protection of Law.
         (4) Did you receive an evidentiary hearing on your motion, application or motion?
Yes [ ]    No [X]
         (5) Result    Dismissed
         (6) Date of result    May 15th, 2006.
     (b) As to any second petition, application or motion give the same information:
         (1) Name of court    N/A
         (2) Nature of proceeding    N/A
         (3) Grounds raised    N/A
         (4) Did you receive any evidentiary hearing on your petition, application or motion?
Yes [ ]    No [X]
         (5) Result    N/A
         (6) Date of result    N/A
     (c) As to any third petition, application or motion, give the same information:
         (1) Name of court    N/A
         (2) Nature of proceeding    N/A
         (3) Grounds raised    N/A
         (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes [ ]    No [X]

    (5)  Result                           N/A

    (6)  Date of result           N/A

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

    (1) First petition, etc   Yes ☐   No [X]
    (2) Second petition, etc  Yes ☐   No [X]
    (3) Third petition, etc   Yes ☐   No [X]

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same. Caution: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. *However, you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the nature of the charge and the consequences of the plea.
    (b) Conviction obtained by use of coerced confession.
    (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
    (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
    (e) Conviction obtained by a violation of the privilege against self-incrimination.
    (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
    (g) Conviction obtained by a violation of the protection against double jeopardy.
    (h) Conviction obtained by action of a grand jury or petit jury which was unconstitutionally selected and impaneled.
    (i) Denial of effective assistance of counsel.
    (j) Denial of right of appeal.

A. Ground one: Huntsville police and parole officer on separate occaisions illegally searched the place of residence of petitioner. Fourth Amendment Violation.
Supporting FACTS (tell your story briefly without citing cases or law): June 18th 2002, members of the Huntsville police department entered the home of the petitioner without a search warrant, or consent to search while petitioner was not present at his home. Later that day, petitioner's parole officer, Bridgett McGraw entered and searched the home of petitioner without petitioner being present to monitor, observe, and or witness this search. Petitioner requested to be allowed to enter his home with parole officer.

B. Ground two: Petitioner was not afforded a parole court hearing in the prescribed time as according to parole court rules. Fourteenth Amendment Violation.
Supporting FACTS (tell your story briefly without citing cases or law): Petitioner was violated of his parole June 18th 2002. Notice of violation was served on July 5th 2002, petitioner was held 17 days before being served notice of violation and parole court date. July 12th 2002 preliminiary parole court hearing was held, which was 7days from day of service of notice of violation and parole court hearing date. Petitioner was not granted a final (Revocation) hearing.

C. Ground three: Only hearsay eidence was presented during parole court hearing, by parole officer Bridget McGraw. Fourteenth Amendment Violation
Supporting FACTS (tell your story briefly without citing cases or law): Parole officer tesitfied as to what another person said during the events that took place June 18th 2002 Ms. McGraw fail to support her testimony with any statements or documents such as police reports. Petitioner was charged with said new offense, one of which said to have minors living with him. Ms. McGraw failed to show actual age of said perosn's, or proof such as bills, lease agreement, ect. (please see attached sheet)

D. Ground four: Petitioner was not afforded an unbiased and detatched hearing officer at his parole court hearing. Fourteenth Amendment Violation.
Supporting FACTS (tell your story briefly without citing cases or law): July 12th 2002, T.C. Bill sat in as the hearing officer during petitioner's parole court hearing. T.C. Bill on June 24th 2002 signed approval of parole officer Bridgett McGraw's report of violations. T.C.Bill on other occaisions acted as a parole officer to petitioner when former parole officer Diane Wynn was reassigned. During said time, petitioner made in office visit with T.C. Bill. (please see attached sheet)

13  If any of the grounds listed in 12A, B, C and D were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them: Alabama Department of Corrections failed to issue a warrant for retake. Petitioner was not aware of this rule during the time of him filing previous petitions. Fourteenth Amendment Violation.

14  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☒

15  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing _____ N/A _____

## ATTACHEMENT TO GROUNDS

C. Ground three:

Supporting FACTS: continued from pg. 5.

Petitioner was charged with possession of controlled substance; in which parole officer Bridget McGraw fail to support her statement with information such as toxicology report, police report or indictment from the circuit court. Petitioner was charged with receiving stolen property. Ms. McGraw made this claim without any supporting documents such as a police report. Hearing officer, T.C. Bill allowed the testimony of parole officer Bridget McGraw. July 15th, 2002 hearing officer T.C. Bill found petitioner Anthony J. Cable guilty of violating conditions of his parole, based on the testimony of parole officer Bridget McGraw during parole court hearing. July 24th, 2002, board members Nancy McCrary and Gladys Riddle revoked petitioner's parole based on the findings of hearing officer T.C. Bill, and the testimony of parole officer Bridget McGraw.

D. Ground four:

Supporting FACTS: continued from pg. 5.

Other accounts, petitioner was told by T.C. Bill he could not have his on business in real estate, because he was classified as a sex offender. T.C. Bill supported the actions of his parole officer when petitioner reported a matter in which parole officer Bridgett McGraw stated to petitioner she "disliked him because he was classified as a sex offender, and plan to send him back to prison the first opportunity she got." T.C. Bill was parole officer Bridget McGraw's supervisor during the time of this matter.

