IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY J. CABLE | ) | |
| AIS # 134917 | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | CASE NO. CV-2:07-120MEF |
| | ) | |
| ALABAMA BOARD OF | ) | |
| PARDONS & PAROLES, et .al. | ) | |
| | ) | |
| Respondent. | ) | |

<u>ANSWER</u>

Comes now the State of Alabama and its Board of Pardons and Paroles, and shows unto the Court as follows:

### Our Understanding of the Petition

Petitioner has filed a petition for writ of habeas corpus challenging the July 24th, 2002 revocation of his parole by the Alabama Board of Pardons and Paroles, hereafter "the Parole Board". Petitioner listed ten grounds in his original petition filed November 21st, 2006. He amended his petition, filed December 8th, 2006, wherein he states he is "only attaching a parole revocation in his petition". Petitioner amended his petition again on January 5th, 2007 and listed "Claim

1

XIV", which restates claims within his original petition.

Respondents have received nothing that list claims eleven, twelve, or thirteen, if they exist.

Though not stated, it appears Petitioner seeks a new parole court hearing or reinstatement on parole.

**Facts**

Petitioner is serving a 45-year sentence for Rape I from Madison County Circuit Court, Alabama.

Petitioner was paroled on October 5th, 1998 by the Alabama Board of Pardons and Parole, hereinafter "the Parole Board".

Parole Officer Bridget McGraw prepared a Report of Parole Violation dated June 24th, 2002 charging Petitioner with three parole violation charges (new criminal offenses): Violation of Community Notification Act; Possession of Cocaine; and Receiving Stolen Property.

Following the parole revocation process the Parole Board revoked Petitioner parole on July 24th, 2002.

Petitioner filed a petition of writ of certiorari on May 5th, 2003 seeking judicial review of his 2002 revocation in Montgomery County Circuit Court (CV03-1152). The Parole Board submitted its record of the proceeding to the Court for review. The Court (Judge William Shashy) dismissed the petition, finding the Petitioner had failed to establish the Parole Board acted illegally or improperly in the revocation proceedings on July 21st, 2003. The Court's record in this case does not reflect that Petitioner appealed the decision.

Petitioner filed a subsequent petition for writ of certiorari on February 27th, 2004 seeking judicial review of his 2002 revocation in Montgomery County Circuit Court (CV 04-480). Petitioner made the same claims as in the first petition. The Court (Judge Charles Price) dismissed the petition on June 30th, 2006 based on the theory of res judicata. The Court took judicial notice of its record in CV 03-1152, wherein Petitioner had made the same challenges concerning the parole revocation process.

Petitioner appealed the decision in CV04-480, but abandoned the appeal when he failed to timely correct a deficiency in the appeal as directed by the Appellate Court. Alabama Court of Criminal Appeals dismissed the appeal on motion of the Petitioner on May 15th, 2006.

Petitioner now seeks judicial review of his 2002 revocation through his petition for habeas corpus relief in Federal Court.

## Attachments

1. Petition for writ of certiorari in CV 03-1152
2. Parole Board's Answer in CV 03-1152
3. Trial Court's Final Order in CV 03-1152
4. Petition for writ of certiorari in CV 04-480
5. Trial Court's Final Order in CV 04-480
6. Petition's Notice of Appeal in CV 04-480
7. Appellate Court's Order noticing deficiency
8. Appellate Court's Order Dismissing appeal
9. Appellate Court's Certificate of Judgment

## Respondent's Defenses and Arguments

### *Statute of Limitations*

Petitioner's habeas claims at bar are barred by a 1-year period of limitation concerning writ of habeas corpus by a person in custody pursuant to the judgment of a State court. Petitioner's parole was revoked on July 24th, 2002. He waited over 9-months to file a

petitioner for writ of certiorari in Montgomery County Circuit Court case CV03-1152 (filed May 5th, 2003)*(Attachment 1)*. That case was dismissed on July 21, 2003 *(Attachment 3)*. Petitioner waited 6-months to file a subsequent petition for writ of habeas corpus in Montgomery County Circuit Court CV 04-480 (filed February 27th, 2004)*(Attachment 4)*. That case was dismissed on appeal on May 15th, 2006 *(Attachment 9)*.

Petitioner waited another 5-months to file the case at bar in Federal Court (filed November 21, 2006). Petitioner had one year from the date his parole was revoked to file his writ of habeas corpus in Federal Court. His properly filed state actions tolled that time during the life of the state actions. However, from the date of his revocation until he filed his Federal habeas writ, minus the tolling periods when state actions were properly pursued, a total of 20-months passed. This period is in excess of the one-year limitation period to file the petition for habeas corpus and thus barred by statute of limitations. *28 U.S.C.§ 2244(d)(1)*.

**Failed to Exhaust State Remedies**

Petitioner filed a petition of writ of certiorari on May 5th, 2003 seeking judicial review of his 2002 revocation in Montgomery County Circuit Court (CV03-1152) *(Attachment 1)*. The Parole Board submitted its record of the proceeding to the Court for review *(Attachment 2)*. The Court (Judge William Shashy) dismissed the petition, finding the Petitioner had failed to establish the Parole Board acted illegally or improperly in the revocation proceedings on July 21st, 2003 *(Attachment 3)*. The Court's record in this case does not reflect that Petitioner appealed the decision. Petitioner failed to exhaust his state remedy by abandoning the appellate process in state court.

Petitioner filed a subsequent petition entitled petition for writ of certiorari seeking judicial review of his 2002 revocation in Montgomery County Circuit Court (CV 04-480) *(Attachment 4)*. Petitioner made the same claims as in the first petition. The Court (Judge Charles Price) dismissed the petition on June 30th, 2006 based on the theory of "res judicata" *(Attachment 5)*.

The Court took judicial notice of its record in CV 03-1152, wherein Petitioner had made the same challenges concerning the parole revocation process.

Petitioner appealed the decision in CV04-480 *(Attachment 6)*. The State Criminal Court of Appeals ordered Petitioner to cure a deficiency in the appeal *(Attachment 7)*. Petitioner abandoned his appeal by not curing the defect. The Alabama Court of Criminal Appeals dismissed the appeal on motion of the Petitioner on May 15th, 2006 *(Attachment 8)*. The Certificate of Judgment was issued on May 15th, 206 *(Attachment 9)*.

In Jose Jimenez v. Florida Department of Corrections, 2007 WL 866226 (C.A. 11(Fla.)) the 11th Circuit addresses the exhaustion issue as follows:

> "If a petitioner has not exhausted all claims in a petition, a federal **court** must dismiss without prejudice both exhausted and unexhausted claims to allow petitioners to return to state **court** to exhaust state remedies for all claims. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205 (1982). However, if unexhausted claims would be procedurally barred in state **court** under the state's law of procedural default, the federal **court** may consider the barred claims as having no basis for federal habeas relief. *Snowden*, 135 F.3d at 736 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1 (1991).
>
> Florida law procedurally bars new claims or claims

that have already been raised in prior petitions when "the circumstances upon which they are based were known or should have been known at the time the prior petition was filed." *Johnson v. Singletary, 647 So.2d 106, 109 (Fla.1994)*. In order to overcome the procedural bar in federal **court**, petitioners must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman, 501 U.S. at 750, 111 S.Ct. at 2565*."

Petitioner failed to exhaust the claims he raised in state court. Those and any claims he could have raised are barred.

## Certiorari Proper Method to Review Action of Parole Board

Habeas corpus is not available to review decisions of the Alabama Board of Pardons and Paroles, *Sellers vs. State,* 586 So.2d 994 (Ala. Cr. App. 1991.) Common law certiorari is the exclusive remedy in any cases where a court has jurisdiction to review the Parole Board's decisions.

This standard of review by the State courts is clearly "not" contrary to clearly established Federal law, nor does it involve an unreasonable application of clearly established Federal law.

The scope of state judicial review and the proper avenue to challenge the Parole Board's actions in parole revocation matters is by petition for writ of certiorari with the Circuit Court of Montgomery County. In *Sanders v City of Dothan,* 642 So.2d 437 (Ala. 1994) the Alabama Supreme Court stated that the scope of the trial court's review is restricted to the record made before the commissioners. The court went on to state that the standard of review for certiorari limits the scope of review to questions of law and does not extend to review of the weight and preponderance of the evidence. If there is *any* legal evidence to support the decision of the lower tribunal, such is conclusive on the reviewing court.

**Due Process in Parole Revocation**

The revocation process the Parole Board uses comports to the due process standard set forth in <u>Morrissey v. Brewer</u>, 408 U.S. 471, (1972); <u>Horace Johnson v. State,</u> 1997 WL 545576 (Ala.Crim.App.).

In *Morrissey* the Court set the following due process requirements: (1) notice of charges, (2) disclosure of evidence against parolee, (3) opportunity

9

to be personally heard and to present evidence, (4) right to confront and cross examine witnesses against parolee, (5) impartial hearing officer, (6) written statement by the fact finder of the evidence relied on and the reasons for the revocation. The Parole Board's record submitted herewith, does not involve an unreasonable application of the clearly established Federal law set out in *Morrissey*.

The Parole Board's decision to revoke Petitioner's parole and the state court's upholding of that decision are not a result based on an unreasonable determination of the facts in light of the evidence presented to them. The revocation record clearly indicated that the Petitioner was afforded due process and the evidence presented was sufficient to sustain the parole court hearing officer's findings *(See Attachment 2)*.

A Report of Parole Violation was prepared on June 24th, 2002 charging Petitioner with three new criminal offenses. The Parole Board declared Petitioner delinquent on July 1st, 2002.

Petitioner was given Notice of Parole Court Hearing on July 5th, 2002, with a copy of the Report of Parole Violation.

Parole Court was conducted on July 12th, 2002. The Parole Board has statutory authority to appoint hearing officers to conduct parole court hearings to determine if a parolee has violated his parole and authority to order the parolee be revoked or reinstated to parole. *Ala. Code §15-22-32(a).*[1] The hearing was held by one of the Parole Board's designated hearing officers, TC Bill. Though Mr. Bill knew the Petitioner, he was not otherwise involved in the case and his decision in the matter is supported by the evidence.

The parole officer, Bridge McGraw, testified at parole court to personally observing minors in the sex offender's home, drugs in the home, and stolen property in the home. Ms. McGraw also testified to statements the Petition made that were against his own interest, which is admissible as non-hearsay. In fact, *Morrissey* does not preclude reliable hearsay at a parole

---

[1] Ala. Code §15-22-32(a): (in part) …The board member, parole revocation hearing officer, or a designated parole officer, acting as a parole court, shall, within a reasonable time, conduct the parole revocation hearing to determine guilt or innocence of the charge and may recommend to the board revocation or reinstatement of parole.

revocation hearing, but does prohibit the revocation decision being based "solely" on hearsay.

Petitioner was present, with counsel, at the revocation hearing and was offered the opportunity to confront/cross-examine witnesses against his. Petitioner, on advice from counsel, chose not to address the three new charges, but made a statement in mitigation.

Petitioner was afforded a copy of the hearing officer's report, as evidenced by the distribution list on that report.

Following the guilt finding phase of the revocation process, the Parole Board exercised its discretion pursuant to Ala. Code §15-22-32[2] and ordered Petitioner's parole be revoked with a reconsideration date of July 2007.

The Parole Board's action in Petitioner's revocation was reviewed by the state court, which held that the Parole Board's actions should be sustained. In light of *Morrissey* and the Parole Board's revocation

---

[2] Ala. Code §15-22-32 (in part) …The Board shall, …., act upon such charges and may, if it sees fit, require such prisoner to serve out in prison the balance of the term for which he was originally sentenced, calculated from the date of the delinquency or such part thereof as it may determine; … .

process, the Parole Board's decision and the state court's ruling were "not" contrary to clearly established Federal law, nor did it involve an unreasonable application of Federal law.

### Equal Protection

Petition alleges an equal protection violation, but fails to plea any facts in support thereof. Petitioner must show he is similarly situated with others who received more favorable treatment and that he was treated less favorable for being a member of a Constitutionally protected class. Petitioner failed to sufficiently plead his allegation.

