IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY J. CABLE, #134917 | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No.2:07cv120-MEF |
| | ) (WO) |
| ALABAMA BOARD OF PARDONS | ) |
| AND PAROLES, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

This cause is before the court on a petition for habeas corpus relief under 28 U.S.C. § 2241 filed by Anthony J. Cable ("Petitioner"), a state inmate, on November 21, 2006.[1] Petitioner challenges the revocation of his parole by the Alabama Board of Pardons and Paroles ("Respondents") on July 24, 2002.[2]

---

[1] Although the present petition was date-stamped "received" in this court on November 30, 2006, the petition was signed by Petitioner on November 21, 2006. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Petitioner] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Accordingly, the court deems November 21, 2006, as the date of filing.

[2] Although Petitioner's current incarceration resulted from an administrative proceeding of the Alabama Board of Pardons and Paroles and not a court, and although Petitioner originally filed his petition under § 2241, he is considered "in custody pursuant to the judgment of a State court," and is, therefore, subject to 28 U.S.C. § 2254 and its attendant restrictions. *See Peoples v. Chatman*, 393 F.3d 1352 (11th Cir. 2004) (applying one-year period of limitation found in 28 U.S.C. § 2244(d) to federal habeas petition filed by state prisoner incarcerated upon revocation of his parole who sought to challenge his waiver of parole revocation hearing) (citing *Medberry v. Crosby*, 351 F.3d
(continued...)

Pursuant to the orders of this court, Respondents filed an answer (Doc. No. 17) in which they argue that the instant petition is barred by the one-year limitation period applicable to habeas petitions. *See* 28 U.S.C. § 2244(d)(1).[3] Respondents contend that because Petitioner's parole was revoked on July 24, 2002 – after the effective date of the statute of limitations – he must have filed his § 2241 petition within one year after the revocation proceeding, exclusive of the time that any properly filed state post-conviction petition or other collateral review was pending in the state courts. (Doc. No. 17 at 4-5.) Respondents acknowledge that Petitioner filed petitions for writ of certiorari in the Circuit Court for Montgomery County, Alabama, on April 14, 2003, and February 24, 2004.[4] (Doc.

---

[2](...continued)
1049 (11th Cir. 2003)); *see also Dill v. Holt*, 371 F.3d 1301 (11th Cir. 2004) (holding that state prisoner who challenged legality of revocation of his parole by filing a habeas petition pursuant to 28 U.S.C. § 2241 was "in custody pursuant to the judgment of a State court" within the meaning of the habeas statute applicable to prisoners in such custody, even though his current incarceration resulted from an administrative proceeding of a state parole board, an executive branch agency, instead of a court; thus, § 2254 and its attendant restrictions applied, including the exhaustion requirement); *Thomas v. Crosby*, 371 F.3d 782 (11th Cir. 2004) (reiterating the holding in *Medberry* and applying it to a petitioner in custody pursuant to a state court judgment who challenged a decision of the Florida Parole Commission).

[3]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Act became effective on April 24, 1996.

[4]Although the petitions for writ of certiorari that Petitioner filed in the circuit court were date-stamped as filed on May 5, 2003, and February 27, 2004, respectively, Petitioner submitted those petitions to prison officials for mailing on April 14, 2003, and February 24, 2004, respectively. As previously noted, under the mailbox rule, a *pro se* inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-72. "Alabama courts have [adopted the mailbox rule and] held that a *pro se* incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993). Consequently, the prison
(continued...)

No. 17, Attachments 1 & 4.) However, they maintain that, even allowing a tolling of the limitation period during the pendency of these state collateral proceedings, the limitation period expired prior to Petitioner's filing this federal habeas petition. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-35 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Petitioner's § 2241 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

It was at the time the Alabama Board of Pardons and Paroles revoked Petitioner's parole in July 2002 that Petitioner was or should have been aware of the factual predicate of his claims. Thus, the limitation period must be measured from the date on which Petitioner's parole was revoked. *See* 28 U.S.C. § 2244(d)(1). Petitioner's one-year limitation period under section 2244(d)(1)(A) began to run on July 24, 2002.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 264 days after revocation of Petitioner's parole until his filing of a petition for writ of certiorari in the Circuit Court of

---

[4](...continued)
mailbox rule applies to a *pro se* petition for writ of certiorari filed in the state courts of Alabama, and this court deems April 14, 2003, and February 24, 2004, to be the filing dates of Petitioner's petitions for writ of certiorari.

Montgomery County on April 14, 2003. That petition remained pending in the state courts until July 21, 2003, when it was dismissed by the circuit court.[5] (Doc. No. 17, Attachment 3.) At such time, Petitioner had 101 days remaining within which to file a timely federal habeas petition. Although Petitioner filed a second petition for writ of certiorari in the circuit court on February 24, 2004, that collateral action had no impact on the running of the federal limitation period, as is was initiated after expiration of the limitation period.[6] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). Thus, the court finds that the limitation period for Petitioner to file a timely federal habeas petition expired on October 30, 2003 – i.e., 101 days after July 21, 2003.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired well before Petitioner's filing of the instant § 2241 petition. In light of the foregoing, it is

---

[5] Petitioner did not appeal the circuit court's July 21, 2003, decision.

[6] The circuit court dismissed Petitioner's second petition for writ of certiorari on January 30, 2006. (Doc. No. 17, Attachment 5.) Petitioner then appealed that decision to the Alabama Court of Criminal Appeals, which dismissed the appeal on motion of the Petitioner on May 15, 2006. (Doc. No. 17, Attachments 6-9.)

ORDERED that **on or before April 25, 2007,** Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 4th day of April, 2007.

                /s/Wallace Capel, Jr.
                WALLACE CAPEL, JR.
                UNITED STATES MAGISTRATE JUDGE