**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

2007 APR 12  A 9: 18

_____

**ANTHONY J. CABLE**
  **Petitioner,**

  **V.**              **2:07-CV-120-MEF**

**ALABAMA BOARD OF PARDONS**
**AND PAROLES, et al.,**
  **Respondents.**

_____

**MOTION TO AMEND**
**AND**
**REQUEST FOR PRELIMINARY INJUNCTION**

  The petitioner wish to amend to his petition the following exhibits as evidence in support of his original habeas corpus petition wish was filed under 28 U.S.C. § 2254 but was amended by this court to 28 U.S.C. § 2241.

**EVIDENCE IN SUPPORT**

1. Exhibit-A Police supplemental report

2. Exhibit-B Notice of Parole Court Hearing

3. Exhibit-C Report of Parole Violations

4. Exhibit-D Page of Parole Court Hearing

5. Exhibit-E Circuit Court Case Action Summary

6. Exhibit-F Page of Parole Court Hearing

7. Exhibit-G Page Action of the Board

8. Exhibit-H Affidavit from Dorothy M. Cable

9. Exhibit-K Affidavit from Anthony J. Cable

**MOTION TO AMEND**

1)  Petitioner offers exhibit-A in support of his claim in (A) ground one: Investigator Charles Harvey gives account of the matters of June 18, 2002. On the front page, paragraphs marked * shows petitioner was not present during time of unlawful entry of his home. This also shows petitioner's parole officer was not present at the time of this initial search. On the last page of this

Pg. 1 of 6

1

exhibit, marked ** Investigator Harvey states that petitioner denies he was involved in anything illegal. Which is a direct contradiction from the testimony of respondent Bridget McGraw. It is noted that hearing officer used the claim of a confession as evidence to revoke petitioner's parole. A claim that was not supported by any physical evidence.

2)      Petitioner offers exhibit-B, in support of his claim in (F) ground six: Petitioner verifies he desired witnesses. It is shown in this exhibit that attorney for petitioner would be notifying petitioner's witnesses. Exhibit-F is records from preliminary parole court hearing. This document shows petitioner had witnesses, but hearing officer {T.C. Bill} did not allow these witnesses the opportunity to give testimony/statement.

3)      Petitioner offers exhibit-C, in support of his claim in (D) ground four: On the second page of this exhibit; in the bottom left corner of the page, is the signature of supervisor's approval of report of parole violations. This was dated June 24, 2002. It is signed by T.C. Bill, who also held the seat as the hearing officer during parole court hearing. This is verified with exhibit-D. It is clear that T.C. Bill was not a neutral and detached hearing officer. His prior involvement disqualified him to act in the capacity as the hearing officer.

It is further demonstrated in his actions, as he willfully disregarded the simple right to have witnesses and present documentary evidence.

4)      Exhibit-D is records from preliminary parole court hearing. Petitioner offers this in support of his claim that parole officer Bridget McGraw gave hear say evidence, false information as evidence, falsely accused petitioner of charge which never existed and that the decision and recommendations of hearing officer and final decision of the board was directly influenced by the actions of parole officer Bridget McGraw. Also see exhibit-G. Signed by two (2) Board members revoking petitioner's parole and citing **"Charges proven", 1,2&3.**

Petitioner also offers exhibit-E in support of claim that parole officer falsely accused/charged petitioner. *"Receiving stolen property"*. Petitioner asks this Honorable court to take notice of Investigator Harvey's report, exhibit-A. There is the information and or evidence to support any charge of parole officer Bridget McGraw. It was established in this report that this investigator and other officer's were the first to enter and search petitioner's home. At the conclusion of such search there was no drugs found.

Petitioner ask that the above be amended to his original petition dated November 21,2006.

Dated: April 5,2007                                    Respectfully submitted,

## REQUEST FOR PRELIMINARY INJUNCTION

Petitioner respectfully submits this motion and asks this Honorable Court to grant his request for preliminary injunction, under Rule 65, of Federal Civil Judicial Procedure and Rules. Against the illegal detainment of petitioner, caused by the violation of his rights under the United States Constitution.

Petitioner will show cause for injunction and ask the Court to order the reinstatement of petitioner's parole pending outcome of this matter that is before the Court. Preliminary injunction should be upheld "unless grounded upon a clearly erroneous factual determination, an error of law, or an abuse of discretion. *Roho, Inc. V. Marquis,* 902 F. 2d 356,358 (5th Cir. 1990)

Under rule 65, to obtain a preliminary injunction, petitioner must demonstrate each of the following: (1) A substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) the threatened injury to petitioner outweighs any damage the injunction might cause to respondents; (4) that the injunction will not disserve the public interest.

## FACTS

1)    On or about June 18 2002 petitioner was violated of his parole for allegedly committing criminal offenses, and detained in the Madison County jail.

2)    On or about June 24 2002 parole officer Bridget McGraw prepared her "report of parole violation". (Exhibit-C) On page (2) two at the bottom it was signed off by T.C. Bill, dated June 24 2002. T.C. Bill held the position as the hearing officer during petitioner's parole court hearing, dated July 12 2002. (Exhibit-D) T.C. Bill was involved personally in all facets of petitioner's matters before and during time of petitioner being violated of his parole. T.C. Bill had a direct hand in the decision making of petitioner being violated of his parole. He was the supervisor to parole officer Bridget McGraw. It is his responsibility to approve or disapprove any action of parole officers when determining possible violations.

3)    On or about July 5 2002 petitioner was served notice of parole court hearing. (Exhibit-B) During which time he notified parole officer, he had witnesses and his attorney would notify them.

4)    On or about July 12 2002 petitioner was present with attorney at parole court hearing. Petitioner had witnesses present and available to testify for him. (Exhibit-F) During said hearing when time for petitioner to present evidence in support of his not guilty plea. Hearing officer, T.C.

Bill refused to allow petitioner's witnesses testimony at his parole court hearing. Hearing officer would not allow these witnesses the opportunity to even give their information in the proceedings. *Note: Hearing officer's comments, *"They were going to say what Cable said in mitigation."* The hearing officer T.C. Bill, for his reason for not allowing petitioner's witnesses the opportunity to testify, made this comment.

## ARGUMENT

Petitioner contends that the presence of T.C. Bill as the hearing officer during his parole court hearing was a breach of the established law set forth by the United States Supreme Court. The standard of review in parole revocation is set out in *Morrissey v. Brewer 408 U.S. 471 (1972)* The U.S. Supreme Court set the minimum due process requirements as follows: (a) written notice of the claimed violation of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and **to present witnesses and documentary evidence**; (d) the right to confront and cross-examine adverse witnesses; (e) **a neutral and detached hearing officer**; (f) a written statement by the fact finder as to the evidence relied on and reasons for revoking parole.

