IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY J. CABLE, #134917 ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.2:07cv120-MEF |
| ) | (WO) |
| ALABAMA BOARD OF PARDONS ) | |
| AND PAROLES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 28 U.S.C. § 2241 habeas action, Petitioner, a state inmate, has filed a motion for preliminary injunction pursuant to Fed.R.Civ.P. 65 (Doc. No. 21) in which he requests that this court order reinstatement of his parole pending the outcome of the proceedings on his habeas petition challenging the revocation of his parole. Upon consideration of the motion for preliminary injunction, the court concludes that the motion for preliminary injunction is due to be denied.

**DISCUSSION**

A preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion as to ***all*** prerequisites. *United States v. Jefferson County*, 720 F.2d 1511 (11th Cir. 1983). The four prerequisites that a movant must satisfy are as follows: (1) a substantial likelihood that the movant will ultimately prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs the

damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, will not be adverse to or harm the public interests. *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

The records before this court indicate that the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired well before Petitioner's filing of his § 2241 petition and that his petition is therefore subject to denial for untimeliness. *See* Court's Order of April 4, 2007 (Doc. No. 18). Therefore, Petitioner fails to establish a substantial likelihood of success on the merits of his § 2241 petition. In addition, Petitioner makes only a conclusory assertion that he will suffer irreparable harm absent issuance of a preliminary injunction. Finally, Petitioner fails to address balancing the equities of the parties or whether the issuance of an injunction would be in the public interest. Consequently, the pleadings before this court fail to establish that Petitioner meets each of the prerequisites necessary for issuance of a preliminary injunction.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Petitioner's motion for preliminary injunction be denied. It is further

ORDERED that **on or before April 30, 2007,** the parties shall file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 16th day of April, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE