IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISON

RECEIVED
2007 APR 20 A 9: 40

ANTHONY J. CABLE
Petitioner

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

vs.
ALABAMA BOARD OF PARDONS
AND PAROLES et al.,
Respondents

Case No. 2:07-cv 120-MEF

## OBJECTION & MOTION FOR JUDGMENT AND SANCTIONS

Comes Now the Petitioner, in the above style cause and respectfully object to the order dated March 4, 2007 which orders the petitioner to "show cause why his Federal habeas corpus should not be denied", as respondents file in answer to original petition.

Petitioner will show cause to support his objection and request sanctions against respondents, and judgment granting petitioner the relief he seeks in this matter.

## HISTORY OF FACTS

1) The petitioner filed in the Northern District a 28 U.S.C. § 2254 petition for habeas corpus, November 21, 2006 challenging the July 24, 2002 revocation of his parole.

2) This petition was recommended for transfer to the Middle District of Alabama January 10, 2007. And ordered to be transferred January 22, 2007.

3) The Court on February 9, 2007 ordered respondents to file an answer within twenty days of the date of this order. Petitioner and respondents were instructed by the Court to comply with the provisions of Rule 5 of the rules governing § 2254 cases in the district court. The court made it clear that failure to file pleadings in conformity with the *Federal Rules of Civil Procedure* and/or the directives of this court will result in pleadings not being accepted for filing.

4) Respondents filed for extension of time and were granted such, giving them an additional twenty-one days to file answer. This was done March 2, 2007. Respondents had till March 26, 2007 to file answer.

*filing."* Thus not allowing respondents to resubmit their answer. Counsel for respondents is an officer of the court, who is held to an oath to protect and serve in a court of law. To allow respondents to file pleadings after violating federal rules of civil procedure and orders of the Court would be rewarding respondents for showing a disregard to the law.

Petitioner believes respondents has mislead the Court into thinking petitioner was served a true copy of their answer to his § 2241 petition. Petitioner asks the Court to review respondents answer dated March 26, 2007, to verify if respondents complied with **Rule 5 (d) Filing; Certificate of Service.** Which requires all papers after the complaint to be served upon a party, together with a certificate of service.

If respondents did honor this rule, then there is reason to believe that respondents misrepresented themselves and/or attempted to deceive this Court. Thus committing an act of fraud in this Court. Petitioner charges respondents of fraud, in accordance with **Rule 60. (b)**

Therefore petitioner object to the order for him to respond to an answer he has never been served by respondents. Petitioner wish to present evidence to show respondents has a habit of such actions concerning this petitioner, in accordance with **Rule 406.** And asks the Court to consider this as more then what respondents may try to argue as "moot".

Petitioner claimed in his petition of writ of certiorari that respondents fail to provide him with copy of parole court hearing officer's report and decision of the parole board. Respondents answered this claim by then supplying petitioner a copy of such and stating, "Regardless, this is now moot". Disregarding the violation of procedural due process, which occurred to hinder petitioner from properly challenging the matter in a court of law. This is made evident as respondents repeatedly argued, "Not supported by the record" and "petitioner presents no evidence to support his claim." (See Exhibit- AA) note: highlighted sections.

## CONCLUSION

Petitioner asks the Court to render judgment based on the actions of respondents, which continues to be consistent with claims in original petition. (*Writ of Certiorari*)

Respondents were ordered by this Court to comply with Rule 5 of the federal rules of civil procedure, and the directives of this Court. Rules of court and civil procedure are established to protect the interest of the rights of persons and the law that exist.

Respondents in fact have committed a violation of petitioner's due process and equal protection of the law, by not affording petitioner a reasonable opportunity to respond to an answer that this Court ordered.

Petitioner prays the Court view that this matter is about protecting and respecting the rights of this person, the petitioner under the United States Constitution.

In original 28 § 2241 petition there are several claims made of violation of the rights of this person under the United States Constitution. An act that not only affected the life and liberty of this petitioner, but also the life and liberty of his child. Which has suffered irreparable injury and harm.

