IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**ANTHONY J. CABLE**
    Petitioner

V.                                                              Case No. 2:07-cv-120-MEF

**ALABAMA BOARD OF PARDONS
AND PAROLES, et al.,**
    Respondents

## OBJECTION
## &
## MOTION TO VACATE OR ALTER JUDGMENT

Come now petitioner in the above style cause and file this "Motion" in response to the order of this court, dated April 23, 2007. Which fail to properly address the "Objection and Motion for Judgment and Sanctions".

Petitioner will show cause that his petition filed before the court April 20, 2007 has merit and should have been properly addressed.

## RELEVANT FACTS

1)  On the 9th day of February 2007, this court ordered the following; *"Attorney General for the State of Alabama, General counsel for the Alabama Board of Pardons and Paroles, and Warden Billy Mitchem. An answer shall be filed within twenty days of the date of this order. In filing their answer, the respondents should comply with the provisions of Rule 5 of the governing §2254 cases in the district court;*

2)  It is also noted in this order that a condition or stipulation was included which cautioned that failure to file pleadings in conformity with the Federal Rules of Civil Procedures and/or the directives of this order <u>will</u> result in such pleadings not being accepted for filing.

3)  Respondents were granted an extension of time from the date of the order, which allowed said answer to be filed on or before March 26, 2007.

4)  Petitioner was not served a true copy of respondents answer. Not on the date of March 26, 2007, nor to this present day of this motion.

5)   Petitioner filed according to the order dated February 9, 2007, which required parties to request permission to file any motion such as the motion for default wish petitioner desired to file.

6)   The court made petitioner aware that respondents had filed an answer to his § 2241 petition on March 26, 2007. But respondents fail to serve petitioner with a copy of this same "Answer".

7)   Petitioner was served an order to respond to answer of respondents April 4, 2007. At this point respondents were in direct violation of **Rule 5 (a) Service:** Thus handicapping petitioner and in fact continuing to demonstrate a disregard to the rights of petitioner, as afforded under the United States Constitution.

8)   Petitioner filed for relief in this matter to acknowledge to the court the failure of respondents to comply with the order of the court. "Objection and Motion for judgment and Sanctions"

9)   The court only actions concerning the disobedience of respondents to the order dated February 9, 2007, was to reward respondents by allowing them additional time to provide a copy to petitioner.

## ARGUMENT & CONCLUSION

As a matter of law the Federal Civil Rules of Procedure is in place to ensure equal protection and a level playing field for all parties involved. The purpose of these rules is to protect the interest of <u>both</u> litigating parties.

In the final analysis, the concept of the law and orders, the very essence of a republican form of government, embraces the notion that when the judicial process of a state or federal court, acting within the sphere of its competence, has been exhausted and has resulted in a final judgment, all persons affected thereby are obliged to obey it.'

As the Supreme Court has noted: **"We begin with the basic proposition that all orders and judgments of the courts must be complied with promptly."** Maness v. Meyers 419 U.S. 449 42 L. Ed 2d 574 (1975).

To bring a violation of a court order to the attention of the court: **"It matters not whether the disobedience is willful, the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party and those cost would reduce any benefits gained by the prevailing party from the court's violated order."** Cook v. Ochsner Found. Hosp. 559 F.2d 270 (5th Cir. 1977)

**"Willful disobedience of a court order can result in sanction.** Chamber v. Nasco, Inc. 501 U.S. 32 115 L. Ed 2d 27; United States v. Rapone 327 U.S. App. D.C. 338, 131 F. 3d 188, 192 (D.C. Cir. 1997)

The court issued an order February 9, 2007, which **established** that both parties shall comply with **Rule 5** of the Federal Civil Rules of Procedure, and/or the directive of this court.

Petitioner again points to the bad faith of respondents for failing to follow court orders. Under **Rule 37 (b)** there is a remedy for failure to comply with order. **Rule 37(b)(2)(B)**, states an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidences.

April 20, 2007, petitioner filed an objection and motion for judgment and sanctions. Petitioner objected to the order dated April 4, 2007, which in part stated; "petitioner shall show cause why his federal habeas petition should not be denied".

Petitioner was ordered to answer a response he had no knowledge of, and was not afforded. It is also noted that respondents may have committed an act of fraud. Which is covered in **Rule 60(b)**. It is believed that respondents included a certificate of service to their answer. Which would imply that they did serve petitioner a copy of their answer. Petitioner submits an affidavit in support as evidence, that at no time has he received a copy of respondents answer to his 2241§ petition.

These are acts that should not go (un) addressed. To just give respondents additional time after the fact is to reward respondents. And to encourage respondents to continue to disregard and violate petitioner's constitutional rights. In essence this will be waiving the structure set up by the Federal Civil Rules of Procedure on behalf of respondents.

