IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 MAY -7  A 11: 03

ANTHONY J. CABLE
    **Petitioner**

    V.                           **Civil Action No.** 2:07-cv-120-MEF

**ALABAMA BOARD OF PARDONS**
**AND PAROLES, et al.,**
    **Respondents**

## MOTION FOR RECONSIDERATION
## &
## EVIDENTIARY HEARING

Petitioner comes before this Honorable court and request that his previous {pleadings}: "Objection & Motion for judgment" (Doc. No. 23) filed April 20, 2007, and/or "Objection & Motion to vacate or alter judgment" filed April 27, 2007 be considered at this time for the following reasons:

The court on April 23, 2007 handed down an order stating, "**Ordered** that on or before May 1, 2007, respondents "shall" provide petitioner with a copy of their answer and all supporting documents." It is noted that this order was in response to petitioner's "objection & motion for judgment and sanctions. Which was filed April 20, 2007. (Doc. No. 23) Petitioner addressed the intentional disregards of respondents to **Rule 5.** of Federal Rules of Civil Procedure, and the orders of this court.

Now that the time has lapsed or exceeded the May 1, 2007 deadline date, imposed by the court. It is now clear the respondents have no intentions to abide by and/or honor the orders of this court. As demonstrated, as of this day of May 3, 2007. Respondents have failed to comply with this order.

## LEGAL ARGUMENTS

As held, the United States Supreme Court has noted, "*we begin with the basic proposition that all orders and judgments of courts must be complied with promptly.* Maness v. Meyers 419 U.S. 449 42 L. Ed 2d 574 (1975); Respondents failure to comply with the orders of this court causes them to be in contempt. Petitioner respectfully request that respondents be treated as such,

1

and that sanctions be brought against respondents. *Willful disobedience of a court order can result in sanction.* Chambers v. Nasco, Inc. 501 U.S. 32 115 L. Ed 2d 27

Petitioner has been held to a standard, which requires him to comply with the Federal Rules of Civil Procedure, and most importantly the orders of the courts. I pray that the respondents be held accountable for their willfulness to continued defiance to the laws of the United States, the Federal and State rules of civil procedure, and the orders of this court.

In previous motions filed, petitioner asked that respondents "answer" be stricken and voided from present and future proceedings in the matter before the court. That sanctions be brought against respondents. And that the court consider only the information/facts, and evidence that was presented in compliance with Federal Rules of Civil Procedure, and the orders of the court, be the sole basis for findings and/or judgment.

## CONCLUSION

For the reasons set out thoroughly above, Petitioner asks the court to grant his motion, and set a date for an immediate evidentiary hearing on the merits of petitioner's claims in his § 2241 petition. Petitioner asks the court to allow him to be present at said hearing. And that relief sought in this matter is granted.

Submitted this 3rd day of May, 2007.

Anthony J. Castle

2

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing by placing same in the U.S. Mail, postage prepaid, and properly addressed as follows:

Gregory O. Griffin, Sr.
Alabama Board of Pardons and Paroles
Legal Division
Post Office Box 302405
500 Monroe Street
Montgomery, Al. 36130-2405


And


Attorney General Office
Criminal Appeals Division
11 South Union Street
Montgomery, Al. 36130-0152


Anthony J. Cable

Anthony J. Cable, Pro-se
AIS # 134917 Dorm K-59T
28779 Nick Davis Road
Harvest, Alabama 35749-7009