UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

ANTHONY J. CABLE,
    Petitioner

Vs.                                                          Civil Action No.
                                                           2:07-cv-120-MEF

ALABAMA BOARD OF PARDONS
AND PAROLES et al.,
    Respondents

## REPLY TO SHOW CAUSE TO
## RESPONDENTS "ANSWER"

    Come now the petitioner in the above style cause, in reply as according to order of the court to show cause why federal habeas petition should not be denied.

    In accordance to the court order dated April 4, 2007, petitioner will comply with said order. Petitioner wish to make note for the record, that he still objects to the allowance of respondents contempt in not complying with court orders and/or the directive of this court.

### UNDERSTANDING OF RESPONDENT'S ANSWER

    Respondent's lone argument is that petitioner's § 2241 petition is precluded from review; stating it was filed outside the applicable period of limitation. Respondent's assessment clearly is that the limitation period must be measured from the date on which petitioner's parole was revoked. That date being July 24,2002.

### FACTS

Petitioner was released on parole October 5, 1998. He was violated of his parole June 18,2002 by his parole officer, Bridget McGraw. During which time he was placed in the custody of the Madison County Jail.

    Petitioner was given a preliminary parole court hearing July 12,2002. During which time he was present with counsel. This hearing was held by T.C. Bill. Mr. Bill also was a

1

figure in the violation of petitioner's parole, as shown in **"report of violation"** marked (*exhibit C*), in respondent's **Attachment 2**.

Petitioner was not served a copy of hearing officer's findings from parole court hearing, fact findings, and Parole Boards decision of revocation; as shown in **Attachment 2**; page 6 of **"Answer & Motion for judgment"**.

Petitioner was never afforded a final revocation hearing in the matter of alleged charge of violation of his parole. This is a glaring fact demonstrated in the presentation of respondent's documents as evidence.

## PETITIONER'S ARGUMENT

It is the law and rules that are the determining factors in which this court has, to rule in this matter. The interpretation of the law and these rules as shown by respondents is beyond the true interpretation afforded, as shown: *A one- year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of ... the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review....* "28 U.S.C. § 2244(d)(1)(A) *Lindh v. Murphy, 521 U.S. 320, (1997).*"

With this being established petitioner wish to show that his time cannot be held to the date of his revocation date, July 24,2002. That the correct date is May 2006, which is the date of final decision.

Petitioner takes careful notice of the gross error committed that hindered him from properly addressing the illegal acts of respondents in the violation of his Constitutional Rights. Respondents acknowledges petitioner was revoked July 24,2002. But failed to forward this decision and other pertinent information and/or documents, as required in the minimum requirement of due process.

Petitioner refers to **Attachment 2**, in respondents Answer. Marked (*exhibit E*); at the conclusion of the paragraph it states: *"and that the parolee will receive a copy of the hearing officer's report."* Note: it also set out in *Morrissey v. Brewer, 408 U.S. 471 (1972).* *(f) A written statement by the fact finder as to the evidence relied on and reasons for revoking parole.*

Respondents kept petitioner in the blind as to him being officially revoked of his parole. Petitioner could not pursue a matter that did not exist to him during the time of his detainment. It was in the year of 2003, the month of May that petitioner was informed he

2

had been revoked of his parole. The prison classification staff supplied this information. At which time petitioner sought information from Alabama Board of Pardons and Paroles officials. Petitioner was not served any documents, which would confirm his revocation.

It was at the time of respondents "Answer & Motion for judgment" that he was finally provided a copy of documents, which were included in their response. As shown on page 6, middle paragraph, of **Attachment 2.** Respondents held that petitioner's claim was moot since this claim was at that point addressed.

SECTION 2244 "permits equitable tolling when a movant untimely files because of extraordinary circumstances that both are beyond his control and unavoidable with diligence. *Steed v. Head,* 219 F. 3d 1298, (11th Cir. 2000) (quoting *Sandvik v. United States* 177 F. 3d 1298 11th Cir. 1999)

By respondents failing to supply copy of hearing officer decision and findings, and parole Board's findings and decision of revocation. This hindered petitioner from filing his Writ of Certiorari in a reasonable time from the date of revocation. Petitioner received these copies June 6,2003, which is 11 months from the date of revocation decision. This same time respondents attempts to charge petitioner with.

Respondents wish to undermine the integrity and authority of this court. Choosing to dance around the issues that are before the court. As a matter of the claims raised before the court in his § 2241 habeas petition. Petitioner carefully set out claims based on constitutional rights. As supported by the United States Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471 (1972).

Petitioner is not attacking his criminal conviction. He is challenging the violation of his United States Constitutional rights. Counsel for respondents is an officer of the court. He is obliged to uphold the law, where there exists an offense against the structure that holds this nation together. The law! Respondents are supposed to be upstanding law abiding people. One can question is this true. Considering the repeatedly attempts to distort and adjust the law and the rules of civil procedure. And let us not forget the direct disregard and disobedience to court orders.

Petitioner was placed in prison based on a claim, he committed a criminal offense. He was not afforded proper due process. Petitioner was held to answer to the claim of alleged charges. Charges that does not exist to this day. Petitioner made an attempt to answer to the claims against him. Respondents used their position and authority to determine what

3

method they prefer petitioner address the claims against him. Thus respondents refused to allow petitioner to offer witnesses for his defense in a matter that had an impact on his life and future.