E. Ground five: Parole officer, Bridget McGraw perjured herself when she knowingly and willfully offered false information as evidence during parole court hearing. A Fourteenth Amendment Violation, and a criminal offense.

Supporting FACTS: July 12th 2002 was present with counsel, and did witness Ms. McGraw testify under oath to the following: "petitioner was arrested and charged with receiving stolen property. Ms. McGraw stated she observed a computer in the living room floor; it was later, determined to be stolen from a burglary. This information is false. Petitioner was never charged with receiving stolen property in a criminal matter. Nor was there ever any information forwarded to Ms. McGraw, to make such a determination. Petitioner was enrolled in a technical trade in which he was learning how to build and repair computers. Petitioner's parole officer was aware of petitioner being in technical college. Ms. McGraw willfully gave testimony stating, petitioner "admitted to obtaining a car and computer in exchange for drugs." Petitioner at no time had such a discussion with Ms. McGraw of this nature. Hearing officer T.C. Bill allowed the testimony of parole officer Bridget McGraw. T.C. Bill based his findings on this testimony, in finding petitioner guilty. Board members Nancy McCrary and Gladys Riddle based their decision on this testimony and revoked the parole of petitioner Anthony J. Cable.

F.   Ground six: Opportunity to present witnesses and documentary evidence. Fourteenth Amendment Violation.

Supporting FACTS: July 12th, 2002 petitioner was present with counsel during preliminary parole court hearing, in which petitioner had witnesses available to testify on his behalf to the accounts of June 18th 2002, when petitioner was violated of his parole. Hearing officer T.C. Bill refused to allow petitioner witnesses to testify during parole court hearing. Attorney for petitioner made attempts to present documentary evidence on behalf of petitioner during preliminary parole court hearing. Hearing officer T.C. Bill refused to allow petitioner's documentary evidence to be admitted as evidence, during parole court hearing.

G.   Ground seven: Petitioner was not afforded a final hearing; (Revocation Hearing). Fourteenth Amendment Violation.

Supporting FACTS: June 18th, 2002 petitioner Anthony J. Cable was violated of his parole. July 5th, 2002 petitioner was served notice of violations and preliminary parole court hearing date. July 12th, petitioner was present with counsel for preliminary parole court hearing. July 15th, 2002 hearing officer T.C. Bill made his findings and forwarded this to the Ala. Board of Pardons and Paroles. July 24th, 2002 Board members Nancy McCrary and Gladys Riddle revoked petitioner's parole based on the findings of hearing officer from preliminary parole court hearing. Petitioner through letters and family on several accounts requested a (final) revocation hearing. This request was never granted.

H.  Ground eight: A written statement by the fact finders as to the evidence relied on and reasons for revoking parole. Fourteenth Amendment Violation.

Supporting FACTS: July 15th, 2002 hearing officer T.C. Bill prepared his findings from preliminary parole court hearing, for the board of pardons and parole. July 24th, 2002 board members Nancy McCrary and Gladys Riddle revoked parole of petitioner. During the month of August 2002 petitioner was transferred to the Alabama Department of Corrections. Petitioner was not forwarded a copy of these findings and rulings. April 14th, 2003 petitioner filed a writ of certiorari into the Circuit Court of Montgomery County Court. June 6th, 2003 respondent answered petitioner's claim, and then forwarded to petitioner copies of hearing officer and board members findings.

I.  Ground nine: Ala. Board of Pardons and Paroles fail to issue petitioner a written order of conditions of parole. Fourteenth Amendment Violation.

Supporting FACTS: Petitioner was granted parole and released October 5th 1998. Upon his release petitioner was served a certificate of parole. But was never made aware of a statement of conditions of parole. It is the policy and requirement of the Ala. Board of Pardons and Paroles that every person granted parole sign a statement of conditions of parole before being released.

Petitioner was charged with violating conditions of his parole. Conditions, which were never agreed upon, nor signed. Petitioner was not convicted of another felony.

J.  Ground ten: Ala. Department of Corrections failed to issue a warrant for retake of petitioner. Petitioner was never served a warrant for retake. Eighth, & Fourteenth Amendment Violations.

Supporting FACTS: June 18th 2002, petitioner was violated of his parole by his parole officer Bridget McGraw, and placed in the custody of the Madison County Jail. July 5th 2002, petitioner was served notice of violation and parole court hearing date. July 12th 2002, petitioner was present with counsel at parole court hearing. Petitioner was never served a warrant by Parole officials or the Madison County Jail officials, within the first 20 days of initial detention. Without said warrant, petitioner was illegally detained, and has continued to be illegally detained.

| | | |
|---|---|---|
| (b) | At arraignment and plea | N/A |
| (c) | At trial | N/A |
| (d) | At sentencing | N/A |
| (e) | On appeal | N/A |
| (f) | In any post-conviction proceeding | N/A |
| (g) | On appeal from any adverse ruling in a post-conviction proceeding | N/A |

16  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐   No ☒

17  Do you have any furture sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒

   (a) If so, give name and location of court which imposed sentence to be served in the future:
N/A

   (b) And give date and length of sentence to be served in the future:
N/A

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify or state) under penalty of perjury that the foregoing is tru and correct.
Executed on    November 21st, 2006
                 (Date)

_____
Signature of Petitioner

-6-