### Custody

Petitioner is not in the custody of the Parole Board. He is serving a 45-year sentence in the custody of the Alabama Department of Corrections, which he is not contesting. When he was paroled he remained in the custody of the warden of the prison from which he was paroled, pursuant to Ala. Code §15-22-26.[3] The Parole Board's decision to revoke his parole caused Petitioner

---

[3] Ala. Code §15-22-26 (in part): "… , but to remain while thus on parole in the legal custody of the warden of the prison from which he is paroled until the expiration of the maximum term specified in his sentence, …" .

to be returned to prison. It is this decision Petitioner is challenging. The Board's revocation process comports to the *Morrissey* due process standard, as set out by the U.S. Supreme Court.

### Conclusion

Proper review of the Parole Board's actions is by writ of certiorari. Petitioner properly challenged the Parole Board's actions in Montgomery County Circuit Court case CV 03-1152, with the court sustaining the Parole Board's action. Petitioner failed to exhaust all state remedies when he failed to appeal.

Petitioner subsequently filed a petition for Writ of certiorari in Montgomery County Circuit Court CV 04-480, which the court dismissed based on "res judicata" – taking notice of its own file in the previous certiorari review. Petitioner appealed the court's decision but again failed to exhaust all state remedies when he failed to cure a deficiency in the appeal, as order by the court. This resulted in the case being dismissed upon motion of the Petitioner.

Petitioner failed to bring his habeas corpus petition within the one-year limitation period. From the time of his revocation until he brought this action, minus the time tolled by his state actions, Petitioner allowed some 20-months to pass.

Petitioner was afforded all the due process protections to which he was entitled, as set out in *Morrissey*, supra.. The Parole Board's revocation record that was submitted to the state court for review is attached hereto. The Parole Board's decision, nor the state court's ruling are contrary to or an unreasonable application of clearly established Federal law.

The Parole Board does not have custody of Petitioner. The Board's actions in revoking Petitioner's parole was not contrary to, nor an unreasonable application of Federal law.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL

```
                         s/STEVE SIRMON
                         ASSISTANT ATTORNEY GENERAL
                         State Bar#:  ASB-5949-S61S
                         Ala. Bd. Pardons and Paroles
                         301 South Ripley Street
                         P.O. Box 302405
                         Montgomery, Alabama 36130
                         Telephone: (334) 242-8700
                         steve.sirmon@paroles.alabama.gov
```

## CERTIFICATE OF SERVICE

I hereby certify that on March 26th, 2007, I electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the following: None, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

**ANTHONY CABLE**
**AIS# 134917**
**1000 ST CLAIR RD**
**SPRINGVILLE, AL. 35146-5582**

Done this 26th day of March, 2007.

```
                         Respectfully submitted,

                         s/STEVE SIRMON
                         ASSISTANT ATTORNEY GENERAL
                         State Bar#:  ASB-5949-S61S
                         Ala. Bd. Pardons and Paroles
                         301 South Ripley Street
                         P.O. Box 302405
                         Montgomery, Alabama 36130
                         Telephone: (334) 242-8700
                         steve.sirmon@paroles.alabama.gov
```

16

In the Circuit Court of Montgomery County, Alabama

Anthony Fahie,
Petitioner, Pro Se,

CV 2003 1152

VS.

Case No. _NONE available_

State of Alabama Board of
Pardons and Paroles, et al.

## Petition For Writ Of Certiorari

Comes now the petitioner in the above styled cause, and hereby files this petition for writ of Certiorari to the Circuit Court of Montgomery County, Alabama.   The Petitioner hereby attacks the judgment, ruling or finding of the Respondent, State of Alabama Board of Pardons and Paroles. Here'in after the Board who ordered the parole of the Petitioner to be revoked on the _12_ day Of _July_____, 2002.

## Jurisdictional Statement

The Petitioner hereby invokes the jurisdiction of this honorable Court pursuant to Code of Alabama 1975, Title 12-11-30(J), Code of Alabama 1975, Title 15-22-31, Title 15-22-32, Alabama Constitutional Amendment, Section 6 Alabama Constitution 1901; United States Constitutional Amendment 4, 14 Condition 5 of Alabama Rules of Parole.   This Court has jurisdiction of the facts of this action pursuant to Morrissey v. Brewer, 408 U.S. 471 (1972); Monroe v. Thigpen, 932 F.2d 1437 (11th Cir. 1991); Johnson v. State, 729 So. 2d 897 (Ala.Cr.App. 1997).

The Petitioner makes the following statement of facts and shows his entitlement to relief herein:

Attachment 1

The Petitioner alleges that the evidence will show that on the 1st day of June 2002, he received a telephone call from his home informing him the Police Department ( .P.D.) was there concerning a report of his niece La Shun Lynch was a teenage runaway.

Mr. Cable informed caller he was on his way home. While in route he did call his home and a Huntsville Police investigator answered his phone. Mr. Cable questioned the unauthorized entrance of his home without consent.

In returning home Mr. Cable witnessed several police in his home, and the police came out, met him at his car and placed him under arrest. At no time did he enter his home, nor was his parole officer us. Bridget McGraw or any other parole authority present to authorize this an illegal search of his home. Nor was there any Search Warrant presented to him.

Petitioner was held in custody until a parole officer arrived. And transported him to jail. Mr. Cable was charged with possession of controlled substance, and violation of community notification act.

Petitioner was given an evidentary hearing by Mr. T.C. Hill and Bridget McGraw. He was informed by both that this was an evidentary hearing, and it would be up to the Board of Pardons and Paroles to determine any further hearing.

Mr. Cable did have witnesses at the time of this hearing and was denied his right to due process when his witnesses were not allowed to testify at his hearing. Mr. Cable was improperly informed to the extent of the hearing.

Petitioner was held in the Madison County jail and later transferred into the custody of the Alabama Department of Correction and later told by the Department of Corrections Classification he was revoked and given a 5 year.

reconsideration ....

At no time has any information or copies of hearing were afforded to him by the Board of Pardons and Paroles. This also violates Petitioner's due process according to Alabama Board of Pardons and Paroles.

Petitioner was present at this evidentiary hearing and did witness parole officer Bridgett McGraw make false statements. She claim he was charged for buying and recieving of a computer and car. Claims to which she intented to secure the confindment of Petitioner.

Petitioner was never afforded a revocation hearing which is required as prescribed by the rules of the Alabama Board of Pardons and Paroles proceedings. This violates due process.

T.C. Bill was the chairman of said hearing. Mr. Bill did have previous involvement with parole status of Petitioner.

He did along with then parole officer Ms. Diane Wynn did tell the Petitioner while he was on parole that he was not allowed to have his own business due to his 1983 conviction, and suggest he go get a job at Burger King.

Petitioner was allowed by Ms. Wynn to start his own business refurbishing old homes for rent and or leasing. He was allowed to invest money supplied by his mother via second mortage.

But, months later   (Ms. Wynn) decided to change her mind, knowing of money and time invested. She then ordered Petitioner to immediately discontinue all work and foreit the business. T.C. Bill supported Ms. Wynn's actions and gave one of two choices discontinue the business or be violated.

-3-

this along with the absence of any hearing should be a difference toward those he supervised, being (Ex. Neutral).

## Memorandum of Law

The Petitioner avers that it is clearly established law that a parolee has a Constitutional right to procedural due process. See Morrissey v. Brewer, 408 US 471, 33 L.Ed 2d 484, 92 S.Ct. 2593 (1972);  Also See Johnson v. State, 729 So.2d 897 (Ala.Cr.App. 1997) the Court held:

> "The minimum due process requirements that must be met
> in revoking probation or parole are (1) written Notice
> of the claimed violations of probation or parole, (2)
> disclosure to the probationer or parolee of the evidence
> against him or her, (3)  an opportunity to be heard
> in person and to present witnesses and documentary
> evidence, (4) the right to confront and to cross-
> examine adverse witnesses, unless the hearing officer
> specifically finds good cause for not allowing
> confrontation, (5) a neutral and detached hearing body,
> and (6) a written statement by the factfinders as to
> the evidence relied on and the reasons for revoking
> probation and parole."
> Id. 499

Petitioner avers that at his hearing the sole basis of revocation was merely hearsay evidence consisting of the parole officer's statement. That there was no evidence presented to prove the statement of the parole officer. The Petitioner further states that the Courts in Alabama have held that hearsay evidence alone does not meet the requirements of due process in a parole revocation hearing.   Johnson, supra, at 899.

-4-

parole and probation revocation hearing at the discretion
of the factfinders, hearsay evidence cannot be the sole
basis for revoking probation or parole in this state."
Ex Parte Belcher, 556, So.2d 366 (Ala. 1969;
Mallette v. State, 572 So.2d 1316 (Ala.Cr.App. 1990);
Hollis v. State, 596 So.2d 38 (Ala.Cr.App. 1992).
Id. 699

The Petitioner further alleges that the evidence will show that during
the final hearing, a written statement by the factfinder as to the evidence
relied on or reason for revocation was never provided to him. Ex Parte Belcher,
supra. See also: Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (Ala. 1975)
"A defendant is entitled to written notice of the claimed violations of proba-
tion prior to the revocation hearing." Gagno v. Scarpelli, 411 U.S. 778, 93 S.Ct.
1756, 36 L.Ed.2d 656 (1973). "A defendant is entitled to a preliminary hearing
to determine whether there is probable cause to believe that he has violated
his probation, and a final hearing prior to the ultimate decision as to rev
whether his probation should be revoked." Morrissey v. Brewer, 408 U.S. 471,
92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972), supra; Gagner v. Scarpelli, 411 U.S.
778, 93 S.Ct. 1756, 36 L.Ed 2d 656 (1973), supra,. In the instant case,
the Petitioner was denied his entitled right to a written statement by the
fact finder as to the evidence relied on and the reasons for revoking his
parole, and is entitled to relief as a matter of law. U.S.C.A. 14th Amend.

Relief Sought

The Petitioner seeks as relief as follows:

(1)   That respondent produce evidence to show petitioner was afforded proper
procedural hearing(s) which must include a revocation hearing.

(2)    [text obscured] written statements conducted by the Parole Board or to be produced along with final copies of all hearings held and the final decisions. To support illegal detainment of Petitioner and proof to constitute denial of a right to witnesses.

(3)    That if the Respondent cannot provide the Court with the same, that Petitioner's parole be re-instated and all further other relief the Court deems just and proper.

Dated:  04/ 14/2003.

Respectfully Submitted

_Anthony J Cable_

Anthony Cable, Pro Se
AIS #134917; G4-A-201
1000 St. Clair Road
Springville, Alabama
35146-5582

## Certificate of Service

I hereby certify on this  14th  day of April, 2003, have served a copy of the foregoing Writ of Certiorari upon the Clerk of the Court, by placing a copy of the same in the U.S. mail, postage prepaid and properly addressed.

_Anthony J Cable_

Anthony Cable, #134917



# IN THE CIRCUIT COURT FOR
## MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| ANTHONY J. CABLE | ) | |
| AIS # 134917S | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | **CASE NO. CV-03-1152** |
| | ) | |
| ALABAMA BOARD OF | ) | |
| PARDONS & PAROLES, et .al. | ) | |
| | ) | |
| Respondent. | ) | |

## ANSWER & MOTION FOR JUDGMENT

Comes now the State of Alabama and its Board of Pardons and Paroles, Sidney Williams (Chairman), Nancy McCreary (Associate Member), Gladys Riddle (Associate Member), T.C. Bill (Hearing Officer), and Bridge McGraw (Parole Officer) denying Plaintiff's claims and submit the following in support thereof:

## EXHIBITS

| | |
|---|---|
| EXHIBIT A | Inmate Summary. 8-26-02 |
| EXHIBIT B | Certificate of Parole. 10-5-98 |
| EXHIBIT C | Report of Parole Violation. 6-24-02 |
| EXHIBIT D | Board Action Delinquency. 7-1-02 |
| EXHIBIT E | Notice of Parole Court. 7-5-02 |
| EXHIBIT F | Parole Court Hearing. 7-15-02 |
| EXHIBIT G | Action of the Board . 7-24-02 |

Attachment 2

## Jurisdiction of the Court

The proper venue to challenge the actions of the Alabama Board of Pardons and Paroles is by writ of certiorari in the Circuit Court of Montgomery County. *(Sides v. State, 2002 WL 321914 (Ala.Crim.,App))*. A certiorari review consist of a review of the agencies record. A court may grant the writ of certiorari, ordering an agency to provide a copy of its record, and review that record to ensure compliance with applicable law. The facts as determined by the agency are to be taken as established. The inquiry is limited to the facts as determined by the agency, as reflected in its record, *Sanders vs City of Dothan*, 642 So. 2d 437 (Ala. 1994).