Petitioner avers that it is clearly established law that a parolee has a constitutional right to procedural due process. Failure to honor this basic right is a violation of the Fourteenth Amendment to the United States Constitution.

1. Petitioner was not afforded a neutral and detached hearing officer at his parole court hearing. This is evident by the lack of fairness when hearing officer T.C. Bill knowingly and willfully refused to allow petitioner's witnesses the opportunity to give information at said hearing. Information that was pertinent to petitioner case that was before this hearing officer.

It is also noted that hearing officer did not have enough knowledge or information about petitioner's witnesses to form such an opinion as "they were going to say what Cable said in mitigation". Hearing officer T.C. Bill was not an unbiased person in this matter. Nor was he detached from the matters at hand.

There are other issues petitioner has presented in his original petition that is not being used at this particular time. Petitioner asks this Honorable Court to consider the information and evidence presented, and see the harm and injury caused as a direct result of the actions of respondents.

During the July 12,2002 hearing petitioner plead not guilty to all charges of his parole officer. And requested to be allowed to continue his parole pending alleged charges. Hearing officer denied this request. Said charges were dismissed against petitioner in a court of law.

Petitioner requested reinstatement of his parole, with supporting documents to respondents, being the Alabama Board of Pardons and Paroles. This request went unanswered and later denied.

Petitioner has been held detained in the Department of Corrections for a period of (4) four plus years as a result of the violation of his constitutional rights. Which has affected the lively hood of petitioner and his child, born (13) thirteen days after his arrest and detainment. There is irreparable harm caused in this matter. The continued detainment of petitioner is cause to believe that he is being exposed to further injury. It is a matter that cannot be fixed due to the inability of petitioner to regain the years lost out of his life and the life of his child.

Petitioner therefore ask this Honorable Court to grant his motion for preliminary injunction and order the reinstatement of his parole. Petitioner believes he will be able to prove there his constitutional rights were violated. And that the failure of respondents to acknowledge the rights of petitioner resulted in the loss of his freedom.

Petitioner believes he has met the merits and asks the Court to set a date for hearing in this matter. Petitioner asks that he be present for said hearing, and that an order be issued for the appearance of petitioner before the court. That an order be handed down to the Alabama Department of Corrections transport petitioner to the place of said hearing at the scheduled time and date.

## CONCLUSION

Petitioner offers affidavits from Mrs. Dorothy M. Cable and from himself in support of all claims made in this matter. And all other exhibits listed. And asks the Court to consider this as evidence in support. Petitioner request a hearing concerning the matter and humbly asks the Court to grant said request at the earliest time available.

I swear that the above is true and correct on this 5th day of April 2007.

Respectfully submitted: Anthony J. Cable

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing by placing same in the United States Mail, postage prepaid, and properly addressed as follows:

Gregory O. Griffin, Sr.
Alabama Board of Pardons and Paroles
Legal Division
Post Office Box 302405
500 Monroe Street
Montgomery, Alabama 36130-2405

And

Attorney General Office
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152

Anthony J. Cable #134917
Limestone Correctional Facility
Dorm K Cell 59
28779 Nick Davis Road
Harvest, Alabama 35749-7009

07/31/03  THU 14:09 FAX 256 532 8974          MAD CO DIST ATTY

**SUPPLEMENTAL REPORT**

*Huntsville Police Department*

OCA *2002/3379*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Investigator: *Harvey, Charles Henderson    14181*

Contact:                                                   Date / Time: *07/31/2002 21:32:49*

                                                           Reference: *FOLLOW UP*                    Wednesd

ON 13 JUNE 2002, AUDREY LYNCH MADE A POLICE REPORT ALLEGING THAT HER DAUGHTER HAI RUNAWAY TO NORTH CAROLINA WITH TWO OTHER GIRLS, 2002-12987.

THE TWO OTHER GIRLS, NATASHA HILL AND LASHANA PETTY, HAD RETURNED TO HUNTSVILLE, ALABAMA, BUT THE DAUGHTER, LASHUN LYNCH, HAD REMAINED IN NORTH CAROLINA AT 227 NEW RIVER DRIVE WITH TWO MARINES, CHRISTOPHER TRALES AND MELISSA REESE.

* LASHUN LYNCH IS A WARD OF THE STATE OF ALABAMA, AND STEPHANIE TAYMON OF THE MADISON COUNTY DEPARTMENT OF HUMAN RESOURCES ALREADY HAD MADE A RUNAWAY COMPLAINT BACK ON 30 JANUARY 2002 ALLEGING THAT THE CHILD HAD BEEN MISSING SINCE 20 OCTOBER 2001, CASE 2002-02264. CONSEQUENTLY, THE LATTER COMPLAINT WAS UNFOUNDED IN DEFERENCE TO THE FORMER.

ON THE MORNING OF 18 JUME 2002, AUDREY LYNCH CALLED AND INFORMED ME THAT LASHUN LYNCH WAS BACK IN TOWN AT ANTHONY CABLE'S RESIDENCE, 153 WILKENSON DRIVE. CABLE IS LASHUN LYNCH'S UNCLE. AUDREY LYNCH FURTHER REVEALED THAT CABLE IS A CONVICTED SEX OFFENDER, THAT HE USES HIS HOUSE AS A HAVEN FOR UNDERAGE FEMALE DELINQUENTS, THAT HE TAKES AND SELLS NUDES PHOTOGRAPHS OF THOSE DELINQUENTS, AND THAT HE ALSO USES THEM IN HIS ILLEGAL DRUG TRAFFICKING.

LATER, ON THAT SAME MORNING, OFFICEER B. CAGLE, OFFICER E. DUDLEY AND I WENT TO 153 WILKENSON DRIVE TO LOCATE LASHUN LYNCH PURSUANT TO THE OUTSTANDING RUNAWAY COMPLAINT, CASE 2002-02264.

* WHEN WE ARRIVED, NATASHA HILL COME TO THE FRONT DOOR, AND TOLD ME ANTHONY CABLE HAD JUST LEFT THE RESIDENCE. SHE IDENTIFIED HERSELF AS A RELATIVE OF CABLE AND SAID HE HAD LEFT HER IN CHARGE WHILE HE WAS GONE. I TOLD HER WE WERE LOOKING FOR LASHUN LYNCH. SHE SAID " SHUNA IS STILL IN NORTH CAROLINA ". I SAID " NO, HER MOTHER TOLD ME SHE'S HERE ". SHE SAID " NO, SHE'S NOT; YOU CAN COME IN AND LOOK ".