For this reason, petitioner asks the Court to grant his petition and order the immediate reinstatement of petitioner's parole, with all rights and privileges he earned before being violated and revoked.

Petitioner requests a hearing before the Court in this matter at the earliest time and date convenient. And the Court orders the Federal Marshall and/or Department of Corrections to transport petitioner to this hearing.

I swear on this _18_ day of April 2007, under the penalty of perjury that the above is true and correct.

Respectfully submitted: _Anthony J. Gait_

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing by placing same in the United States Mail, postage prepaid, and properly addressed as follows:

Gregory O. Griffin, Sr.
Alabama Board of Pardons and Paroles
Legal Division
Post Office Box 302405
500 Monroe Street
Montgomery, Alabama 36130-2405

And

Attorney General Office
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152

Anthony J. Cable #134917
Limestone Correctional Facility
Dorm K Cell 59
28779 Nick Davis Road
Harvest, Alabama 35749-7009

violation charges. For Petitioner to now claim he was not allowed the opportunity to present a defense is a false statement and not supported by the record.

Petitioner claims Officer McGraw made false statements at parole court. However, Petitioner presents no evidence to support his claim. There is no evidence, nor anything on the record that indicate Officer McGraw acted improperly in the investigation or in her testimony at parole court.

Petitioner claims he was not allowed a parole revocation hearing. Defendants fail to understand this claim. Petitioner was given the Report of Parole Violations, Notice of Parole Court, and appeared at the parole court hearing, with counsel. Even if Petitioner did not understand the proceeding, he was represented by counsel, who did. This claim is frivolous.

Petitioner claims he was not afforded an unbiased hearing officer at parole court. Mr. T.C. Bill is the District Supervisor for the Huntsville Parole Office. In that capacity he does not supervise probationer and parolees, though he may have some contact with parolees reporting to that office. Mr. Bill also acts as a designated hearing officer within his assigned district, pursuant to Ala. Code 15-22-32. Mr. Bill conducted Petitioner's parole court hearing. Petitioner has presented no evidence indicating any bias involving Mr. Bill's ability to properly and fairly conduct this hearing.

Petitioner claims the only evidence presented against him was hearsay evidence. Parole Officer Bridge McGraw testified to personal knowledge of the events of her investigation. Officer McGraw was present when cocaine was found, stolen property was found, and minors were observed in the residence. Officer McGraw also testified to statements made by Petitioner at the time of his arrest. Petitioner admitted one of the

(Pages are from respondents answer to petitioners 1st Writ of Certiorari filed in Circuit Court of Montgomery Co.)

5       EXHIBIT-AA

minors had been at his residence for five days and that he traded drugs for the stolen computer. Petitioner's statements are admissible as statements against interest. The substance found in the house was field tested at the time of arrest and found to be cocaine. Petitioner claim that only hearsay was presented against him is frivolous and not supported by the record.

✱ Petitioner claims he never received a copy of the Parole Court Hearing Officer's report. This report and the Board's Action Sheet both have distribution list on their face. The agencies practice is to send a copy to each person listed on the distribution list. Petitioner is entitled to a copy of this report and it is the agency's practice to provide the same upon completion of the report.✱ Regardless, this claim is now moot, since Petitioner has now been provided with a copy of said report included in this response.

Petitioner seeks proof he was afforded a proper procedural hearing and copies of a report to which he is entitled. The exhibits to this pleading provide and evidence the same. Petitioner seeks reinstatement, which is not available unless the Court finds the Defendants acted illegally, improperly, or outside the scope of their authority.

## Conclusion

Considering the above, the Defendants move the Court to dismiss this action under Rule 12 (b)(6), Ala.R.Civ.Proc., for failing to state a claim upon which relief may be granted, or in the alternative, grant summary judgment under Rule 56, Ala.R.Civ.Proc., in that the record presented by the Defendants illustrates there is no



This correspondence is from an Alabama State Prison. The contents of Alabama State Prison mail have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Clerk of Court
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

ANTHONY J. CABLE # 134917
LIMESTONE C.F. K-59T
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

**LEGAL MAIL
CORRESPONDENCE**