Petitioner wish to point out that his original 2241§ petition is addressing the violation of his constitutional rights. Which occurred when the same persons entitled respondents willfully and maliciously disregarded the rights of petitioner. These illegal acts resulted in petitioner's parole being revoked.

By all standards of the law, there is no way to justify allowing the continual assault of petitioner's constitutional rights. I beg this court to honor the clearly established actions and consequences for failing to comply with the order dated February 9, 2007. Which states, *"failure to comply with the Federal Civil Rules of Procedure and/or the directive of this court; will result in such pleadings not being accepted for filing."*

**AGAIN,** petitioner objects to the order dated April 4, 2007, which required him to "show cause". Respondents failure to serve petitioner and possible act of fraud, is just cause for review in this matter. Petitioner objects to the order dated April 23, 2007, which afforded respondents till May 1, 2007, to provide petitioner with a copy of said answer. And petitioner objects to the order giving an extension of time to petitioner to respond and "show cause". Petitioner request that these orders be vacated, and the issues of respondents disobedience to court orders be addressed.

Petitioner asks the court to uphold the consequences that was carefully and clearly stressed as court **CAUTIONED**: and stated *"That failure to file pleadings in conformity with the Federal Rules of Civil Procedure and/or the directives contained in this order [will] result in such pleadings not being accepted for filing."* (See) copy of page 1 of 5 and 5 of 5 entitled **ORDER** Document #: 11-1  date filed: 02/09/2007.

As noted in petitioner previous motion, petitioner wish to know from this court is this directive mentioned one sided. Which only requires petitioner to be held to and sanctioned or punished for failing to obey court order. Petitioner takes note in court addressing only him when setting up possible penalty/punishment but believes that both parties are held to the same standards in the eyes of the court. Therefore petitioner prays the court will hold respondents accountable for their actions. Actions, which were in conflict with the order of the court. Respondents willingness to defy an order of the United States District Court in this matter is a disrespectful sign that cripples petitioners chances to be ensured a fair and unbiased ruling, if they are allowed to proceed in this reckless manner.

Therefore petitioner asks that the matters and issues that are before the court prior to March 26, 2007 filing, be addressed. And that respondents answer be stricken and not allowed be permitted. Petitioner asks the court for permission to pursue proper actions and judgment in this matter.

Petitioner has shown that respondents were in violation of his constitutional rights. And such violations were the direct cause for him being revoked of his parole. When there is a constitutional violation, which results in a person being deprived of his life and/or liberty, there exist irreparable injury and harm. The continual detainment is to continue to inflict injury to that person.

Petitioner prays the court will honor his motion and order the immediate reinstatement of his parole. Petitioner asks the court to grant an evidentiary hearing. At which time the court issue a pick up order to have petitioner present for said hearing on scheduled date.

I swear that the above is true and correct done this 26 day of April 2007.

Respectfully submitted,

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing by placing same in the U.S. Mail, postage prepaid, and properly addressed as follows:

Gregory O. Griffin, Sr.
Alabama Board of Pardons and Paroles
Legal Division
Post Office Box 302405
500 Monroe Street
Montgomery, Al. 36130-2405

And

Attorney General Office
Criminal Appeals Division
11 South Union Street
Montgomery, Al. 36130-0152

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**ANTHONY J. CABLE**
  **Petitioner**

V.                                                                 Case No. 2:07-cv-120-MEF

**ALABAMA BOARD OF PARDONS
AND PAROLES et al.,**
  **Respondents**


**STATE OF ALABAMA
COUNTY OF LIMESTONE**

   **Before me the undersigned authority, a notary public in and for said County and State of Alabama at large, personally appeared Anthony James Cable to me, and being by me first duly sworn, deposes and say under oath as follows:**

   On November 21, 2006 I filed in the Federal District Court of Alabama a Petition §2241 habeas corpus. The court ordered respondents to answer and gave instructions for both parties to comply with **Rule 5.** of the Federal Rules of Civil Procedure.

   After not receiving a copy of an answer three days after court order deadline, I filed requesting permission to file motion for default against respondents. It was later brought to my attention by the court, when the court ordered that I respond to respondents answer, that respondents had filed an answer to my petition.

   To the day of this affidavit, I have not received a copy. Nor I have not been served by respondents, a copy of their answer to my §2241 petition. To this present day of April 26, 2007

Dated: _April 26, 2007_

                                                                 Respectfully submitted,

                                                                 _Anthony J. Cable_

## ACKNOWLEDGMENT

STATE OF ALABAMA
COUNTY OF LIMESTONE

_____
Signature of Affiant

_____
Notary Public

_____9-25-07_____
Commission Expires

Anthony J. Cable
#134917 Dorm K-595
28779 Nick Davis Rd.
Harvest, Al. 35749

Office of the Clerk
United States District Court
Middle District of Alabama
P.O. Box 711
Montgomery, Al. 36101-0711