It is criminal to obstruct or hinder the law from accomplishing what it was created to do. No one is above or beyond the law. Even persons that have been convicted of criminal offenses are entitled to be protected by the law. The actions of the respondents in this matter and in the matter that lead to this petition being filed, is in its purest wrong.

Any attempt to distort or cover up the truth in this matter is to obstruct justice. Such actions cripples petitioner's right to prosecute this matter that is before the court. Why would you attempt to avoid answering the issues presented in this claim? Unless you have something to hide. Is this the case with respondents? Are the merits of petitioner claims true?

Petitioner wishes to provide an answer to these questions. The best possible remedy is to have an evidentiary hearing in this matter, and allow the issues to be properly addressed. I, the petitioner am very confident in the truth that lies in my petition.

The United States set a standard of review to use to decide cases dealing with revocation of parole. It is clear that the *Morrissey v. Brewer* case is proper to determine if there exist constitutional issued that need to be addressed. In a parole court hearing, parolee has a right to present witnesses and submit other evidence in his defense. Petitioner is constitutionally protected by the Fourteenth Amendment. *Wolff v. McDonnell 418 U.S. 539 41 L. Ed. 2d 935 (1974)*

Petitioner is afforded the right to a reasonable and prompt (final) revocation hearing. Unlimited delay violated the fundamental due process requirement at the opportunity to be heard at a meaningful time and in a meaningful manner. *Moody v. Daggett 429 U.S. 78 50 L. Ed. 2d 236 (1976)*

It is not my intent to be funny, but I have grown weary from dancing around the merits of this case with respondents. It's like playing musical chair. Now, we are down to the last chair. That chair is the issues made in §2241 petition. The question is simple. Did the respondent violate the constitutional rights of petitioner? This question can be successfully answered with an evidentiary hearing.

Counsel for respondents has invested considerable energy and effort in addressing proper procedure and strict observance to rules of civil procedure. But a review of past acts

of respondents and counsel consistently violates the same rules and procedures that they wish to use in an attempt to not answer petitioner's §2241 petition.

" We can cite case after case till we have none to cite. But, the only reasonable way to ensure proper and fair justice is to answer the claims that exist."

"In the final analysis, the concept of law and order, the very essence of a republican form of government, embraces the notion that when the judicial process of a state or federal court, acting within the sphere of its competence. Has been exhausted and has resulted in a final judgment, all parties affected thereby are obliged to obey it."

Petitioner has been detained and confined in the custody of the Alabama Department of Corrections for a period of (4) four plus years. This confinement is for allegedly committing new criminal offenses. Petitioner was not even tried in a criminal court of law, because the (2) two criminal charges against him were dismissed. There existed no evidence to show petitioner had committed or was associated with criminal activity.

There exist no evidence or facts to support the detainment of petitioner. But yet respondents continue to impose harm to petitioner with no regards to his rights as established by the law. If there exist no criminal conviction or evidence to support reasonable belief that petitioner was involved in any criminal matter. Petitioner should not be stripped of his right to be free.

In *Parker v. Cook 642 F. 2d 865 (5th Cir. Unit B 1981)*, it is held "Once the State grants parole, however, the State cannot summarily and arbitrarily revoke it. *Morrissey v. Brewer 408 U.S. 471 (1972)*. This is so because the convict's interest in parole status has become a liberty interest within the meaning and protection of the Fourteenth Amendment. Hence due process must be afforded.

In *Morrissey*, "we held that the conditional freedom of a parole generated by statute is a liberty interest protected by the Due Process Clause of the Fourteenth Amendment which may not be terminated absent appropriate due process safeguards. *Moody v. Daggett 429 U.S. 78 50 L. Ed. 2d 236 (1976)*

*It is also held that Parole commission (Parole Board) is bound by its own regulations unless it can show good cause for deviating from them. *Ceniceros v. U.S. Prison Commission 837 F. 2d 1358 (5th Cir. 1988)*

## CONCLUSION

5

Petitioner now asserts that he should be granted his petition based on the merits of his claims, and supported by the cited cases in the above response. As a matter of law the Alabama Board of Pardons and Paroles abused its discretion in the ruling and decision making which lead to violate the Constitutional rights of this petitioner. Thus petitioner seeks full reinstatement of his parole; that he be placed back in the security level he earned while on parole. Petitioner further asks that the time he lost toward release from parole and or possibility of pardon be counted to his credit. Which would be added to the time he was free on parole.

Petitioner respectfully asks the court to set a date for evidentiary hearing, at which time petitioner be allowed to address this matter before the court. Petitioner asks that respondents be held to address and answer in full all the issues of petitioner claims before the court.

I declare under the penalty of perjury that the foregoing is true and correct. Done this 9th day of May 2007.

_____
Anthony J. Cable, Pro se

### CERTIFICATE OF SERVICE

I do hereby certify that on the day of, I have mailed a copy of the forgoing via United States Mail postage prepaid and properly addressed to:

Gregory O. Griffin, Sr.  
Alabama Board of Pardons and Paroles  
Legal Division  
Post Office Box 302405  
500 Monroe Street  
Montgomery, Al. 36130-2405  

&  

Attorney General Office  
Criminal Appeals Division  
11 South Union Street  
Montgomery, Al. 36130-0152  

_____
Anthony J. Cable

6