## Standard of Review in Parole Revocations

The standard of review in parole revocations is set out in *Morrissey v. Brewer*, *408 U.S. 471 (1972)*. The U.S. Supreme Court in *Morrissey* set the minimum due process requirements as follows: (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing officer; (f) a written statement by the fact finder as to the evidence relied on and reasons for revoking parole.

## Our Understanding of the Petition

In 1983, Petitioner was convicted of Rape I in Madison County, Alabama and sentenced to a 45-year prison term (Exhibit A). Petitioner was granted parole October 5,

1998 (Exhibit B). A Report of Parole Violation was prepared by Parole Officer Bridget McGraw dated June 24, 2002 (Exhibit C). This report charged Petitioner with three parole violations: Charge I - Violation of Community Notification Act, Charge II – Possession of Cocaine, Charge III - Receiving Stolen Property. The Parole Board declared the Petitioner delinquent on July 1, 2002 as a result of these charges (Exhibit D). Petitioner was given Notice of Parole Court Hearing dated July 5, 2002, in which he acknowledged receipt of the Report of Parole Violation (Exhibit E). Parole Court was conducted on 7-12-2002 and a report of the proceedings was prepared by Hearing Officer T.C. Bill on July 15, 2002 (Exhibit F). The Petitioner (parolee) is on the distribution list of this report. The Parole Board revoked Petitioner's parole on July 24, 2002 and reset him for further parole consideration in July 2007 (Exhibit G). Petitioner (parolee) is listed on the distribution list on the Board's action sheet.

Petitioner filed a petition for writ of certiorari on May 5, 2002. The Board was served with the complaint on May 22, 2002. In challenging his parole revocation, Petitioner makes the following claims:

1. Police illegally searched Petitioner's home.

2. Petitioner was not allowed to offer witnesses at Parole Court.

3. Parole Officer Bridget McGraw lied at Parole Court.

4. Petitioner was not allowed a parole revocation hearing (parole court).

5. Petitioner was not afforded an unbiased hearing officer.

6. Only hearsay evidence was presented against Petitioner at Parole Court.

7. Petitioner was never afforded a copy of the hearing officer's report.

Petitioner seeks the following relief: Proof Petitioner was afforded a proper procedural hearing; a copy of the Report of Parole Violation Report, a copy of the Parole Court Hearing report, and the Board's Action sheet; re-instatement to parole; and any other relief the Court deems appropriate.

## The State's Position

The Defendants deny Plaintiff's claims and demand strict proof thereof. Plaintiff claims his residence was illegally searched. Parole and Probation Officers in this state have the authority of the sheriff of the county. Ala. Code 15-22-53. The Parole Officer also has a unique relationship with a parolee in the supervision process. As a condition of parole, the parolee agrees to allow the Parole Officer to search his person, residence, or any property under his control (Exhibit B, Conditions of Parole, # 5). In the case at bar, Parole Officer Bridge McGraw was notified by Huntsville Police, who were conducting an investigation concerning Petitioner violating the Community Notification Act, that Petitioner had violated the law. This gave Officer McGraw cause to exercise her statutory authority and investigate possible parole violations. Whether the Huntsville Police acted properly in their investigation would not limit nor effect Officer McGraw's investigation for parole violation purposes. Officer McGraw's investigation lead to the parole violation charges lodged against Petitioner. Petitioner's claim that police improperly searched his home is moot as to Parole Officer McGraw, who had authority and approval from Petitioner to conduct such and investigation as a condition of parole.

Petitioner claims he was not allowed to offer witnesses at parole court. The Parole Court Hearing Report indicates Petitioner was represented by counsel and upon advise of counsel made no comments concerning the new charges that were the basis of parole

4

violation charges. For Petitioner to now claim he was not allowed the opportunity to present a defense is a false statement and not supported by the record.

Petitioner claims Officer McGraw made false statements at parole court. However, Petitioner presents no evidence to support his claim. There is no evidence, nor anything on the record that indicate Officer McGraw acted improperly in the investigation or in her testimony at parole court.

Petitioner claims he was not allowed a parole revocation hearing. Defendants fail to understand this claim. Petitioner was given the Report of Parole Violations, Notice of Parole Court, and appeared at the parole court hearing, with counsel. Even if Petitioner did not understand the proceeding, he was represented by counsel, who did. This claim is frivolous.

Petitioner claims he was not afforded an unbiased hearing officer at parole court. Mr. T.C. Bill is the District Supervisor for the Huntsville Parole Office. In that capacity he does not supervise probationer and parolees, though he may have some contact with parolees reporting to that office. Mr. Bill also acts as a designated hearing officer within his assigned district, pursuant to Ala. Code 15-22-32. Mr. Bill conducted Petitioner's parole court hearing. Petitioner has presented no evidence indicating any bias involving Mr. Bill's ability to properly and fairly conduct this hearing.

Petitioner claims the only evidence presented against him was hearsay evidence. Parole Officer Bridge McGraw testified to personal knowledge of the events of her investigation. Officer McGraw was present when cocaine was found, stolen property was found, and minors were observed in the residence. Officer McGraw also testified to statements made by Petitioner at the time of his arrest. Petitioner admitted one of the

minors had been at his residence for five days and that he traded drugs for the stolen computer. Petitioner's statements are admissible as statements against interest. The substance found in the house was field tested at the time of arrest and found to be cocaine. Petitioner claim that only hearsay was presented against him is frivolous and not supported by the record.

Petitioner claims he never received a copy of the Parole Court Hearing Officer's report. This report and the Board's Action Sheet both have distribution list on their face. The agencies practice is to send a copy to each person listed on the distribution list. Petitioner is entitled to a copy of this report and it is the agency's practice to provide the same upon completion of the report. Regardless, this claim is now moot, since Petitioner has now been provided with a copy of said report included in this response.

Petitioner seeks proof he was afforded a proper procedural hearing and copies of a report to which he is entitled. The exhibits to this pleading provide and evidence the same. Petitioner seeks reinstatement, which is not available unless the Court finds the Defendants acted illegally, improperly, or outside the scope of their authority.

## Conclusion

Considering the above, the Defendants move the Court to dismiss this action under Rule 12 (b)(6), Ala.R.Civ.Proc., for failing to state a claim upon which relief may be granted, or in the alternative, grant summary judgment under Rule 56, Ala.R.Civ.Proc., in that the record presented by the Defendants illustrates there is no

genuine issue as to any material fact and Defendants are entitled to judgment as a matter

of law.

Respectfully submitted,
WILLIAM H. PRYOR, JR.
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL
GRI026

STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
SIR005

HUGH DAVIS
DEPUTY ATTORNEY GENERAL
DAV029

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing, by placing same in the

United States Mail, postage prepaid, and properly addressed as follows:

> **ANTHONY CABLE**
> **AIS# 134917**
> **1000 ST CLAIR RD**
> **SPRINGVILLE, AL. 35146-5582**

Done this ___6th___ day of ___June___ 2003.

Respectfully submitted,

STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
SIR005

**ADDRESS OF COUNSEL**:
Alabama Board of Pardons and Paroles
Legal Division
Post Office Box 302405
500 Monroe Street
Montgomery, Alabama 36130
(334) 242-8700

ALABAMA DEPARTMENT OF CORRECTIONS
C3R716-1                    INMATE SUMMARY AS OF 08/26/2002              CODE: CRSUM

************************************************************************************

AIS: 001349175   INMATE: CABLE, ANTHONY J                RACE: B  SEX: M

INSTITUTION: 017 - RCC                              JAIL CR: 000Y 04M 16D

DOB: 01/18/1965  SSN: 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

ALIAS: CABLE, ANTHONY JAMES

ADM DT: 04/15/1983 DEAD TIME: 000Y 04M 04D

ADM TYP: NEW COMIT FROM CRT W/O REV OF        STAT: PAROLE REVOKED

CURRENT CUST: REC-A   CURRENT CUST DT: 08/08/2002  PAROLE REVIEW DATE: JUL 2007

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN TURED             CURRENT CLASS DATE:   04/15/1983
INMATE IS EARNING : PAROLE VIOLATOR - STRAIGHT TIME

COUNTY        SENT DT  CASE NO  CRIME                    JL-CR      TERM
MADISON      04/15/83 N830121FL RAPE I                   0136D 045Y 00M 00D CS

 TOTAL TERM       MIN REL DT      GOOD TIME BAL      GOOD TIME REV      LONG DATE
045Y 00M 00D     04/02/2028      000Y 00M 00D      000Y 00M 00D      04/02/2028

INMATE LITERAL:
************************************************************************************

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
************************************************************************************

ESCAPEE-PAROLE SUMMARY

·PAROLED FRM 050:10/05/98 RVK:07/24/02 DELQ:08/30/99 RECAP:06/03/99 RTN:01/04/00

·PAROLED FRM 017:07/28/00 RVK:07/24/02 DELQ:07/01/02 RECAP:06/21/02 RTN:06/21/02

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE D.B.S.C.I.S. RECORDING BEGAN IN 1978
************************************************************************************

ISCIPLINARY/CITATION SUMMARY

  >> CITATION: 08/11/1998                        CUST FROM MED9 TO MED9
     CITATION TYPE: BEHAVIOR CITATION      AT INST: 041    RULE NUMBER: 85
   RETAINED DAYS: 0000    SEQ #: 24   RULE LIT: VIOLATION OF INSTIT. RULES OR REG

  >> CITATION: 10/08/1997                        CUST FROM MED9 TO MED9
     CITATION TYPE: BEHAVIOR CITATION      AT INST: 070    RULE
   RETAINED DAYS: 0000    SEQ #: 23   RULE LIT: GAMBLING

CONTINUED ON NEXT PAGE

**EXHIBIT**

*A*




# State Board of Pardons and Paroles

### Montgomery, Alabama

# Certificate of Parole

## KNOW ALL MEN BY THESE PRESENTS:

It having been made to appear to the Alabama State Board of Pardons and Paroles that ___Anthony J. Cable      #134,917____ ,

is eligible to be PAROLED, and that there is a reasonable probability that said prisoner WILL REMAIN AT LIBERTY WITHOUT VIOLATING THE LAWS, and it being the opinion of the said State Board of Pardons and Paroles that the release of this prisoner is not incompatible with the welfare of society, and it appearing further that the Board is satisfied that this prisoner will not become a public charge on release, but will be suitably employed at _____ ___to secure_____ ,

and will live at ___12714 Benham Ave., Cleveland, OH_____ ,

and shall continue in the same until he obtains the permission of his Parole Officer to make a change. He shall go directly to ___Ohio_____ and report immediately upon arrival to his Parole Officer at ___Parole Officer J. Shrock at 9:00, Lausche State Office Bldg.,___ ___615 W. Superior Ave., Room 800, Cleveland OH (216)787-3010___

It is therefore ORDERED that said prisoner be, and is, hereby paroled pending good behavior under supervision subject to the specific conditions of parole listed on the reverse side of this Order.

In witness whereof this Certificate bearing the seal of the State Board of Pardons and Paroles is issued this the ___5th___ day of ___October___ 19__98__ .

By Order of:

STATE BOARD OF PARDONS AND PAROLES

_____
Acting    Executive Director



**EXHIBIT**

*tabbies*    B

## STATEMENT OF CONDITIONS UNDER WHICH PAROLE IS GRANTED

This Certificate of Parole shall not become operative until the following conditions are agreed to by the prisoner. Violation of any of these conditions may result in revocation of Parole.

1. I shall report immediately by a personal visit to the parole office under whose supervision I am paroled.

2. I shall not change my residence nor employment nor leave the State without first getting the consent of my parole officer.

3. I shall between the first and the third days of each month, or as directed by my parole officer, until my final release from parole, make a full and truthful report to my parole officer in writing.

4. I shall pay all court ordered monies. Payment in full will be certified by the circuit clerk.

5. I shall promptly and truthfully answer all inquiries directed to me by the State Board of Pardons and Paroles and my parole officer, and allow that officer to visit me at my home, employment site or elsewhere, and carry out all instructions my parole officer gives including assignments to any level of supervision. I will make myself available for searches and tests when ordered by my parole officer, including but not limited to, urinalysis, breathalizer and blood samples, and/or search of my residence, vehicle or any property under my control. I shall not use drugs or controlled substances illegally.