* THE OFFICERS AND I ENTERED THE RESIDENCE AND CONDUCTED A SEARCH FOR LASHUN LYNCH. DURING THAT SEARCH OFFICER E. DUDLEY DISCOVERED A NUMBER OF PHOTOGRAPHS OF NUDES YOUNG FEMALES. AT THAT POINT, WE TERMINATED OUR SEARCH OF THE PREMISES AND SECURED THE SCENE. WE SUBSEQUENTLY SUMMONED INVESTIGATORS K. PIERCE AND F. SHARP; THEY INVESTIGATE SEXUAL RELATED OFFENSES INVOLVING JUVENILES.

* WHILE WE WERE WAITING FOR THE INVESTIGATORS TO ARRIVED, I ASKED NATASHA HILL TO CALL ANTHONY CABLE; HILL HAD PREVIOUSLY TOLD ME THAT CABLE HAD LEFT HER IN CHARGE OF THE RESIDENCE UNTIL HIS RETURN. SHE CALLED HIM, AND I SPOKE TO HIM ON THE TELEPHONE. HE WAS BELLIGERENT AND ANGRY WHEN HE LEARNED WE WERE IN HIS RESIDENCE. HE SAID HE WOULD IMMEDIATELY RETURN HOME. WHEN HE ARRIVED, WE

R_Supp3

Page    1    of _____



*Exhibit*

**A**

## SUPPLEMENTAL REPORT

Huntsville Police Department                                             OCA  200213379

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

HANDCUFFED AND PLACED HIM IN THE REAR OF ONE OF THE OFFICERS' PATROL CRUISERS. SUBSEQUENTLY, CABLE ASKED TO TALK TO ME. AT THAT POINT, I OPENED A REAR DOOR OF THE CRUISER AND ADVISED HIM THAT HE SHOULD WAIT UNTIL THE OTHER INVESTIGATORS ARRIVE. HOWEVER, HE TOLD ME HE WANTED TO TALK TO ME BEFORE TALKING TO THEM. I THEN READ HIM THE MIRANDA WARNING AND EXPLAINED THAT WE HAD COME TO HIS HOME IN SEARCH OF LASHUN LYNCH AFTER RECEIVING INFORMATION FROM HER MOTHER, AUDREY LYNCH, THAT LASHUN WAS STAYING WITH HIM. I ALSO TOLD HIM THE MOTHER HAD ALLEGED THAT HE WAS USING HER DAUGHTER AND OTHER YOUNG GIRLS TO  TRAFFICK IN DRUGS AND PORNOGRAPHY.

**⁂** ANTHONY CABLE DENIED HE WAS INVOLVED IN ANYTHING ILLEGAL WITH HIS NIECE OR THE OTHER GIRLS WHO WERE STAYING WITH HIM AT HIS RESIDENCE. HE CLAIMED HE HAD ALLOWED HIS NIECE, LASHUN LYNCH TO LIVE AT HIS RESIDENCE WITH HIM BECAUSE HER MOTHER, AUDREY LYNCH, HAD BEEN MAKING HER DO SEXUAL FAVORS FOR MEN IN EXCHANGE FOR ILLEGAL DRUGS.

I ADVISED LYNCH THAT HE SHOULD TELL HIS STORY TO THE OTHER INVESTIGATORS WHEN THEY ARRIVE, AND I DID NOT TALK TO HIM AGAIN UNTIL THE MENTIONED INVESTIGATORS ARRIVED.

R_Supp3

Page ___2___ of _____

# BOARD OF PARDONS AND PAROLES
## NOTICE OF PAROLE COURT HEARING

RECEIVED
JUL 16 2002
State of ___
Pardons and Paroles

DATE: _7-5-02_    LOCATION: _Madison Co. Jail AW_

PAROLEE: _Anthony J. Cable_    # _134,917_

PAROLE OFFICER: _Bridget McGraw_

**A REPORT OF PAROLE VIOLATION** has been prepared dated _6/24/02_ alleging that the parolee whose name and number appear above has violated parole. I have this date provided the parolee with a copy of that report and I have advised the parolee that a **PAROLE COURT HEARING** will be held to determine if there has been a violation of parole and to receive any evidence or argument that the parolee wishes to offer. I have advised the parolee that (s)he may have his/her witnesses testify at the hearing, may present their written statements, or may present any documents or evidence, may be represented by an attorney, may confront and cross-examine witnesses testifying against the parolee (unless the hearing officer finds good cause for not allowing confrontation), and that the parolee will receive a copy of the hearing officer's report.

The **PAROLE COURT HEARING** will be held:

_July 12, 2002_    _9:30 am_    _Madison Co. Jail_
Date                Time              Place

The parolee    ☐ Does

☒ Does Not    request witnesses be notified to be present for him. _(Attorney will notify)_

The Parolee    ☒ Does

☐ Does Not    request an attorney be notified to be present for him.

I have received a copy of the **REPORT OF PAROLE VIOLATION** and this **NOTICE** which I have read or which has been read to me.

_Anthony Cable_ _____    _7-5-02_
Parolee                               Date

I certify that a copy of the **REPORT OF PAROLE VIOLATION** and this **NOTICE** was delivered in my presence to the parolee.

_Bridget McGraw_ _____    _7-5-02_
Parole Officer                      Date

I hereby waive the five day notice of my **PAROLE COURT HEARING** and request that it be held as soon as possible.

_____    _____    _____
Parolee                               Date              Witness

**ADMISSION OF GUILT:** I hereby admit that I am guilty of parole violation as set forth in the Report of Parole Violation in charges # _____ and plan to plead guilty to the same at my parole court hearing.

_____    _____    _____
Parolee                               Date              Witness

Distribution: Original – Hearing Officer; Copy – File; Copy – Parolee
PB Form 103 (REV 9-99)

EXHIBIT
B
tabbies

STATE BOARD OF PARDONS AND PAROLES
Montgomery, Alabama
*REPORT OF PAROLE VIOLATION*
Date: June 24, 2002

RECEIVED

JUN 2 7 2002

~~State Board of~~
Pardons and Paroles

Field Office: Huntsville

Name of Parolee  Anthony J. Cable                                    No. 134,917

Race, Sex & Age  BM-37 DOB: 01/18/65              County of Conviction  Madison

Offense  Rape I

Sentence  45 years

Date Convicted  04/15/83

Date of Parole  10/05/98

Date Sentence Expires  11/28/27

**IF DECLARED DELINQUENT, FORWARD WARRANT TO:**  Bridget McGraw
                                                  **Probation Officer**
                                                  Madison County
                                                  **County Probation Office**
                                                  100 Northside Square, Rm. 605
                                                  **P.O. Box or Number and Street**
                                                  Huntsville, Alabama  35801
                                                  **City, State, and Zip Code**

Supervision Level at Time of Delinquency: 3

*CHARGE NO. 1:*
Violation of Condition No. 7
NEW OFFENSE - Violation of Community Notification Act.