6. I agree to waive all extradition rights and process and agree to return when the State Board of Pardons and Paroles directs at any time before my release from parole.

7. I shall not violate any law.

8. I will immediately upon release from the service of the sentence in _____

   if prior to _____ report directly to the State Board of Pardons and Paroles,

   500 Monroe Street, P.O. Box 302405, Montgomery, AL 36130-2405, either by

   telephone, (334) 242-8700, correspondence or in person.

9. I agree to pay $30 per month to the State Board of Pardons and Paroles as required by law, or if I am placed in Intensive Supervision, I will pay $25 per week so long as I am in the Intensive Supervision program.

10. I shall not own, possess or have under my control a firearm or ammunition of any kind, nor any other deadly weapon or dangerous instrument as defined by Alabama law.

11. I understand that parole is a privilege and not a right. The Board may modify these conditions as necessary and may revoke my parole at any time my continued release is detrimental to my health and safety or to the welfare of society.

12. ( ) If checked—No alcohol

13. ( ) If checked—I will attend NA-AA or other substance abuse aftercare program a minimum of _____ time(s) per week.

14. ( ) If checked—Mandatory Drug Screens

15. (✓) If checked—30 days to secure employment

16. ( ) If checked—Mental Health

17. ( ) If checked—Close Supervision

18. Special Conditions: PROGRAMS AS DEEMED APPROPRIATE BY PAROLE OFFICER

I hereby certify that this Statement of Conditions of Parole has been read and explained to the Parolee.

This _____ day of _____ 19 _____

_____        _____
Warden or Deputy Warden                     Signature of Parolee

STATE BOARD OF PARDONS AND PAROLES
**Montgomery, Alabama**

*REPORT OF PAROLE VIOLATION*

RECEIVED

JUN 27 2002

Date: June 24, 2002

State ~~ and Paroles
Pardons and Paroles

Field Office: Huntsville

Name of Parolee  Anthony J. Cable                                No. 134,917

Race, Sex & Age  BM-37 DOB:  01/18/65          County of Conviction  Madison

Offense  Rape I                                Sentence  45 years

Date Convicted  04/15/83                        Date of Parole  10/05/98

Date Sentence Expires  11/28/27

**IF DECLARED DELINQUENT, FORWARD WARRANT TO:**  Bridget McGraw

**Probation Officer**
Madison County
**County Probation Office**
100 Northside Square, Rm. 605
**P.O. Box or Number and Street**
Huntsville, Alabama  35801
**City, State, and Zip Code**

**Supervision Level at Time of Delinquency:  3**

*CHARGE NO. 1:*
Violation of Condition No. 7
NEW OFFENSE - Violation of Community Notification Act.

*LEGAL FACTS:*

On 06/18/02, Huntsville Police Department Officers arrested Anthony J. Cable and charged him with Violation of the Community Notification Act. Cable was taken to the Huntsville City Jail. A parole violator warrant was issued that same date. He is presently in custody at the Huntsville City Jail.

*DETAILS:*

On 06/18/02 at 10:30 AM, Huntsville Police Investigator Kathy Pierce notified this officer that a 14 year old female runaway was reportedly living at Anthony Cable's residence at 153 Wilkerson Drive, Huntsville, Alabama. Cable is a convicted sex offender and is not allowed to live with underage children. This officer, accompanied by Parole Officers Lamar Evans and Michael Bucey, went to 153 Wilkerson Drive. Huntsville Police Investigator Sharp told me they had been in the house looking for an underage runaway female. She was not inside, but two other females: Christina Douglas, dob: 04/27/84, and Natasha Hill, dob: 07/4/84, were inside. I, Evans and Bucey went into the home. We saw a computer on the living room floor. It was later determined to have been stolen from a burglary at Oakwood College. In Cable's bedroom, we saw a ceramic saucer that had a straight razor and white powder on it. We then searched the bedroom. On a shelf near the bed, Bucey found a can which contained small off white rocks wrapped in plastic. We requested a Huntsville Police Department narcotics officer to come and field test the substance. Investigator Crocker came to the scene. The substance in the can field tested positive for cocaine.

**EXHIBIT**

*C*

RE:   Anthony Cable                                                            DELINQUENCY REPORT

Investigator Pierce interviewed the two underage females.  Christina Douglas (DOB: 04/27/84) told Pierce she had been staying at Cable's house for several days.  The back bedroom contained girl's clothes and make-up. Pierce interviewed Cable who told her Natasha Hill (dob: 07/4/84) had been living with him for about 5 days. Cable also admitted that he rented out his house for people to come and use drugs.

In the driveway were three vehicles.  Cable had driven up in a 1989 Oldsmobile.  The vehicle had Cable's mother's handicapped license plate on it, but was registered to a Jason Scott McNeal.  Cable later admitted that he obtained the car and computer in exchange for drugs.

## *CHARGE NO. 2*
Violation of Condition No. 7
NEW OFFENSE - Possession of Cocaine

## *LEGAL FACTS:*

Same as in Charge No. 1

## *DETAILS:*

Same as in Charge No. 1.  These details deal specifically with the cocaine found in Cable's bedroom.

## *CHARGE NO. 3*
Violation of Condition No. 7
NEW OFFENSE - Receiving Stolen Property

## *LEGAL FACTS:*

Same as in Charge No. 1

## *DETAILS:*

Same as in Charge No. 1.  These details deal specifically with the stolen computer and car.


## RECOMMENDATION:

**I recommend revocation.**

**Signed and dated at Huntsville, Alabama, this the 21ˢᵗ day of June, 2002.**


                                        **Bridget McGraw**
                                        **Alabama Probation and Parole Officer**

**BMc/bl**
                                        Rec. DD
                                        6-27-02

                          -2-

STATE BOARD OF PARDONS AND PAROLES

MONTGOMERY, ALABAMA

BOARD ACTION ON DELINQUENCY

NAME ___ANTHONY J. CABLE___ COUNTY __MADISON__ NUMBER __134917__

PAROLEE DECLARED DELINQUENT:                    GSS

Date ____7/1/02____

STATE BOARD OF PARDONS AND PAROLES

BY: _____

DELINQUENCY VOIDED, WARRANT WITHDRAWN:

Date _____            Continued on Parole _____.

STATE BOARD OF PARDONS AND PAROLES        Has effect of discharging from

BY: _____            Sentence and parole _____.

_____            Notify: _____

_____            File Closed _____.

SPECIAL CONDITIONS AND EMPLOYMENT: _____

_____

REMARKS: _____

_____

_____

_____

EXHIBIT
D

:O Form 057 (Rev. 4/92)

# STATE OF ALABAMA

## BOARD OF PARDONS AND PAROLES
### Montgomery, Alabama 36130

_7/1/02_
Date

## DECLARATION OF DELINQUENCY

### TO THE DEPARTMENT OF CORRECTIONS:

ANTHONY J. CABLE                                    NUMBER _134,917_

who has heretofore been paroled, having this day been declared delinquent, you are directed to take said parolee into custody pending revocation hearing.

### VIOLATION OF CONDITION NUMBER:

_#7   VIOLATION OF COMMUNITY NOTIFICATION ACT_ _____

_#7   POSSESSION OF COCAINE_ _____

_#7   RECEIVING STOLEN PROPERTY_ _____

STATE BOARD OF PARDONS AND PAROLES

By: _____
            for Executive Director

Distribution:
Original - Bd. File
Field Office -   HUNTSVILLE-MCGRAW
Dept. of Corrections
Control Book

III

CO Form 011 (Rev. 6-90)

**RECEIVED**
JUL 16 2002
~~Pardons and Parole~~

# BOARD OF PARDONS AND PAROLES
# NOTICE OF PAROLE COURT HEARING

DATE: _7-5-02_     LOCATION: _Madison Co. Jail AW_

PAROLEE: _Anthony J. Cable_    # _134,917_

PAROLE OFFICER: _Bridget McGraw_

A **REPORT OF PAROLE VIOLATION** has been prepared dated _6/24/02_ alleging that the parolee whose name and number appear above has violated parole. I have this date provided the parolee with a copy of that report and I have advised the parolee that a **PAROLE COURT HEARING** will be held to determine if there has been a violation of parole and to receive any evidence or argument that the parolee wishes to offer. I have advised the parolee that (s)he may have his/her witnesses testify at the hearing, may present their written statements, or may present any documents or evidence, may be represented by an attorney, may confront and cross-examine witnesses testifying against the parolee (unless the hearing officer finds good cause for not allowing confrontation), and that the parolee will receive a copy of the hearing officer's report.

The **PAROLE COURT HEARING** will be held:

_July 12, 2002_    _9:30 am_    _Madison Co. Jail_
Date        Time        Place

The parolee    ☐ Does     request witnesses be notified to be present for him. _(Attorney will notify)_
         ☒ Does Not

The Parolee    ☒ Does     request an attorney be notified to be present for him.
         ☐ Does Not

I have received a copy of the **REPORT OF PAROLE VIOLATION** and this **NOTICE** which I have read or which has been read to me.

_Anthony Cable_       _7-5-02_
Parolee             Date

I certify that a copy of the **REPORT OF PAROLE VIOLATION** and this **NOTICE** was delivered in my presence to the parolee.

_Bridget McGraw_       _7-5-02_
Parole Officer         Date

I hereby waive the five day notice of my **PAROLE COURT HEARING** and request that it be held as soon as possible.

_____    _____    _____
Parolee            Date        Witness

**ADMISSION OF GUILT:** I hereby admit that I am guilty of parole violation as set forth in the Report of Parole Violation in charges # _____ and plan to plead guilty to the same at my parole court hearing.

_____    _____    _____
Parolee            Date        Witness

Distribution: Original – Hearing Officer; Copy – File; Copy – Parolee
PB Form 103 (REV 9-99)

**EXHIBIT**
_E_

# BOARD OF PARDONS AND PAROLES

# PAROLE COURT HEARING

DATE: __07-12-02_____    LOCATION: __Huntsville, Alabama__

PAROLEE: __Anthony J. Cable_____    NO.    __134,917__

HEARING OFFICER: __T. C. Bill__

☒ ARRESTED AS PAROLE VIOLATOR?    ☒ YES    ☐ NO  (Date)    06-18-02

☒ NOTICE OF PAROLE COURT HEARING COMPLETED AND SERVED.

☒ DID THE PAROLEE REQUEST REPRESENTATION BY AN ATTORNEY?    ☒ YES ☐ NO

Comments: _____

☒ IS AN ATTORNEY PRESENT FOR THE PAROLEE?    ☒ YES    ☐ NO

Comments:    Mr. Brice Callaway_____

☐ IF PRO SE, DOES THE PAROLEE APPEAR TO BE COMPETENT?    ☐ YES   ☐ NO

Comments: _____

☒ DID THE PAROLEE REQUEST WITNESSES?                 ☒ YES ☐ NO
☒ WERE WITNESSES NOTIFIED TO BE PRESENT?          ☒ YES ☐ NO

Comments:    They were going to say what Cable said in mitigation._____

☒ THE PAROLEE WAS ADVISED: YOU HAVE THE RIGHT TO REMAIN SILENT. ANYTHING YOU SAY
CAN AND WILL BE USED AGAINST YOU. YOU CANNOT BE MADE TO GIVE UP THE RIGHT TO
REMAIN SILENT. YOU MAY EXERCISE THE RIGHT TO REMAIN SILENT AT ANY TIME.

Signed:_____    Date:    7-15-02
**Parole Court Hearing Officer**

**Distribution:**    **Original - Board**
          **Copy - File**
          **Copy - Parolee**

**PB Form 104 (REV. 5-02)**



EXHIBIT
F

# BOARD OF PARDONS AND PAROLES
# PAROLE COURT HEARING

DATE:   07-12-02                                     LOCATION:   Huntsville, Alabama

PAROLEE:   Anthony J. Cable                          NUMBER:   134,917

HEARING OFFICER:  T. C. Bill

CHARGE NUMBER:   1                PAROLE CONDITION NUMBER:  7 – Violation of the Notification Act

THE FOLLOWING WERE HEARD AS WITNESSES AFTER ANSWERING AFFIRMATIVELY TO:

"DO YOU SWEAR OR AFFIRM THAT YOU WILL TELL THE TRUTH IN THIS HEARING?"