*LEGAL FACTS:*

On 06/18/02, Huntsville Police Department Officers arrested Anthony J. Cable and charged him with Violation of the Community Notification Act. Cable was taken to the Huntsville City Jail. A parole violator warrant was issued that same date. He is presently in custody at the Huntsville City Jail.

*DETAILS:*

On 06/18/02 at 10:30 AM, Huntsville Police Investigator Kathy Pierce notified this officer that a 14 year old female runaway was reportedly living at Anthony Cable's residence at 153 Wilkerson Drive, Huntsville, Alabama. Cable is a convicted sex offender and is not allowed to live with underage children. This officer, accompanied by Parole Officers Lamar Evans and Michael Bucey, went to 153 Wilkerson Drive. Huntsville Police Investigator Sharp told me they had been in the house looking for an underage runaway female. She was not inside, but two other females: Christina Douglas, dob: 04/27/84, and Natasha Hill, dob: 07/4/84, were inside. I, Evans and Bucey went into the home. We saw a computer on the living room floor. It was later determined to have been stolen from a burglary at Oakwood College. In Cable's bedroom, we saw a ceramic saucer that had a straight razor and white powder on it. We then searched the bedroom. On a shelf near the bed, Bucey found a can which contained small off white rocks wrapped in plastic. We requested a Huntsville Police Department narcotics officer to come and field test the substance. Investigator Crocker came to the scene. The substance in the can field tested positive for cocaine.

EXHIBIT
C

Investigator Pierce interviewed the two underage females. Christina Douglas (DOB: 04/27/84) told Pierce she had been staying at Cable's house for several days. The back bedroom contained girl's clothes and make-up. Pierce interviewed Cable who told her Natasha Hill (dob: 07/4/84) had been living with him for about 5 days. Cable also admitted that he rented out his house for people to come and use drugs.

In the driveway were three vehicles. Cable had driven up in a 1989 Oldsmobile. The vehicle had Cable's mother's handicapped license plate on it, but was registered to a Jason Scott McNeal. Cable later admitted that he obtained the car and computer in exchange for drugs.

## CHARGE NO. 2
Violation of Condition No. 7
NEW OFFENSE - Possession of Cocaine

## LEGAL FACTS:

Same as in Charge No. 1

## DETAILS:

Same as in Charge No. 1. These details deal specifically with the cocaine found in Cable's bedroom.

## CHARGE NO. 3
Violation of Condition No. 7
NEW OFFENSE - Receiving Stolen Property

## LEGAL FACTS:

Same as in Charge No. 1

## DETAILS:

Same as in Charge No. 1. These details deal specifically with the stolen computer and car.

## RECOMMENDATION:

**I recommend revocation.**

**Signed and dated at Huntsville, Alabama, this the 21st day of June, 2002.**

**Bridget McGraw**
**Alabama Probation and Parole Officer**

BMc/bl

Rec. ☑☑
6-27-02

-2-

56

# BOARD OF PARDONS AND PAROLES
## PAROLE COURT HEARING

DATE: __07-12-02__    LOCATION: __Huntsville, Alabama__

PAROLEE: __Anthony J. Cable__    NUMBER: __134,917__

HEARING OFFICER: __T. C. Bill__

CHARGE NUMBER: __1__    PAROLE CONDITION NUMBER: __7 – Violation of the Notification Act__

### THE FOLLOWING WERE HEARD AS WITNESSES AFTER ANSWERING AFFIRMATIVELY TO:
### "DO YOU SWEAR OR AFFIRM THAT YOU WILL TELL THE TRUTH IN THIS HEARING?"

1. Name/Title: __Bridget McGraw - Oarole Officer__
2. Name/Title: __Anthony J. Cable - parolee__
3. Name/Title: _____
4. Name/Title: _____
5. Name/Title: _____

## STATEMENT OF THE EVIDENCE RECEIVED

Ms. McGraw said that she was notified by the Huntsville Police Department that a 14-year-old runaway was living at Cable's residence, 153 Wilkerson Drive in Huntsville. Ms. McGraw and two other Probation and Parole Officers went to the residence, and they were told by a Huntsville Police Department Investigator that the 14 year old was not in the house, but two other, underage young women were inside. Ms. McGraw went into the house with her companions from the Huntsville office, and they saw the two young women and a computer. They went to a bedroom and saw a photograph of a naked woman on the floor. They also found some money and more pictures of naked females under the mattress in the room. They found a saucer with a razor blade. As they continued to search, they found some pieces of suspected crack cocaine. Ms. McGraw asked to have an officer from the Vice and Narcotics respond to the house, and a field test was conducted on the suspected material. The test was positive for cocaine.

Ms. McGraw said that she told Cable his rights before she and the other Probation and Parole Officers entered the house. They were told that the computer in the house had been reported stolen. Ms. McGraw went back outside the house, and she was present when Cable admitted that he had taken the computer in exchange for cocaine. There was an Oldsmobile in the driveway, and Ms. McGraw said that he had gotten it in trade for cocaine. The car was registered to a Mr. McNeal. Ms. McGraw had seen the two young women, and she was given their dates of birth by another investigator of the Huntsville Police Department. They were under age, and that was determined by the identification card of one of them and the driver's license of the other.

Ms. McGraw answered questions from Mr. Callaway. She said that she went into the second bedroom on the left, and she determined that it was Cable's bedroom because it contained envelopes and bank statements addressed to Cable. The house had three bedrooms. One looked as if it had been turned into a den. The third bedroom had women's clothing in it, along with some makeup, a tampon and some children's clothing. Also, no other men had

EXHIBIT
D

57

been in the house when the vari___ officers arrived.  Cable had not been ___ the residence when the police arrived.  Cable said that he had spent the previous night at the house.  Ms. McGraw said that one of the young women had been at the house for five days, and Ms. McGraw had been present whey they were questioned.