1.  Name/Title:   Bridget McGraw - Oarole Officer

2.  Name/Title:   Anthony J. Cable - parolee

3.  Name/Title:

4.  Name/Title:

5.  Name/Title:

## STATEMENT OF THE EVIDENCE RECEIVED

Ms. McGraw said that she was notified by the Huntsville Police Department that a 14-year-old runaway was living at Cable's residence, 153 Wilkerson Drive in Huntsville.  Ms. McGraw and two other Probation and Parole Officers went to the residence, and they were told by a Huntsville Police Department Investigator that the 14 year old was not in the house, but two other, underage young women were inside.  Ms. McGraw went into the house with her companions from the Huntsville office, and they saw the two young women and a computer.  They went to a bedroom and saw a photograph of a naked woman on the floor.  They also found some money and more pictures of naked females under the mattress in the room.  They found a saucer with a razor blade.  As they continued to search, they found some pieces of suspected crack cocaine.  Ms. McGraw asked to have an officer from the Vice and Narcotics respond to the house, and a field test was conducted on the suspected material.  The test was positive for cocaine.

Ms. McGraw said that she told Cable his rights before she and the other Probation and Parole Officers entered the house.  They were told that the computer in the house had been reported stolen.  Ms. McGraw went back outside the house, and she was present when Cable admitted that he had taken the computer in exchange for cocaine.  There was an Oldsmobile in the driveway, and Ms. McGraw was present when Cable said that he had gotten it in trade for cocaine.  The car was registered to a Mr. McNeal.  Ms. McGraw had seen the two young women, and she was given their dates of birth by another investigator of the Huntsville Police Department.  They were under age, and that was determined by the identification card of one of them and the driver's license of the other.

Ms. McGraw answered questions from Mr. Callaway.  She said that she went into the second bedroom on the left, and she determined that it was Cable's bedroom because it contained envelopes and bank statements addressed to Cable.  The house had three bedrooms.  One looked as if it had been turned into a den.  The third bedroom had women's clothing in it, along with some makeup, a tampon and some children's clothing.  Also, no other men had

been in the house when the vari⌐  ̦officers arrived.  Cable had not been a̦ the residence when the police arrived. Cable said that he had spent the previous night at the house.  Ms. McGraw said that one of the young women had been at the house for five days, and Ms. McGraw had been present whey they were questioned.

On the advice of his attorney, Cable did not comment about the new charges, but he did answer questions in order to offer mitigation.  Cable lives at 153 Wilkerson Drive.  He has a 21-year-old daughter and a son, who is just 11 days old.  He has never seen the boy.  The child's mother is Susan Lightford, and they are not married.  He wants to provide for his son.  Cable's mother borrowed $30,000.00 to set him up in the real estate business.  He was going to buy and fix up houses then sell them.  Mrs. Wynn told him he could not do that and needed a regular job. He enrolled in Drake Technical but was getting too few class hours to suit Mrs. Wynn.  He lost the house he bought, and he lost money he had spent on it.  Altogether, he lost $26,000.00.  His mother is unemployed and draws Social Security, and the debt will fall to her if he cannot bond out of jail.  He feels that he has an obligation to her and to his new son.  He has some job opportunities and would even work through a temporary agency if he were allowed to bond out.  He said that the mother of his new son is older, had a rough pregnancy and has large hospital bills.  Finally, he has enrolled in Virginia College and will lose a grant and a loan if he has to stay in jail.

This charge has to do with the Violation of the Notification Act.

☒ I FIND THE PAROLEE IS **GUILTY** OF THIS CHARGE OF PAROLE VIOLATION.

☐ I FIND THERE IS **INSUFFICIENT EVIDENCE** TO SUPPORT THIS CHARGE OF PAROLE VIOLATION.

Signed:_____ Date: _Julv 15, 2002_____
                **Parole Court Hearing Officer**

Distribution:  **Original - Board**
               **Copy - File**
               **Copy - Parolee**
**PB Form 104A (REV. 5-02)**

# BOARD OF PARDONS AND PAROLES
# PAROLE COURT HEARING

DATE:   07-12-02                          LOCATION:   Huntsville, Alabama

PAROLEE:   Anthony J. Cable               NUMBER:   134.917

HEARING OFFICER:   T. C. Bill

CHARGE NUMBER: __2__     PAROLE CONDITION NUMBER:   _7 - New Offense: Possession of Cocaine_

THE FOLLOWING WERE HEARD AS WITNESSES AFTER ANSWERING AFFIRMATIVELY TO:

"DO YOU SWEAR OR AFFIRM THAT YOU WILL TELL THE TRUTH IN THIS HEARING?"

6.  Name/Title:   Bridget McGraw - Parole Officer

7.  Name/Title:   Anthony J. Cable - parolee

8.  Name/Title:  _____

9.  Name/Title:  _____

10. Name/Title:  _____

## STATEMENT OF THE EVIDENCE RECEIVED

Please see the details above.  This has to do with the cocaine that was found and field tested in the house where Cable lives.  The controlled substance was in Cable's bedroom, and that was determined by the items found in that room.

☒ I FIND THE PAROLEE IS **GUILTY** OF THIS CHARGE OF PAROLE VIOLATION.

☐ I FIND THERE IS **INSUFFICIENT EVIDENCE** TO SUPPORT THIS CHARGE OF PAROLE VIOLATION.

Signed: _____     Date: July 15, 2002 _____
                Parole Court Hearing Officer

Distribution:   **Original - Board**
                **Copy - File**
                **Copy - Parolee**
PB Form 104A (REV. 5-02)

# BOARD OF PARDONS AND PAROLES
# PAROLE COURT

DATE:    07-12-02                          LOCATION:    Huntsville, Alabama

PAROLEE:    Anthony J. Cable                NUMBER:    134,917

HEARING OFFICER:    T. C. Bill

## HEARING OFFICERS FINDINGS, EVIDENCE RELIED ON:

Cocaine was found in Cable's room.

## MITIGATION:

Please see Cable's statement above.

## RECOMMENDATION:

Due to this and the other charges, revocation is recommended.

Signed: _____    Date:  July 15, 2002 _____

PAROLE COURT HEARING OFFICER

Distribution:    **Original - Board**
                **Copy - File**
                **Copy – Parolee**

**PB Form 104B (REV. 5-02)**

# BOARD OF PARDONS AND PAROLES
# PAROLE COURT HEARING

DATE:  07-12-02                                  LOCATION:   Huntsville, Alabama

PAROLEE:   Anthony J. Cable                      NUMBER:   134,917

HEARING OFFICER:   T. C. Bill

CHARGE NUMBER: 3   PAROLE CONDITION NUMBER:      7 – New Offense: Receiving Stolen Property

THE FOLLOWING WERE HEARD AS WITNESSES AFTER ANSWERING AFFIRMATIVELY TO:

"DO YOU SWEAR OR AFFIRM THAT YOU WILL TELL THE TRUTH IN THIS HEARING?"

11. Name/Title:   Bridget McGraw - Parole Officer

12. Name/Title:   Anthony J. Cable - parolee

13. Name/Title:   _____

14. Name/Title:   _____

15. Name/Title:   _____

### STATEMENT OF THE EVIDENCE RECEIVED

Please see the details above.  Cable gave two people cocaine in exchange for a computer and a car.  The computer had been reported stolen, and the car was not registered to Cable.  It may not have been stolen, but the computer had been.  Mr. Callaway pointed out that Cable had not been charged by the police with this case.

☒ I FIND THE PAROLEE IS **GUILTY** OF THIS CHARGE OF PAROLE VIOLATION.

☐ I FIND THERE IS **INSUFFICIENT EVIDENCE** TO SUPPORT THIS CHARGE OF PAROLE VIOLATION.

Signed: _____    Date: July 15, 2002
          Parole Court Hearing Officer

Distribution:   **Original - Board**
                **Copy - File**
                **Copy - Parolee**
**PB Form 104A (REV. 5-02)**

# BOARD OF PARDONS AND PAROLES
## PAROLE COURT

DATE: 07-12-02                              LOCATION: Huntsville, Alabama

PAROLEE: Anthony J. Cable                   NUMBER: 134.917

HEARING OFFICER: T. C. Bill

**HEARING OFFICERS FINDINGS, EVIDENCE RELIED ON:**

Cable, by his own admission, took a stolen computer as payment for cocaine.

**MITIGATION:**

Please see Cable's statement above.

**RECOMMENDATION:**

Based on this and the other charges, revocation is recommended.

Signed: _____        Date: July 15, 2002 _____
                    PAROLE COURT HEARING OFFICER

**Distribution:**  **Original - Board**
                   **Copy - File**
                   **Copy – Parolee**

**PB Form 104B (REV. 5-02)**

# STATE OF ALABAMA
## BOARD OF PARDONS AND PAROLES

### ACTION OF THE BOARD SUBSEQUENT TO PAROLE COURT

PAROLEE: _____ Anthony J. Cable _____   AIS # __134,917__

Parole Court was held before __T. C. Bill_____, Hearing Officer, on _7/12/02_____.
at _____Huntsville_____, Alabama. The Hearing Officer has filed a Report and Recommendation, as required by statute, and this Board has reviewed the detailed statement of evidence, the findings, and the reasons supporting those findings, which were:

_____ **CHARGES PROVEN.** The Hearing Officer has determined that Charge(s) #_____ was/were proven to his reasonable satisfaction. His Report and Recommendation addressed the evidence of mitigating circumstances, as well as the evidence that conditions of parole were violated. The record further reflects that an acceptable parole plan is in place which offers the parolee a reasonable possibility of living and remaining at liberty without violating the law. It is, therefore, recommended that Parolee be RE-INSTATED to a satisfactory program.

It is recommended that the following additional conditions be imposed to improve the likelihood that the parolee will remain at liberty without violating the law:

_____
_____
_____

__X__ **CHARGES PROVEN.** The Hearing Officer has determined that Charge(s) # _1, 2 + 3_____ was/were proven to his reasonable satisfaction. His Report and Recommendation addressed the evidence of mitigating circumstances, as well as evidence that conditions of parole were violated. It is, therefore, recommended that parole be REVOKED in this case.

Comes now the Board of Pardons and Paroles at Open Public Meeting, and after considering all evidence from Parole Court, including any mitigating circumstances, orders:

**BOARD INITIALS**

____ ____ ____   Continued to _____.
                                        (date)

____ ____ ____   Taken under advisement

_JRC NCM_____   That parole be REVOKED and given further consideration in _7-07_.

____ ____ ____   That parole be revoked since a satisfactory plan has not been submitted within a reasonable amount of time and for reasons addressed in parole court and given further consideration in _____.

____ ____ ____   That the order of delinquency is void and parolee is RE-INSTATED on parole with the following SPECIAL CONDITIONS:_____
_____
_____

Distribution Date _7-25-02_ to:

Original – Board File
Parole Office _Huntsville - McGraw_
Parolee
DOC
ACJIC
Control Book
CO Form 013 – A (Rev. 10-99)

Chairman of the Board _____   Date
_Nancy C McCreary_  _7-24-02_
Member of the Board   Date

Member of the Board

**EXHIBIT**
**G**



IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA

ANTHONY J. CABLE  )
AIS #134917S    )

        )
  Petitioner,   )
        )
v.        )  CASE NO. CV-03-1152-SH
        )
ALABAMA BOARD OF PARDONS )
AND PAROLES, et al.   )
        )
  Respondent.   )

## FINAL ORDER

The Petitioner alleges that the Alabama Board of Pardons and Paroles ("Parole Board") failed to provide him with due process in revoking his parole.

The records of the Parole Board reflect: (1) that the petitioner was given written notice of the charges of parole violation; (2) that the Petitioner was present and represented by counsel and, (3) that Petitioner was given the opportunity to confront and cross-examine adverse witnesses.

The Court finds Petitioner has failed to establish the Defendants acted illegally or improperly in the revocation process. It is, therefore, ORDERED, ADJUDGED and DECREED that the actions of the Board of Pardons and Paroles are due to be, and they are hereby, SUSTAINED. Case dismissed.

Done this the ⧸21 day of July, 2003.