On the advice of his attorney, Cable did not comment about the new charges, but he did answer questions in order to offer mitigation.  Cable lives at 153 Wilkerson Drive.  He has a 21-year-old daughter and a son, who is just 11 days old.  He has never seen the boy.  The child's mother is Susan Lightford, and they are not married.  He wants to provide for his son.  Cable's mother borrowed $30,000.00 to set him up in the real estate business.  He was going to buy and fix up houses then sell them.  Mrs. Wynn told him he could not do that and needed a regular job.  He enrolled in Drake Technical but was getting too few class hours to suit Mrs. Wynn.  He lost the house he bought, and he lost money he had spent on it.  Altogether, he lost $26,000.00.  His mother is unemployed and draws Social Security, and the debt will fall to her if he cannot bond out of jail.  He feels that he has an obligation to her and to his new son.  He has some job opportunities and would even work through a temporary agency if he were allowed to bond out.  He said that the mother of his new son is older, had a rough pregnancy and has large hospital bills.  Finally, he has enrolled in Virginia College and will lose a grant and a loan if he has to stay in jail.

This charge has to do with the Violation of the Notification Act.

☒ I FIND THE PAROLEE IS GUILTY OF THIS CHARGE OF PAROLE VIOLATION.

☐ I FIND THERE IS INSUFFICIENT EVIDENCE TO SUPPORT THIS CHARGE OF PAROLE VIOLATION.

Signed:_____     Date: __July 15, 2002__
              Parole Court Hearing Officer

Distribution:     Original - Board
                  Copy - File
                  Copy - Parolee
PB Form 104A (REV. 5-02)

# BOARD OF PARDONS AND PAROLES
## PAROLE COURT HEARING

*58*

DATE:  07-12-02

LOCATION:  Huntsville, Alabama

PAROLEE:  Anthony J. Cable

NUMBER:  134,917

HEARING OFFICER:  T. C. Bill

CHARGE NUMBER:  __2__    PAROLE CONDITION NUMBER:  7 - New Offense:  Possession of Cocaine

THE FOLLOWING WERE HEARD AS WITNESSES AFTER ANSWERING AFFIRMATIVELY TO:

"DO YOU SWEAR OR AFFIRM THAT YOU WILL TELL THE TRUTH IN THIS HEARING?"

6. Name/Title:  Bridget McGraw - Parole Officer

7. Name/Title:  Anthony J. Cable - parolee

8. Name/Title:

9. Name/Title:

10. Name/Title:

### STATEMENT OF THE EVIDENCE RECEIVED

Please see the details above.  This has to do with the cocaine that was found and field tested in the house where Cable lives.  The controlled substance was in Cable's bedroom, and that was determined by the items found in that room.

☒ I FIND THE PAROLEE IS **GUILTY** OF THIS CHARGE OF PAROLE VIOLATION.

☐ I FIND THERE IS **INSUFFICIENT EVIDENCE** TO SUPPORT THIS CHARGE OF PAROLE VIOLATION.

Signed:_____    Date:  July 15, 2002
      **Parole Court Hearing Officer**

Distribution:    **Original - Board**
          **Copy - File**
          **Copy - Parolee**

PB Form 104A (REV. 5-02)

# BOARD OF PARDONS AND PAROLES
## PAROLE COURT

DATE: 07-12-02

LOCATION: Huntsville, Alabama

PAROLEE: Anthony J. Cable

NUMBER: 134,917

HEARING OFFICER: T. C. Bill

## HEARING OFFICERS FINDINGS, EVIDENCE RELIED ON:

Cocaine was found in Cable's room.

## MITIGATION:

Please see Cable's statement above.

## RECOMMENDATION:

Due to this and the other charges, revocation is recommended.

Signed: _____

PAROLE COURT HEARING OFFICER

Date: July 15, 2002

Distribution:   Original - Board
                Copy - File
                Copy – Parolee

PB Form 104B (REV. 5-02)

# BOARD OF PARDONS AND PAROLES
# PAROLE COURT HEARING

*60*

DATE: __07-12-02__

PAROLEE: __Anthony J. Cable__

LOCATION: __Huntsville, Alabama__

HEARING OFFICER: __T. C. Bill__

NUMBER: __134,917__

CHARGE NUMBER: __3__  PAROLE CONDITION NUMBER: __7 – New Offense:  Receiving Stolen Property__

### THE FOLLOWING WERE HEARD AS WITNESSES AFTER ANSWERING AFFIRMATIVELY TO:
### "DO YOU SWEAR OR AFFIRM THAT YOU WILL TELL THE TRUTH IN THIS HEARING?"

11. Name/Title: __Bridget McGraw - Parole Officer__

12. Name/Title: __Anthony J. Cable - parolee__

13. Name/Title: _____

14. Name/Title: _____

15. Name/Title: _____

### STATEMENT OF THE EVIDENCE RECEIVED

Please see the details above.  Cable gave two people cocaine in exchange for a computer and a car.  The computer had been reported stolen, and the car was not registered to Cable.  It may not have been stolen, but the computer had been.  Mr. Callaway pointed out that Cable had not been charged by the police with this case.

☒ I FIND THE PAROLEE IS GUILTY OF THIS CHARGE OF PAROLE VIOLATION.

☐ I FIND THERE IS INSUFFICIENT EVIDENCE TO SUPPORT THIS CHARGE OF PAROLE VIOLATION.

Signed: _____
    Parole Court Hearing Officer

Date: __July 15, 2002__

Distribution:  **Original - Board**
    **Copy - File**
    **Copy - Parolee**

PB Form 104A (REV. 5-02)

# BOARD OF PARDONS AND PAROLES
## PAROLE COURT

*61*

DATE:    07-12-02

LOCATION:    Huntsville, Alabama

PAROLEE:    Anthony J. Cable

NUMBER:    134,917

HEARING OFFICER:    T. C. Bill

## HEARING OFFICERS FINDINGS, EVIDENCE RELIED ON:

Cable, by his own admission, took a stolen computer as payment for cocaine.

## MITIGATION:

Please see Cable's statement above.

## RECOMMENDATION:

Based on this and the other charges, revocation is recommended.

Signed: _____

PAROLE COURT HEARING OFFICER

Date:  July 15, 2002

Distribution:    Original - Board
Copy - File
Copy – Parolee

PB Form 104B (REV. 5-02)