         *William A. Shashy*
         WILLIAM A. SHASHY
         Circuit Judge

Anthony J. Cable
Gregory O. Griffin, Sr. – Pardon and Parole Board

Attachment 3

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

Anthony J. Cable,
Petitioner, Pro Se,                        )
                                           )
                                           )
VS.                                        )        Case No. CV04-480 P
                                           )
                                           )
Alabama Board of Pardons & Paroles, et. al.,
_____Respondents_____/

2004 FEB 27  AM 9:48

## PETITION FOR WRIT OF CERTIORARI

Comes now the Petitioner Anthony J. Cable in the above styled cause, and hereby files this petition for Writ of Certiorari to the Circuit Court of Montgomery County, Alabama.  The Petitioner hereby attacks the judgment, ruling or finding of the Respondent Alabama Board of Pardons and Paroles.  Hereinafter, the Board who ordered the parole of the petitioner [Cable] to be revoked on the 24th day of July, 2002.

### EXHIBITS

Exhibit A  Report of Parole Violation.  6/24/02
Exhibit B  Notice of Parole Court.  7/5/02
Exhibit C  Parole Court Hearing.  7/15/02
Exhibit D  Supplemental Report.  7/31/02
Exhibit E  Case Action Summary & Grand Jury Indictment.  5/1/03
Exhibit F  Motion to Nolle Prosse.  8/4/03

### JURISDICTIONAL STATEMENT

The Petitioner hereby invoke the jurisdiction of this Honorable Court pursuant to Code of Alabama, 1975, Title §12-11-30(1) Code of Alabama, 1975, and Title §§15-22-31; 15-22-32;  Alabama Constitution Amendment, Section I §6, Alabama Constitution 1901; United States Constitution Amendment 4, 14, [Condition 5 of Alabama Rules of Parole].  This Court has jurisdiction of the facts of this Section pursuant to Morrissey v. Brewer, 408 U.S. 471 (1972); Monroe v. Thigpen,

Attachment  4

932 F.2d 1437 (11th Cir. 1991); Johnson v. State, 729 So.2d 897 (Ala.Cr.App. 1997).

## STANDARD OF REVIEW IN PAROLE REVOCATIONS

The standard of review in parole revocations is set out in Morrissey v. Brewer, 408 U.S. 471 (1972). The United States Supreme Court in Morrissey set the minimum due process requirements as follows: (A) Written notice of the claimed violations of parole; (B) disclosure to the parolee of evidence against him; (C) Opportunity to be heard in person and to present witnesses and documentary evidence; (D) The right to confront and cross-examine adverse witnesses; (E) A neutral and detached hearing officer; (F) A written statement by the fact-finder as to the evidence relied on and reasons for revoking parole.

PETITIONER MAKES THE FOLLOWING CLAIMS:

1. Police illegally searched petitioner's home.
2. Petitioner was not allowed witnesses to testify or present documents as evidence.
3. Parole Officer knowingly offered false testimony.
4. Petitioner was not afforded an unbiased and detached hearing officer.
5. Only hearsay evidence was presented against Petitioner at parole hearing.
6. Petitioner was not afforded a final hearing (Revocation Hearing).
7. Petitioner was not afforded a copy of Board's findings and cause for revocation.
8. Petitioner was not afforded a parole hearing in the prescribed time as according to parole court rules.

The Petitioner makes the following statement of facts and shows his entitlement to relief herein:

## STATEMENT OF FACTS

The petitioner alleges the evidence will show that on the 12th of June 2002, his rights was violated when actions of Huntsville Police Department and Madison County Parole authority fail to ensure the safety of petitioner's due process and equal protection of the law. Petitioner nor parole officer was present during

-2-

this very questionable search of his home.

Parole authorities and Huntsville police based actions solely on the matter of petitioner status as a sex offender. This shows an act of discrimination. Petitioner contends he still has constitutional rights even with a past criminal conviction.

On the 18th day of June, 2002, petitioner (Anthony J. Cable) received a phone call from his home phone while enroute to the hospital to visit a relative. This call was made by Ms. Natasha Hill, a relative of Mr. Cable, informing him that the Huntsville Police was at his home looking for his niece Lashuan Lynch who was a teenage run-a-way.

Mr. Cable informed the caller he was on his way home. While enroute he did call his home from his cell phone. His home phone was answered by investigator Charles Harvey (H.P.D.). Mr. Cable questioned the unauthorized entrance of his home without his consent. And did ask that he (Mr. Harvey) get out of his home without his consent.

In returning home Mr. Cable witnessed several police officers in his home. Once Petitioner Cable parked his car the officers came out, met him at his car and did place him under arrest. At no time was Mr. Cable allowed to enter his home. Nor was his parole officer Ms. Bridget McGraw or any other parole offical present to authorize or supervize the search of Mr. Cable's home; nor was there a search warrant or consent to search. Thus, making this an illegal search of his home.

Petitioner was held in custody until his parole officer arrived. He was later transported to the Madison County jail. Mr. Cable was charged with posssession of controlled substance, and violation of community notification act.

Petitioner was held 17 days before being served notice of violation charges, and parole court hearing date. Petitioner was given an evidentiary hearing held by Mr. T.C. Bill and Bridgett McGraw. It was explained to Mr. Cable and Counsel Mr. Brice Callaway that the proceedings was an evidentiary hearing to gather evidence to present to the board. And that the board would determine if any further hearing (Revocation Hearing) is warranted.

Petitioner did have witnesses and sworn statements at the time of this evidentiary hearing. But, was denied his basic right to due process when his witnesses were not allowed to testify at his hearing. Mr. Cable was improperly informed to the extent of the hearing.

Petitioner did witness Ms. McGraw testify during this hearing. She did in fact charge Mr. Cable was receiving stolen property, which was never an issue in a criminal matter; this being a false statement, with the malicious intent to secure revocation of Mr. Cable's parole. Ms. McGraw also did base her findings on hearsay evidence. Which violated Mr. Cable's right to confront witnesses, being police investigators, and other parole officers said to have found drugs. Ms. McGraw testimony speaks of what investigator Pierce said concerning conversations with females and Mr. Cable. Which is hearsay evidence.

Mr. T.C. Bill did approve the actions of Ms. McGraw prior to the hearing, being her supervisor. As shown with his signature on the parole violation report, signed and dated 6/24/02. Mr. Bill also on a previous matter did approve the actions of former parole officer Ms. Diane Wynn when she forced Mr. Cable to discontinue his pursue in business (real estate) saying because Mr. Cable has a sex offense he cannot have his own business. And threaten to violate Mr. Cable if he did not abandon his business even after investing close to $26,000.00 of a $30,000.00 loan his mother borrowed on her home.

-4-

This along with the accounts of said hearing shows Mr. Bill's bias toward those he supervised being (Ms. McGraw).

Ms. McGraw charges Mr. Cable with violating terms of conditions of parole. Terms which were never presented to Mr. Cable. He was awarded a certificate of parole, but not a sheet of 'Condition of Parole'.

Petitioner was held in the Madison County jail and later transferred into the custody of the Alabama Department of Corrections [D.O.C.]. And later told by Classification of D.O.C. he was revoked and given a five (5) years reconsideration date.

At no time was any information or copies of his hearing afforded to him by the parole board prior to the actions taken to commit him to prison. These actions violates petitioner's due process according to Alabama Board of Pardons and Paroles.

Petitioner wish to establish the fact that Ms. McGraw fail to provide evidence of claims of violation of Community Notification Act. Persons present being Natasha Hill did identify herself to investigator Harvey as a relative of Petitioner. Not a resident of 153 Wilkenson Drive. As stated in the report by investigator Charles Harvey. Please note according to D.O.B. of both Ms. Hill (7-4-84) and Ms. Christina Douglas (4-27-84) Ms. Douglas being classified as a minor but in fact was an adult, according to Title §13A-12-200.1. Ms. Douglas is a friend of Ms. Hill.

Petitioner wish to point out there is nothing stated by investigator Harvey of drugs in the home of Mr. Cable. Please note his only reference of drugs is that of said complaint made (6-18-02) Mr. Harvey said was unfounded.

Petitioner was convicted in 1983 of rape 1st, and served 15 years 7 months before being paroled October 5, 1998. Petitioner maintained employment, started a business and went to school as a full time student. Mr. Cable was engaged

and an expected father. While also holding down a second job as a certified basketball official, and an active member of his church.

Hearing chairman Mr. T.C. Bill disregarded the known facts of Mr. Cable's life kept bi-weekly, and then monthly (personal file kept by parole officers). Petitioner pointed out the affect of premature actions by parole officer and hearing chairman. Petitioner maintained his innocence and asked to be allowed to prove himself and remain on parole till Court matters were resolved.

<u>MEMORANDUM OF LAW</u>

The petitioner avers that it is clearly established law that a parolee has a Constitutional right to procedural due process. See <u>Morrissey v. Brewer</u>, 408 US 471, 33 L.Ed 2d 484, 92 S.Ct. 2593 (1972); also see <u>Johnson v. State</u>, 729 So.2d 397 (Ala.Crim.App. 1997) the Court held:

> "The minimum due process requirments that must be
> met in revoking probation or parole are (1) Written
> Notice of the claimed violations of probation or
> parole, (2) disclosure to the probationer or parolee
> of the evidence against him or her, (3) An opportunity
> to be heard in person and present witnesses and documentary
> evidence (4) The right to confront and cross-examine
> adverse witnesses, unless the hearing officer specifically
> finds good cause for not allowing confrontation, (5) A
> neutral, and detached hearing body, and (6) A written
> statement by the fact finders as to the evidence relied
> on and the reasons for revoking probation and parole."
> Id. 499

Petitioner avers that at his hearing the sole basis of revocation was meerly hearsay evidence consisting of the parole officer's statement. And that there was no evidence presented to support, or prove, the statement of the parole officer. The petitioner further states that the Courts in Alabama have held that hearsay evidence alone does not meet the requirements of due process in a parole revocation hearing. <u>Johnson</u>, supra, at 899:

> "While hearsay evidence may be admitted in parole and probation
> revocation hearing at the discretion of the fact finders, hear-
> say evidence <u>cannot</u> be the sole basis for revoking probation or
> parole in this State."
> <u>Ex parte Belcher</u>, 556 So.2d 836  (Ala. 1989);
> <u>Mallette v. State</u>, 572 So.2d 1316 (Ala.Cr.App. 1990):
> <u>Hollis v. State</u>, 598 So.2d 38 (Ala.Cr.App. 1992);
> <u>Rivers v. State</u>, 689 So.2d 990 (Ala.Cr.App. 1996).

Petitioner was revoked for violating said conditions, Alabama Board of Pardons and Parole fail to issue petitioner a written order of conditions. It is the policy of the Board of Pardons and Parole to issue parolee conditions and those conditions must be agreed upon and signed by parolee. Petitioner contends that this was not afforded to him. Rule 27.1 Ala.Rules of Criminal Procedure. Thus, petitioner contends that the board erroneously revoked his parole. Rule 27.6 (e) Ala.Rules Crim.Proc. states probation or (parole) shall not be revoked for violation of condition or regulation if parole had not received a written copy of the condition or regulation.

Byrd v. State, 675 So.2d 83 (Ala.Crim.App. 1995);

Smoke v. State, 812 So.2d 387 (Ala.Cr.App. 2001).

The Petitioner further alleges that the evidence will show that Petitioner was not afforded a final hearing (revocation) to decide as to whether his parole should be revoked. The hearing officer made it clear that the purpose of said hearing dated 7-15-02 was an evidentiary hearing to determine if petitioner whould be held pending the outcome of criminal matter. And that the Board would determine if any further hearing is warranted.

"A defendant is entitled to a preliminary hearing to determine whether there is probable cause to believe that he has violated his probation or parole, and a final hearing prior to the ultimate decision as to whether his probation or parole should be revoked."Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972), supra; Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed 2d 656 (1973). In the instant case, the Petitioner was denied his entitled right to a written statement by the factfinder as to the evidence relied on and reasons for revoking his parole, and is entitled to relief as a matter of law. U.S.C.A. 14th Amend.

-8-

<u>RELIEF SOUGHT</u>

The petitioner seeks as relief as follows:

(1)   That respondent produce evidence to show petitioner was afforded proper procedural bearing(s) which must include a revocation hearing.

(2)   A copy of any written statements to support parole officers claim, written statements submitted by the Parole Officer to be produced along with final copies of all hearings held and final decisions, to support illegal detainment of ptitioner and <u>proff</u> to constitute denial of right to witnessess. (3) A copy of Petitioner's parole file kept by parole officers while petitioner was on parole. (4) That if the respondent cannot or does not provide the Court with the same, that petitioner's parole be re-instated and all other further relief the Court deems just and proper. (5) Petitioner respectfully ask this Honorable Court to set a date in open Court for a trial or hearing.