19

```
ACR0372              ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2003 001320.00
OPER: ROD                      CASE ACTION SUMMARY
PAGE:    1                     CIRCUIT  CRIMINAL                 RUN DATE: 05/01/2003
===============================================================================
IN THE CIRCUIT COURT OF MADISON                                          JUDGE: REW

STATE  OF  ALABAMA                   VS       CABLE ANTHONY JAMES
                                              153 WILKENSON DR
CASE: CC 2003 001320.00
                                              HUNTSVILLE, AL  35811 0000

DOB: 01/18/1965          SEX: M  RACE: B  HT: 5 06   WT: 162   HR: BLK EYES: BRO
SSN: 418882444  ALIAS NAMES:
CHARGE01: COMM NOTIFICATION-DE CODE01: CNAR  LIT: COMM NOTIFICAT TYP: M #: 001
CHARGE02: POSS COCAINE         CODE02: VPCC                    TYP: F #: 001
OFFENSE DATE: 06/18/2002                AGENCY/OFFICER: 0470100 PIERCE

DATE WAR/CAP ISS:                       DATE ARRESTED: 06/21/2002
DATE     INDICTED: 04/18/2003           DATE     FILED: 04/18/2003
DATE     RELEASED:                      DATE   HEARING:
BOND     AMOUNT:        $2,000.00           SURETIES:

DATE 1:                  DESC:              TIME: 0000
DATE 2:                  DESC:              TIME: 0000

TRACKING NOS: DC 2002 003846 00  /  DC 2002 003847 00  /

   DEF/ATY:                        TYPE:                        | TYPE:

                      00000                          00000

PROSECUTOR: CALLAHAN REBEKAH A

===============================================================================
OTH CSE: DC200200384600 CHK/TICKET NO: 2002 13465    GRAND JURY: 003J
COURT REPORTER: _____ SID NO:    000912477
DEF STATUS: JAIL               DEMAND:                          OPER: ROD
===============================================================================
DATE          ACTIONS, JUDGEMENTS, AND NOTES
===============================================================================
```

Exhibit

E

55

# BOARD OF PARDONS AND PAROLES

## PAROLE COURT HEARING

DATE: __07-12-02__

PAROLEE: __Anthony J. Cable__                    LOCATION: __Huntsville, Alabama__

HEARING OFFICER: __T. C. Bill__                    NO. __134,917__

☒ ARRESTED AS PAROLE VIOLATOR?          ☒ YES  ☐ NO  (Date) __06-18-02__

☒ NOTICE OF PAROLE COURT HEARING COMPLETED AND SERVED.

☒ DID THE PAROLEE REQUEST REPRESENTATION BY AN ATTORNEY?  ☒ YES ☐ NO

Comments: _____

☒ IS AN ATTORNEY PRESENT FOR THE PAROLEE?  ☒ YES ☐ NO

Comments: __Mr. Brice Callaway__

☐ IF PRO SE, DOES THE PAROLEE APPEAR TO BE COMPETENT?  ☐ YES ☐ NO

Comments: _____

☒ DID THE PAROLEE REQUEST WITNESSES?                    ☒ YES ☐ NO

☒ WERE WITNESSES NOTIFIED TO BE PRESENT?            ☒ YES ☐ NO

Comments: __They were going to say what Cable said in mitigation.__

☒ THE PAROLEE WAS ADVISED: YOU HAVE THE RIGHT TO REMAIN SILENT. ANYTHING YOU SAY CAN AND WILL BE USED AGAINST YOU. YOU CANNOT BE MADE TO GIVE UP THE RIGHT TO REMAIN SILENT. YOU MAY EXERCISE THE RIGHT TO REMAIN SILENT AT ANY TIME.

Signed: _____          Date: __7-15-02__
          Parole Court Hearing Officer

Distribution:  Original - Board
                    Copy - File
                    Copy - Parolee

PB Form 104 (REV. 5-02)

EXHIBIT
F

# STATE OF ALABAMA
## BOARD OF PARDONS AND PAROLES

## ACTION OF THE BOARD SUBSEQUENT TO PAROLE COURT

PAROLEE: _____Anthony J. Cable_____

AIS # __134,917__

Parole Court was held before ___T. C. Bill___

at _____Huntsville_____, Alabama. The Hearing Officer, on __7/12/02__

statute, and this Board has reviewed the detailed statement of evidence, the findings, and the reasons supporting those findings, which were:

_____ **CHARGES PROVEN.** The Hearing Officer has determined that Charge(s) #_____ was/wer proven to his reasonable satisfaction. His Report and Recommendation addressed the evidence of mitigating circumstances, as well a the evidence that conditions of parole were violated. The record further reflects that an acceptable parole plan is in place which offer the parolee a reasonable possibility of living and remaining at liberty without violating the law. It is, therefore, recommended tha Parolee be RE-INSTATED to a satisfactory program.

It is recommended that the following additional conditions be imposed to improve the likelihood that the parolee will remain at liberty without violating the law:

_____

_____

_____

__X__ **CHARGES PROVEN.** The Hearing Officer has determined that Charge(s) # __1, 2 + 3_____ was/were proven to his reasonable satisfaction. His Report and Recommendation addressed the evidence of mitigating circumstances, as well as evidence that conditions of parole were violated. It is, therefore, recommended that parole be REVOKED in this case.

Comes now the Board of Pardons and Paroles at Open Public Meeting, and after considering all evidence from Parole Court, including any mitigating circumstances, orders:

**BOARD INITIALS**

_____ _____ _____ Continued to _____.
                                            (date)

_____ _____ _____ Taken under advisement

_____ _____ _____ That parole be REVOKED and given further consideration in __7-07__

_____ _____ _____ That parole be revoked since a satisfactory plan has not been submitted within a reasonable amount of time and for reasons addressed in parole court and given further consideration in _____.

_____ _____ _____ That the order of delinquency is void and parolee is RE-INSTATED on parole with the following SPECIAL CONDITIONS:_____

_____

_____

Distribution Date __7-25-02__ to:

Original – Board File
Parole Office __Huntsville - McGraw__
Parolee
DOC
ACJIC
Control Book
CO Form 013 – A (Rev. 10-99)

Chairman of the Board _____ Date

Member of the Board _____ 7-24-02   Date

Member of the Board _____

**EXHIBIT**
**G**

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

ANTHONY J. CABLE, AIS # 134917S )
     Petitioner, )
      )
Vs.               )       **CASE NO. CV-04-480**
      )
**ALABAMA BOARD OF** )
**PARDONS & PAROLES, et .al.** )
     **Respondent.** )

## FINAL ORDER

    The Petitioner comes challenging the Alabama Board of Pardons and Paroles actions in revoking Petitioner's parole. Petitioner challenges the Parole Board's revocation process claiming non-compliance with the *Morrissey v Brewer, 408 U.S. 471 (1972)* minimum due process requirements. The Court having reviewed Petitioner's complaint and the Board's response is of the following opinion:

    The Court takes judicial notice of its record in Montgomery County Case CV 03-1152, wherein, Judge William Shashy ruled on the same issues presented in the case at bar. The Board's argument that the issues presented to this Court are the same and therefore barred by "res judicata" is well taken.

    It is, therefore, **ORDERED, ADJUDGED and DECREED,** that this action is due to be dismissed under the theory of "res judicata", due to the issues at bar having been previously litigated.

    Done this 30 day of _____ 2006.