Dated: <u>02/20/04</u>.

Respectfully submitted,

_Anthony J. Cable_

Anthony J. Cable, Pro Se
AIS #134917; G2-A-201
1000 St. Clair Road
Springville, Alabama
35146-5582

<u>CERTIFICATE OF SERVICE</u>

I hereby certify on this _24_ day of February, 2004, I have served a copy of the foregoing by placing same in the United States mail, postage prepaid and properly addressed as follows:

Alabama Board of Pardons and Paroles
C/o Gregory O. Griffin, Sr.
Legal Division
P.O. Box 302405
500 Monroe Street
Montgomery, AL. 36130

_Anthony J. Cable_

Anthony J. Cable

<u>EXHIBITS</u>

<u>EXHIBIT A</u>  Report of Parole Violation. 6/24/02

<u>Exhibit B</u>  Notice of Parole Court.  7/5/02

<u>Exhibit C</u>  Parole Court Hearing.  7/15/02

<u>Exhibit D</u>  Supplemental Report.  7/31/02

<u>Exhibit E</u>  Case Action Summary & Grand Jury Indictment. 5/1/03

<u>Exhibit F</u>  Motion to Nolle Prosse.  8/4/03

# STATE BOARD OF PARDONS AND PAROLES
## Montgomery, Alabama
### REPORT OF PAROLE VIOLATION
Date: June 24, 2002

**RECEIVED**

**JUN 2 7 2002**

State ~~~~ ~~ ~~~
Pardens and Paroles

Field Office: Huntsville

Name of Parolee  Anthony J. Cable                          No. 134,917

Race.Sex & Age  BM-37 DOB: 01/18/65          County of Conviction  Madison

Offense  Rape I                                          Sentence  45 years

Date Convicted  04/15/83                        Date of Parole  10/05/98

Date Sentence Expires  11/28/27

IF DECLARED DELINQUENT, FORWARD WARRANT TO:   Bridget McGraw
                                              **Probation Officer**
                                              Madison County
                                              **County Probation Office**
                                              100 Northside Square. Rm. 605
                                              **P.O. Box or Number and Street**
                                              Huntsville, Alabama  35801
                                              **City, State, and Zip Code**

Supervision Level at Time of Delinquency:  3

CHARGE NO. 1:
Violation of Condition No. 7
NEW OFFENSE - Violation of Community Notification Act.

LEGAL FACTS:

On 06/18/02, Huntsville Police Department Officers arrested Anthony J. Cable and charged him with Violation of the Community Notification Act. Cable was taken to the Huntsville City Jail. A parole violator warrant was issued that same date. He is presently in custody at the Huntsville City Jail.

DETAILS:

On 06/18/02 at 10:30 AM, Huntsville Police Investigator Kathy Pierce notified this officer that a 14 year old female runaway was reportedly living at Anthony Cable's residence at 153 Wilkerson Drive, Huntsville, Alabama. Cable is a convicted sex offender and is not allowed to live with underage children. This officer, accompanied by Parole Officers Lamar Evans and Michael Bucey, went to 153 Wilkerson Drive. Huntsville Police Investigator Sharp told me they had been in the house looking for an underage runaway female. She was not inside, but two other females: Christina Douglas, dob: 04/27/84, and Natasha Hill, dob: 07/4/84, were inside. I, Evans and Bucey went into the home. We saw a computer on the living room floor. It was later determined to have been stolen from a burglary at Oakwood College. In Cable's bedroom, we saw a ceramic saucer that had a straight razor and white powder on it. We then searched the bedroom. On a shelf near the bed, Bucey found a can which contained small off white rocks wrapped in plastic. We requested a Huntsville Police Department narcotics officer to come and field test the substance. Investigator Crocker came to the scene. The substance in the can field tested positive for cocaine.

/

Exhibit

A

Investigator Pierce interviewed ... two underage females. Christina Douglas (DOB: 04/27/84) told Pierce she had been staying at Cable's house for several days. The back bedroom contained girl's clothes and make-up. Pierce interviewed Cable who told her Natasha Hill (dob: 07/4/84) had been living with him for about 5 days. Cable also admitted that he rented out his house for people to come and use drugs.

In the driveway were three vehicles. Cable had driven up in a 1989 Oldsmobile. The vehicle had Cable's mother's handicapped license plate on it, but was registered to a Jason Scott McNeal. Cable later admitted that he obtained the car and computer in exchange for drugs.

## CHARGE NO. 2
Violation of Condition No. 7
NEW OFFENSE - Possession of Cocaine

## LEGAL FACTS:

Same as in Charge No. 1

## DETAILS:

Same as in Charge No. 1. These details deal specifically with the cocaine found in Cable's bedroom.

## CHARGE NO. 3
Violation of Condition No. 7
NEW OFFENSE - Receiving Stolen Property

## LEGAL FACTS:

Same as in Charge No. 1

## DETAILS:

Same as in Charge No. 1. These details deal specifically with the stolen computer and car.


## RECOMMENDATION:

**I recommend revocation.**

**Signed and dated at Huntsville, Alabama, this the 21st day of June, 2002.**


**Bridget McGraw**
**Alabama Probation and Parole Officer**

BMc/bl

6-24-02

Rec. DD
6-27-02
QQC

-2-

# BOARD OF PARDONS AND PAROLES
## NOTICE OF PAROLE COURT HEARING

RECEIVED
JUL 1 6 2002
State Board of
Pardons and Paroles

DATE: _7-5-02_ LOCATION: _Madison Co. Jail AN_

PAROLEE: _Anthony J. Cable_ # _134,917_

PAROLE OFFICER: _Bridget McGraw_

A **REPORT OF PAROLE VIOLATION** has been prepared dated _6/24/02_ alleging that the parolee whose name and number appear above has violated parole. I have this date provided the parolee with a copy of that report and I have advised the parolee that a **PAROLE COURT HEARING** will be held to determine if there has been a violation of parole and to receive any evidence or argument that the parolee wishes to offer. I have advised the parolee that (s)he may have his/her witnesses testify at the hearing, may present their written statements, or may present any documents or evidence, may be represented by an attorney, may confront and cross-examine witnesses testifying against the parolee (unless the hearing officer finds good cause for not allowing confrontation), and that the parolee will receive a copy of the hearing officer's report.

The **PAROLE COURT HEARING** will be held:

_July 12, 2002_        _9:30 am_        _Madison Co. Jail_
Date                        Time                        Place

The parolee  ☐ Does
             ☒ Does Not     request witnesses be notified to be present for him. _(Attorney will notify)_

The Parolee  ☒ Does
             ☐ Does Not     request an attorney be notified to be present for him.

I have received a copy of the **REPORT OF PAROLE VIOLATION** and this **NOTICE** which I have read or which has been read to me.

_Anthony Cable_ _____ _7-5-02_
Parolee                                                                Date

I certify that a copy of the **REPORT OF PAROLE VIOLATION** and this **NOTICE** was delivered in my presence to the parolee.

_Bridget McGraw_ _____ _7-5-02_
Parole Officer                                                    Date

I hereby waive the five day notice of my **PAROLE COURT HEARING** and request that it be held as soon as possible.

_____        _____        _____
Parolee                                          Date                  Witness

**ADMISSION OF GUILT:** I hereby admit that I am guilty of parole violation as set forth in the Report of Parole Violation in charges # _____ and plan to plead guilty to the same at my parole court hearing.

_____        _____        _____
Parolee                                          Date                  Witness

Distribution: Original – Hearing Officer; Copy – File; Copy – Parolee
PB Form 103 (REV 9-99)

Exhibit
B

# BOARD OF PARDONS AND PAROLES

# PAROLE COURT HEARING

DATE: _07-12-02_____    LOCATION: _Huntsville, Alabama_____

PAROLEE: _Anthony J. Cable_____    NO. _134,917_____

HEARING OFFICER: _T. C. Bill_

☒ ARRESTED AS PAROLE VIOLATOR?    ☒ YES    ☐ NO  (Date) _06-18-02_

☒ NOTICE OF PAROLE COURT HEARING COMPLETED AND SERVED.

☒ DID THE PAROLEE REQUEST REPRESENTATION BY AN ATTORNEY?  ☒ YES ☐ NO

Comments: _____

☒ IS AN ATTORNEY PRESENT FOR THE PAROLEE?  ☒ YES ☐ NO

Comments: __Mr. Brice Callaway_____

☐ IF PRO SE, DOES THE PAROLEE APPEAR TO BE COMPETENT?  ☐ YES ☐ NO

Comments: _____

☒ DID THE PAROLEE REQUEST WITNESSES?    ☒ YES ☐ NO
☒ WERE WITNESSES NOTIFIED TO BE PRESENT?    ☒ YES ☐ NO

Comments: __They were going to say what Cable said in mitigation._____

☒ THE PAROLEE WAS ADVISED: YOU HAVE THE RIGHT TO REMAIN SILENT. ANYTHING YOU SAY CAN AND WILL BE USED AGAINST YOU. YOU CANNOT BE MADE TO GIVE UP THE RIGHT TO REMAIN SILENT. YOU MAY EXERCISE THE RIGHT TO REMAIN SILENT AT ANY TIME.

Signed: _____    Date: _7-15-02_
         Parole Court Hearing Officer

**Distribution:**  **Original - Board**
          **Copy - File**
          **Copy - Parolee**

PB Form 104 (REV. 5-02)

Exhibit

C

07/31/03  THU 14:09 FAX 256 532 6974      MAD CO DIST ATTY                    ⓖ

## SUPPLEMENTAL REPORT

*Huntsville Police Department*                                    OCA  *200213379*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Investigator: *Harvey, Charles Henderson    14181*        Date / Time:  *07/31/2002 21:32:49*        *Wedne*
   Contact:                                              Reference:  *FOLLOW UP*

ON 13 JUNE 2002, AUDREY LYNCH MADE A POLICE REPORT ALLEGING THAT HER DAUGHTER H⟋ RUNAWAY TO NORTH CAROLINA WITH TWO OTHER GIRLS, 2002-12987.

THE TWO OTHER GIRLS, NATASHA HILL AND LASHANA PETTY, HAD RETURNED TO HUNTSVILLE, ALABAMA, BUT THE DAUGHTER, LASHUN LYNCH, HAD REMAINED IN NORTH CAROLINA AT 227 NEW RIVER DRIVE WITH TWO MARINES, CHRISTOPHER TRALES AND MELISSA REESE.

LASHUN LYNCH IS A WARD OF THE STATE OF ALABAMA, AND STEPHANIE TAYMON OF THE MADISON COUNTY DEPARTMENT OF HUMAN RESOURCES ALREADY HAD MADE A RUNAWAY COMPLAINT BACK ON 30 JANUARY 2002 ALLEGING THAT THE CHILD HAD BEEN MISSING SINCE 20 OCTOBER 2001, CASE 2002-02264. CONSEQUENTLY, THE LATTER COMPLAINT WAS UNFOUNDED IN DEFERENCE TO THE FORMER.

ON THE MORNING OF 18 JUME 2002, AUDREY LYNCH CALLED AND INFORMED ME THAT LASHUN LYNCH WAS BACK IN TOWN AT ANTHONY CABLE'S RESIDENCE, 153 WILKENSON DRIVE. CABLE IS LASHUN LYNCH'S UNCLE. AUDREY LYNCH FURTHER REVEALED THAT CABLE IS A CONVICTED SEX OFFENDER, THAT HE USES HIS HOUSE AS A HAVEN FOR UNDERAGE FEMALE DELINQUENTS, THAT HE TAKES AND SELLS NUDES PHOTOGRAPHS OF THOSE DELINQUENTS, AND THAT HE ALSO USES THEM IN HIS ILLEGAL DRUG TRAFFICKING.

LATER, ON THAT SAME MORNING, OFFICEER B. CAGLE, OFFICER E. DUDLEY AND I WENT TO 153 WILKENSON DRIVE TO LOCATE LASHUN LYNCH PURSUANT TO THE OUTSTANDING RUNAWAY COMPLAINT, CASE 2002-02264.