                   CHARLES PRICE
                   Circuit Judge

CC:DANA L. PITTMAN, ASST. ATTORNEY GENERAL
    BD. OF PARDONS & PAROLES
    P.O. BOX 302405
    MONTGOMERY, AL 36130

    ANTHONY CABLE,AIS# 134917
    1000 ST CLAIR RD
    SPRINGVILLE, AL. 35146-5582

2006 JAN 30 PM 3: 05

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

**ANTHONY J. CABLE**
       **Petitioner,**


    **V.**                                       **2:07-CV-120-MEF**


**ALABAMA BOARD OF PARDONS**
**AND PAROLES et al.,**


**STATE OF ALABAMA**
**COUNTY OF LIMESTONE**
    **Before me the undersigned authority, a Notary Public in and for said County and State of Alabama at large personally appeared Anthony James Cable to me and being by me first duly sworn, deposes and says under oath as follows:**

    On the morning of June 18, 2002, I Anthony J. Cable was violated of my parole for alleged criminal offenses. My home was entered and searched by the Huntsville Police department without a search warrant and without consent to search. I was not present during the time of this illegal search. I became aware of these actions when I called my home from my cell phone.

    Investigator Charles Harvey of the Huntsville Police Department answered my home phone. During which time I questioned the officer why he was in my home without my consent or me being present. My parole officer, Ms. Bridget McGraw was not present during the time of this illegal entry of my home.

    I return home and witnessed several policemen coming out of my house as I drove into the driveway. I was met at my car by investigator Harvey and other officers,

*EXHIBIT-H*

*1*

handcuffed and placed in a patrol car. I was held detained in this car until my parole officer came to the house.

Ms. McGraw refused to talk to me when she got there. She, along with two other parole officers and police officers entered my home without me and searched my home. I requested to be allowed to witness them search my house. Ms. McGraw disregarded my request. During both times my home was searched, there was no one to witness the extent of these searches.

I had let asked someone to sit at my house while I was away; Ms. Natasha Hill. This person identified herself to the police when they came to my home. She informed Mr. Harvey that she is related to me and was left to watch my house while I was away. She also informed Mr. Harvey the only way she could allow him to enter my home without my approval was if he had a search warrant.

I was contacted and informed of this matter. At which time I told Natasha to let Mr. Harvey know that no one is allowed to enter my home while I was not their. Mr. Harvey disregarded what I said. Mr. Harvey claimed he was told by another relative of mine that my great-niece, who had ran away from home over one year prior to this day, was staying at my house. Natasha told Mr. Harvey that the information he had was false. She informed Mr. Harvey of the whereabouts of this person.

Mr. Harvey's so called source was a known crack addict and ex-felon, name Audrey Lynch. The information given by this investigator as to the person that allegedly gave him this information was false. Mr. Harvey shared this false information with parole officer Bridget McGraw. Ms. McGraw based her actions on the information she received from the investigator of the Huntsville Police Department.

I was arrested and charged with violation of community notification act and possession of controlled substance. Charges, which were dropped. Ms. McGraw violated my parole for the above two offenses and added receiving stolen property. This was never mentioned in a criminal matter by the police or courts.

Before I was taken to jail, Ms. McGraw spoke briefly with me. She had my organizer in her possession. She took the money out that I had in it, counted the money and took $60.00 from the $190.00 I had. She told me *"this is for your supervision fee"*. Two officers then took me to the Huntsville department. I was later on that day placed in the custody of the Madison County Jail.

On July 5, 2002, Ms. McGraw served me notice of my evidentiary parole court hearing. She tried to justify her reason for being late serving the notice. I refused to sign off to waive the time allowed. I informed Ms. McGraw that I have an attorney and witnesses. During this time, I questioned her about the money she took out of my organizer. She said she would send me a receipt. I never got that receipt. I did not owe $60.00 for supervision fee. My fee was only $30.00 per month. I was already paid up for the month of June. Nor was I behind on my payments.

On July 12, 2002, I was present with counsel for my evidentiary parole court hearing. I had witnesses present and available to testify at this hearing. These witnesses were not allowed to testify at my hearing. I also had documentary evidence, which the hearing officer refused to allow me to present as evidence. The hearing officer told both parties the sole purpose of this hearing was to gather information and evidence to present to the Board, for them to determine if any further actions are necessary.  The hearing officer was Mr. T.C. Bill. Mr. Bill was Ms. McGraw's supervisor. He also signed off on the violation report approving the violations and detainment.

Mr. Bill had prior involvement with me while I was on parole. He acted as my parole officer, when my former parole officer Diane Wynn was transferred. Mr. Bill also on other accounts made decisions concerning my welfare and personal life. Mr. Bill supported Ms. Wynn, my former parole officer; in telling me, I could not attend Jr. College unless I was getting eighteen credit hours, when the school only allowed twelve credit hours.

Mr. Bill personally told me because I was classified as a sex offender, I could not have my own business. A business I had spoke with my former parole officer, Ms. Wynn about, and got her approval. This business was in real estate. At the time, I had invested $26,000.00, of money that my mother borrowed on her house to help me get started.

I was given seven days to sell this house and abolish my business, or I would be violated of my parole. On the scheduled date of my visit with Ms. Wynn, I sold this property at a price well below the amount of money I had invested in it.

On another account, Mr. Bill told me that I could not pursue attacking my criminal conviction while I was on parole. I was attempting to get a DNA test to prove my innocence. Mr. Bill told me, as long as I was on parole, he better not hear of me trying to work on my case. He threatened to violate my parole and lock me back up if he found out I was fighting my case.

During the month of June, 2002 I found out that Ms. Bridget McGraw was my new parole officer. I had one in office visit with her. During this visit, Ms. McGraw stated her dislike for me. Her dislike was based on me being convicted of rape. I reported this to Mr. Bill. I was told by T.C. Bill, *"I support the decisions of my parole officers. If you have a problem with Ms. McGraw, I can always send you back to prison."*

During the parole court hearing, I witnessed Ms. McGraw give her statement. This was done without any supporting evidence. Ms. McGraw gave second hand information, being hearsay evidence only. Ms. McGraw never presented any evidence to support her claims of the information she received from other sources. During this hearing, Ms. McGraw gave false information as evidence. She said I was charged with receiving stolen property. A charge that never exist.

My attorney questioned these actions. Mr. Bill stopped the proceedings, turn off the tape recorder, and informed my attorney and me; *"This is not a revocation hearing. Ms. McGraw is allowed to present her statement at my hearing."*

Parole officer Bridget McGraw fail to give a report of my progress kept of me while I was on parole. I plead not guilty to the charges and made a request to be allowed to remain on parole pending the outcome of the alleged criminal matter. The hearing officer denied this request, and recommended I be revoked of my parole.