WHEN WE ARRIVED, NATASHA HILL COME TO THE FRONT DOOR, AND TOLD ME ANTHONY CABLE HAD JUST LEFT THE RESIDENCE. SHE IDENTIFIED HERSELF AS A RELATIVE OF CABLE AND SAID HE HAD LEFT HER IN CHARGE WHILE HE WAS GONE. I TOLD HER WE WERE LOOKING FOR LASHUN LYNCH. SHE SAID " SHUNA IS STILL IN NORTH CAROLINA ". I SAID " NO, HER MOTHER TOLD ME SHE'S HERE ". SHE SAID " NO, SHE'S NOT; YOU CAN COME IN AND LOOK ".

THE OFFICERS AND I ENTERED THE RESIDENCE AND CONDUCTED A SEARCH FOR LASHUN LYNCH. DURING THAT SEARCH OFFICER E. DUDLEY DISCOVERED A NUMBER OF PHOTOGRAPHS OF NUDES YOUNG FEMALES. AT THAT POINT, WE TERMINATED OUR SEARCH OF THE PREMISES AND SECURED THE SCENE. WE SUBSEQUENTLY SUMMONED INVESTIGATORS K. PIERCE AND F. SHARP; THEY INVESTIGATE SEXUAL RELATED OFFENSES INVOLVING JUVENILES.

WHILE WE WERE WAITING FOR THE INVESTIGATORS TO ARRIVED, I ASKED NATASHA HILL TO CALL ANTHONY CABLE; HILL HAD PREVIOUSLY TOLD ME THAT CABLE HAD LEFT HER IN CHARGE OF THE RESIDENCE UNTIL HIS RETURN. SHE CALLED HIM, AND I SPOKE TO HIM ON THE TELEPHONE. HE WAS BELLIGERENT AND ANGRY WHEN HE LEARNED WE WERE IN HIS RESIDENCE. HE SAID HE WOULD IMMEDIATELY RETURN HOME. WHEN HE ARRIVED, WE

*R_Supp3*                                                          Page  *1*  of _____


Exhibit
D

07/31/03  THU 14:09 FAX 256 532 6974     MAD CO DIST ATTY                    ☒003

## SUPPLEMENTAL REPORT

*Huntsville Police Department*                          OCA  200213379

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

HANDCUFFED AND PLACED HIM IN THE REAR OF ONE OF THE OFFICERS' PATROL CRUISERS. SUBSEQUENTLY, CABLE ASKED TO TALK TO ME. AT THAT POINT, I OPENED A REAR DOOR OF THE CRUISER AND ADVISED HIM THAT HE SHOULD WAIT UNTIL THE OTHER INVESTIGATORS ARRIVE. HOWEVER, HE TOLD ME HE WANTED TO TALK TO ME BEFORE TALKING TO THEM. I THEN READ HIM THE MIRANDA WARNING AND EXPLAINED THAT WE HAD COME TO HIS HOME IN SEARCH OF LASHUN LYNCH AFTER RECEIVING INFORMATION FROM HER MOTHER, AUDREY LYNCH, THAT LASHUN WAS STAYING WITH HIM. I ALSO TOLD HIM THE MOTHER HAD ALLEGED THAT HE WAS USING HER DAUGHTER AND OTHER YOUNG GIRLS TO  TRAFFICK IN DRUGS AND PORNOGRAPHY.

ANTHONY CABLE DENIED HE WAS INVOLVED IN ANYTHING ILLEGAL WITH HIS NIECE OR THE OTHER GIRLS WHO WERE STAYING WITH HIM AT HIS RESIDENCE. HE CLAIMED HE HAD ALLOWED HIS NIECE, LASHUN LYNCH TO LIVE AT HIS RESIDENCE WITH HIM BECAUSE HER MOTHER, AUDREY LYNCH, HAD BEEN MAKING HER DO SEXUAL FAVORS FOR MEN IN EXCHANGE FOR ILLEGAL DRUGS.

I ADVISED LYNCH THAT HE SHOULD TELL HIS STORY TO THE OTHER INVESTIGATORS WHEN THEY ARRIVE, AND I DID NOT TALK TO HIM AGAIN UNTIL THE MENTIONED INVESTIGATORS ARRIVED.

R_Supp3                                              Page  2  of _____

3

```
ACR0372              ALABAMA JUDICIAL INFORMATION SYSTEM     CASE: CC 2003 001320.00
OPER: ROD                   CASE ACTION SUMMARY
PAGE:   1                  CIRCUIT  CRIMINAL               RUN DATE: 05/01/2003
=====================================================================================
IN THE CIRCUIT COURT OF  MADISON                                       JUDGE: BEW

STATE  OF  ALABAMA                VS       CABLE ANTHONY JAMES
                                           153 WILKENSON DR
CASE: CC 2003 001320.00
                                           HUNTSVILLE, AL  35811 0000

DOB: 01/18/1965         SEX: M  RACE: B  HT: 5 06  WT: 162   HR: BLK EYES: BRO
SSN: 418882444  ALIAS NAMES:
=====================================================================================
CHARGE01: COMM NOTIFICATION-DE CODE01: CNAR  LK7: COMM NOTIFICAT TYP: M #: 001
CHARGE02: POSS COCAINE         CODE02: VPCC               TYP: F #: 001
OFFENSE DATE: 06/18/2002                  AGENCY/OFFICER: 0470100 PIERCE

DATE WAR/CAP ISS:                         DATE ARRESTED: 06/21/2002
DATE    INDICTED: 04/18/2003              DATE    FILED: 04/18/2003
DATE    RELEASED:                         DATE  HEARING:
BOND     AMOUNT:     $2,000.00              SURETIES:

DATE 1:              DESC:                 TIME: 0000
DATE 2:              DESC:                 TIME: 0000

TRACKING NOS: DC 2002 003846 00  /  DC 2002 003847 00  /

   DEF/ATY:                      TYPE:                          TYPE:

                      00000                       00000

PROSECUTOR: CALLAHAN REBEKAH A

=====================================================================================
OTH CSE: DC200200384600 CHK/TICKET NO: 2002 13465      GRAND JURY: 003J
COURT REPORTER: _____ SID NO:     000912477
DEF STATUS: JAIL          DEMAND:                          OPER: ROD
=====================================================================================
DATE        ACTIONS, JUDGEMENTS, AND NOTES
=====================================================================================
```



Exhibit

E

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

STATE OF ALABAMA,

PLAINTIFF,

vs.                                          CASE NO.: _CCO3-1320 BEW_

_Anthony James, Cable_

DEFENDANT.

### MOTION TO NOLLE PROSSE

Comes now the State of Alabama by and through its Deputy District Attorney, and moves this Court to enter its Order of Nolle Prosse in the above styled cause, and assigns as grounds therefore as follows:

1. New evidence has come to my attention.
2. The State plans to present further evidence on the Next available Grand Jury.

Submitted this the _4_ day of _Aug_____, 2003.

TIM MORGAN
DISTRICT ATTORNEY

BY: _Rebekah A. Callahan_
Rebekah A. Callahan
Deputy District Attorney

### CERTIFICATE OF SERVICE

I hereby certify that I have provided a copy of this motion to opposing counsel. _by placing it in his box_
This the _4_ day of _Aug_____, 2003.

_Rebekah A. Callahan_
Rebekah A. Callahan
Deputy District Attorney

Exhibit
F

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

ANTHONY J. CABLE, AIS # 134917S     )
      Petitioner,     )
      )
Vs.     )    **CASE NO. CV-04-480**
      )
ALABAMA BOARD OF     )
PARDONS & PAROLES, et .al.     )
      Respondent.     )

### FINAL ORDER

      The Petitioner comes challenging the Alabama Board of Pardons and Paroles actions in revoking Petitioner's parole. Petitioner challenges the Parole Board's revocation process claiming non-compliance with the *Morrissey v Brewer, 408 U.S. 471 (1972)* minimum due process requirements. The Court having reviewed Petitioner's complaint and the Board's response is of the following opinion:

      The Court takes judicial notice of its record in Montgomery County Case CV 03-1152, wherein, Judge William Shashy ruled on the same issues presented in the case at bar. The Board's argument that the issues presented to this Court are the same and therefore barred by "res judicata" is well taken.

      It is, therefore, **ORDERED, ADJUDGED and DECREED,** that this action is due to be dismissed under the theory of "res judicata", due to the issues at bar having been previously litigated.

      Done this $30$ day of _____ 2006.

_____
CHARLES PRICE
Circuit Judge

CC:DANA L. PITTMAN, ASST. ATTORNEY GENERAL
    BD. OF PARDONS & PAROLES
    P.O. BOX 302405
    MONTGOMERY, AL 36130

    ANTHONY CABLE, AIS# 134917
    1000 ST CLAIR RD
    SPRINGVILLE, AL. 35146-5582

2006 JAN 30 PH 3: 05

Attachment 5

In the Circuit court of _Montgomery_

County, Alabama

_Anthony J. Cable_

Petitioner, Pro Se,

vs.                                    Case No. _CV-04-480_ _CWP_

_Ala. Board of Pardons + Paroles, et. al_

Respondent,

## Notice of Appeal to the Court of Criminal Appeals
## of Alabama

Notice is hereby given that _Anthony J. Cable_ , petitioner pro se, appeals to the above named court from the judgment entered in this case on the _30th_ day of _Jan_ , 2006, denying his _Petition of Writ of Certiorari_



Respectfully Submitted,

_Mr. Anthony J. Cable_

Petitioner, Pro Se


MAR 2006
Filed
Melissa Rittenour
Circuit Clerk

Attachment 6

CERTIFICATE OF SERVICE

I hereby certify that I have this _27th_ day of _Feb_____, 200_6_.

served a copy of the foregoing, upon the following, by placing a copy of the

same in the U.S. mail, postage prepaid and properly addressed:

Ala. Board of Pardons & Paroles

% Gregory O. Griffin, Sr.

Legal Division

P.O. Box 302405,

Monroe Street

Montgomery, Ala. 36130

Respectfully Submitted,

Anthony J. Cable,

1000 St. Clair Rd

Springville, Ala. 35146

6-1-C 235

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## CR-05-1028

Anthony Cable v. Alabama Board of Pardons and Paroles  (Appeal from Montgomery
Circuit Court: CV04-480)

## <u>ORDER</u>

More than 14 days have passed since the pro se appellant in the above-referenced
cause was advised by this Court that immediate action was needed to correct a deficiency
-- the appellant's  failure to furnish this Court with a copy of the "Reporter's Transcript
Order--Criminal" which the appellant is required to file and serve pursuant to Rule 10(c)(2)
of the Alabama Rules of Appellate Procedure.  As of the date of this order, the appellant
has yet to take the action that was directed in our prior notice.

Upon consideration of the above, the Court of Criminal Appeals orders that if within 14
days from the date of this order the appellant has not provided this Court a copy of a
properly completed Reporter's Transcript Order, this appeal will be dismissed.

Done this the 28th day of March, 2006.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Charles Price, Circuit Judge
Hon. Melissa Rittenour, Circuit Clerk
Denise Gordon, Court Reporter
Anthony Cable, Pro Se
Office of Attorney General



Attachment 7

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA



**H. W. "BUCKY" McMILLAN**
**Presiding Judge**
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
**Judges**

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## CR-05-1028

Anthony J. Cable v. Alabama Board of Pardons and Paroles  (Appeal from Montgomery Circuit Court: CV04-480)

## ORDER

Upon consideration of the above referenced appeal, the Court of Criminal Appeals orders that said appeal be and the same is hereby DISMISSED on motion of appellant. Having this date dismissed said appeal, the Court further orders that the certificate of judgment shall issue forthwith.

Done this the 15th day of May, 2006.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Charles Price, Circuit Judge
Hon. Melissa Rittenour, Circuit Clerk
Denise Gordon, Court Reporter
Anthony Cable, Pro Se
Office of Attorney General



Attachment 8

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-05-1028**

Anthony J. Cable v. Alabama Board of Pardons and Paroles  (Appeal from Montgomery Circuit Court: CV04-480)

## CERTIFICATE OF JUDGMENT

To the Clerk of the above noted Trial Court, Greetings:

WHEREAS, the appeal in the above-referenced cause has been considered by the Court of Criminal Appeals; and

WHEREAS, an order was issued this date in said cause containing the judgment indicated below:

## Appeal Dismissed

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure and the order of dismissal, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 15th day of May, 2006.**

**Clerk
Court of Criminal Appeals
State of Alabama**

cc: Hon. Charles Price, Circuit Judge
Hon. Melissa Rittenour, Circuit Clerk
Anthony Cable, Pro Se
Office of Attorney General



Attachment 9