My parole was revoked July 24,2002. This was only nine days after T.C. Bill filed his report and findings. I wrote a letter to Ms. Gladys Riddle requesting a final revocation hearing. Ms. Riddle was one of the Board members that signed off, revoking my parole. I also wrote a number of letters to Mr. William Segrest, the executive director, requesting a final revocation hearing. None of my letters was answered.

I was told to wait two years and then request reconsideration for reinstatement of parole. This was forwarded to me thru my mother, from Mr. Segrest. I did as instructed, but the request was denied.

At no time was there a warrant for retake issued by the Department of Corrections, to allow my continued detainment. Bridget McGraw failed to serve the police officer's with a written statement, that it was believed that I was involved in any type of criminal behavior or was about to lapse into criminal behavior.

Dated: _4-5-05_

Respectfully submitted:

_Anthony J. Cable_

## <u>ACKNOWLEDGEMENT</u>

STATE OF ALABAMA
COUNTY OF LIMESTONE

_____
Affiant Signature

Sworn to and subscribed before me this _5_ day of _April_ , 2007

_____
Notary Public

_9-26-07_
Commission Expires:

6



IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA

ANTHONY J. CABLE )
AIS #134917S )

)
Petitioner, )
)
v. )          CASE NO. CV-03-1152-SH
)
ALABAMA BOARD OF PARDONS )
AND PAROLES, et al. )
)
Respondent. )

## FINAL ORDER

The Petitioner alleges that the Alabama Board of Pardons and Paroles ("Parole Board") failed to provide him with due process in revoking his parole.

The records of the Parole Board reflect: (1) that the petitioner was given written notice of the charges of parole violation; (2) that the Petitioner was present and represented by counsel and, (3) that Petitioner was given the opportunity to confront and cross-examine adverse witnesses.

The Court finds Petitioner has failed to establish the Defendants acted illegally or improperly in the revocation process. It is, therefore, ORDERED, ADJUDGED and DECREED that the actions of the Board of Pardons and Paroles are due to be, and they are hereby, SUSTAINED. Case dismissed.

Done this the  21  day of July, 2003.

WILLIAM A. SHASHY
Circuit Judge

Anthony J. Cable
Gregory O. Griffin, Sr. – Pardon and Parole Board

EXHIBIT
J

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANTHONY J. CABLE

Vs.                                                    Case No. 2:07-CV-120-MEF

ALABAMA BOARD OF PARDONS
AND PAROLES, et. al.,

<u>AFFIDAVIT</u>

STATE OF ALABAMA
COUNTY OF MADISON
      Before me the undersigned authority, a Notary Public in and for said County and State of Alabama at large, personally appeared Dorothy M. Cable to me and being by me first duly sworn, deposes and says under oath as follows:

      My name is Dorothy M. Cable, I am over the age of twenty-one. I am the mother of Anthony J. Cable, who is the petitioner in this matter. I here by give this statement of facts in the matter of (Case # 2:07-CV-120-MEF).

      I along with my son, William Cable went to the Parole office in Montgomery, Alabama. During this visit, we had a meeting with Mr. William Segrest, the Executive Director of the Alabama Board of Pardons and Paroles.

      During this meeting we discussed the matter of Anthony being revoked of his parole. I asked Mr. Segrest a number of questions concerning my son's status and the procedures taken to revoke Anthony's parole.

      I explained to Mr. Segrest that Anthony had witnesses available and present to testify at his preliminary parole court hearing, but the hearing officer refused to allow those witnesses to testify. I was also present for this hearing along with Anthony's witnesses. Mr. Segrest response to me was, "*It would not have mattered, I only believe what my parole officer says.*" I asked Mr. Segrest, was it a policy of the Board to deny a parolee witnesses at their

*EXHIBIT-K*

*1*

parole court hearing. Mr. Segrest told me that he supports the decisions made by his parole officers. I also shared with him of statements from witnesses on behalf of Anthony. Again Mr. Segrest told me he only believes what his parole officers report.

I then brought up the fact that Anthony Never received a final revocation hearing, but was still revoked of his parole. I asked Mr. Segrest why was Anthony not given a revocation hearing. Mr. Segrest replied, *"I didn't see a need for another hearing. I was satisfied with my parole officer's information."*

I brought to Mr. Segrest's attention that the hearing officer also had a personal issue in this matter, but still sat in as the hearing officer. {Mr. T.C. Bill personally addressed matters concerning Anthony's personal life.}

I borrowed thirty thousand dollars ($30,000.) to help Anthony start his business in real estate. We spoke with Anthony's parole officer, Ms. Diane Wynn, to make sure it was all right to do so. Ms. Wynn gave the approval.

However, several months after Anthony had invested in property, Ms. Wynn called Anthony in for an office visit. At which time she told Anthony he could not have his own business, because he was classified as a sex offender. Ms. Wynn gave Anthony one (1) week to sell his property and abolish his business, or he would be violated of his parole.

The sudden change of Ms. Wynn was in following the orders of her supervisor, Mr. T.C. Bill. This was made knowledgeable when Anthony requested to speak to Ms. Wynn's supervisor. During the conversation Mr. Bill acknowledged that he had informed Ms. Wynn that Anthony could not have a business dealing with real estate because of his classification as a sex offender.

Mr. Segrest told me he supports his parole officer's decisions 100%. I then asked Mr. Segrest what does Anthony need to do to get reinstated. Mr. Segrest to me to tell Anthony to wait two years and then write him a letter requesting reinstatement. At which time he would reconsider his status. This information was forward to Anthony, and Anthony did as instructed. But Mr. Segrest refused to acknowledge Anthony's request.

On other accounts I spoke to other board members of the parole board, and staff members. During which time I was told Anthony needed to address this matter to the executive director, which was Mr. William Segrest.

I swear that the above statement is true and correct.

Mrs. Dorothy M. Cable

2

# ACKNOWLEDGMENT

*Dorothy M Cable*
**Dorothy M. Cable**

Sworn to and subscribed before me this __4th__ day of __April__ 2007.

*Donna D. Malone*
**Notary Public**

My commission expires __12-7-09__

3

2007

10    APR

HUNTSVILLE AL 358
PM

2007

10    APR

HUNTSVILLE AL 358
PM

ANTHONY L. GIBBS #191191
LIMESTONE C.F. K-59T
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

This correspondence is forwarded from
an Alabama State Prison. The contents
have not been evaluated, and the Alabama
Department of Corrections is not
responsible for the substance or content
of the enclosed communication.

**LEGAL MAIL
CORRESPONDENCE**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION
P.O. BOX 711
MONTGOMERY, AL 36101