*NOTE: Please shant [illegible] Pocket*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **ANTHONY J. CABLE,**<br>PETITIONER | 2007 DEC -6 A 10: 13 |
| V. | Civil Action No.<br>2:07-cv-120-MEF |
| **ALABAMA BOARD OF PARDONS**<br>**AND PAROLES et al.,**<br>RESPONDENTS. | |

## MOTION TO AMEND ARGUMENTS/ISSUES IN REGARDS TO "EQUITABLE TOLLING/EVIDENTIARY HEARING/EXTRAORDINARY CIRCUMSTANCES

Comes now the petitioner Anthony J. Cable, in the above styled cause and moves this Honorable Court to grant him the requested motion to amend in regards to equitable tolling/evidentiary hearing.

Petitioner therefore presents the following questions for this Court's review, which encompasses every issue as raised and argued in the State Court and this District Court.

Whether the magistrate judge will abuse its discretion if it recommend s and then grant summary judgment without first:

I.  Addressing the issue whether equitable tolling should be applied to the statue of limitation giving Cable's due process claims due to extraordinary circumstances beyond his control with due diligence, and whether he is entitled to discovery on the issues and whether he is entitled to an evidentiary hearing.

II. Addressing whether Cable is entitled to full consideration of the merits of his habeas petition claim of actual innocence, and whether he is entitled to discovery and a hearing to further develop his actual innocence claim.

III. Whether Cable is entitled to appointment of counsel.

### SEE EXHIBIT "STATE COURT ISSUES"

These are the issues which have been raised in the State Court. Wherein the respondents and the Courts have failed to address. Whether Cable was due any relief of the issues raised by him. All findings by the State Court ended by a finding that Cable was afforded all of his due

process rights, as laid out in **MORRISSEY,** but having never addressed a single raised claim. The following are the issues which were raised.

A.) Petitioner was not allowed to offer witnesses at a preliminary hearing.

B.) Parole officer Bridget McGraw lied/presented perjured testimony under oath, in her official capacity at the preliminary hearing.

C.) Cable was denied a final hearing to challenge any contested facts in the preliminary hearing as laid out in **MORRISSEY.**

D.) Cable was not afforded an unbiased/neutral and detached hearing officer.

E.) Cable's preliminary parole court hearing to establish probable cause was based solely on hearsay evidence, which is insufficient to establish probable or to revoke parole, absent a final hearing.

F.) Cable was not afforded a copy of the board's findings and cause for revocation, until he was notified by his assigned institutional classification specialist, Mr. Cox, on or about the month of April 2003, in which he contacted the parole board on behalf of Cable and it was then that Cable received notification from the board that his parole was revoked, dating back to July 24, 2002.

The respondents present that Cable's due process violations are barred under ADEPA one year limitation. Petitioner now presents his arguments why he should be granted equitable tolling as in issue number one.

## ISSUE NUMBER ONE

Addressing the issue whether equitable tolling should be applied to the statue of limitation giving Cable's due process claims due to extraordinary circumstances beyond his control with due diligence, and whether he is entitled to discovery on the issues and whether he is entitled to an evidentiary hearing.

## ARGUMENT NUMBER ONE

Petitioner submits that this court granting summary judgment to the respondents and denying any relief to the petitioner as being time barred without considering whether his claims are appropriate for any exception for this court's review under 2244 (D) would be an abuse of his discretion because there are extraordinary circumstances and impediments created by both the respondents and the State Courts, which prevented him from filing in a timely manner, pursuant to 2244(D) (1) (B).

The date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review pursuant to 2244 (D) (1) (A) has been misapplied and inappropriately considered.

The respondents would have this court to believe that judgment became final on July 24, 2002, when the Board made its decision to revoke Cable's parole, absent a final (revocation) hearing and absent the Board notifying the petitioner of their decision to revoke his parole on July 24, 2002.

Petitioner however avers that he should be granted equitable tolling due to the extraordinary circumstances that were both beyond his control, unavoidable with diligence. (*Steel v. Head*, 219 F. 3d 1298 (11th Cir. 2000) quoting (*Sandvick v. United States*, 177 F. 3d 1269 (11th Cir. 1994). The United States Courts of Appeals for the 11 Circuit, and other Federal Courts have recognized that [section 2244] permits allowing petitioner to meet the one year statue of limitation when a movant untimely files because of extraordinary circumstances.

Cable ask that this court will determine as to whether rare exceptional circumstances are presented in this case. And make a fair determination of the facts of this case. *Knight v. Schofield*, 292 F. 3d 709, 711 (11th Cir. 2002) (per curium).

Cable ask that this Court's enquiry regarding "extraordinary circumstances" will surround the late filing of the habeas and whether the conduct of others prevented him fair timely filing. Lawrence, 421 F. 3d 12226.18.

Cable avers that he is entitled to an evidentiary hearing because he submitted "good cause" and demonstrated that he would be entitled to relief if granted the hearing to perfect his claim.

Cable filed (2) two separate and succinct writ of certiorari challenging the denial of his due process rights in relations to alleged parole violations as charged by parole officer Bridget McGraw. The first writ of certiorari was filed April 14, 2003. The Honorable judge Shashy, of the Montgomery County Circuit Court denied any relief, failing to address the raised due process violations. Judge Shashy gave a blanket denial of Cable's petition, that he was afforded due process, without addressing the merits of his claims.

The second writ of certiorari was filed February 24, 2004, raising the same or similar issues, however after a hearing, the Honorable judge Charles Price dismissed the petition granting no relief on the grounds of res judicata. Claiming that the issues raised were successive and addressed by judge Shashy. Actually, the purpose of for the second petition (writ) was to ask the court to address the merits of the issues raised in the first petition, in which judge Shashy failed to address.

Petitioner points this Court to the decision made by the Honorable Judge Shashy. (Record on appeal page 63 exhibit 3). Judge Shashy gave a simple blanket denial that petitioner was afforded due process absent addressing (I) whether Cable was denied witnesses during his preliminary parole court hearing; (II) whether parole officer gave false and perjured testimony; (III) whether he was denied a final revocation hearing; (IV) whether his parole was revoked on hearsay evidence alone; (V) whether he was afforded a copy of the preliminary parole court hearing; (VI) whether he was denied notice that the Board had revoked his parole July 24, 2002.

The proper approach to the denial by Judge Shashy would have been an appeal to the Courts of Criminal Appeals, raising the issues that judge Shashy fail to address the merits of his claims. Having no education in the field of law, petitioner at that particular time knew only to file a second petition to address the merits of his claim.

If this Court... would address the due process violations as raised by petitioner, he would be entitled relief. However, he must first overcome the late filing of his petition on review. And does so as follows.

Petitioner clearly showed in his first petition (record on appeal pages 34 & 35) that he was denied notice of both the recommendation and findings of the hearing officer, and the decision of the Parole Board to revoke his parole July 24, 2002, at least until classification specialist Mr. Cox of the Alabama Department of Corrections notified Cable in the month of April of 2003.

The time which elapsed from July 24, 2002 to the time when petitioner was notified by classification specialist Cox during the month of April 2003 should be tolled based upon the abject

failure of both parole officer and parole board, to provide copies of the decision making process to petitioner, and their abject failure to provide in a timely fashion was a intentional created impediment pursuant to 2244 (D) (1) (B) an exemption to ADEPA. The beginning of petitioner's time clock should have begin to run in this case, based upon these facts when petitioner was given adequate notice that he was denied parole, which was April 2003, when notified by classification specialist Mr. Cox, pursuant to 2244 (D) (1) (A) this being petitioner's notice of final judgment.

The respondents in their response to petitioner's first and second writ of certiorari would have the State Court and this Honorable Court believe that Cable was served and given adequate notice of the hearing officer's recommendation and the findings and decision of the parole board to revoke parole without a final revocation hearing, stating: "that petitioner was on the distribution list on the board's action sheet. (Record on appeal page 41).

The board would have this Court to believe that their system is faultless and they have not the duty to verify their distribution by legal services upon petitioner, requiring his signature that he received the adequate notice whether it be by hand deliverance in person to petitioner or by legal mail correspondence. This has not occurred, and good faith is unacceptable where there is a liberty interest involved, which requires **PROOF.** It would be unfair and a created undo prejudice for this Court to presume that an action has occurred, which cannot be verified. This would clearly be a manifested injustice.

The proper application for AEDPA in this case would be 28 USC 2244 (d) (1) (b) "The date on which the impediment to filing an application created by State actions in this case, {the parole agency failing to give adequate notice of revocation in a timely fashion} in violation of a constitution or laws of the United States, if the applicant was prevented from filing by such State actions." The petitioner however avers that he should be granted equitable tolling based upon the foregoing mentioned facts, extraordinary circumstances/ created impediments that were both beyond his control, unavoidable with diligence.

Petitioner was given adequate notice during the month of April of 2003 that his parole had been revoked on the date of July 24, 2002. These (9) nine months and some odd days should be equitably tolled to his one-year clock. Giving him adequate time to file all petitions in the State and Federal courts without being void. Therefore, all due process claims raised by petitioner should be addressed on the merits by this court wherein the State failed to afford the petitioner a full and fair opportunity to address and resolve claims on the merits. (*Keeney v. Tamayo-Reyes,* 504 U.S. 1, 10, 112 S Ct. 1715, 118 L Ed 2d 318 (1992) see also *Henderson,* 353 F. 2d at 898 n. 25.

Petitioner avers once again that the Court fail to address the merits of his claims in his first certiorari petition prior to dismissal of the petition. The respondents argue that Cable, the petitioner in his second certiorari petition was successive in nature and barred by res judicata. This position cannot stand because the first court gave only a blanket denial that Cable was granted due process, without addressing the merits of his claims. The second petition must prevail before this Court pursuant to AEDPA. Habeas relief may not be granted without respect to a claim adjudicated on the merits in State Court. In the case at bar the merits were not addressed. There was an unreasonable determination of facts in light of the evidence provided in the State Court proceedings.

Petitioner briefly presents all of his raised due process violations and submits that he is entitled to relief, wherein the facts and the evidence is insufficient to establish the evidence test of a reasonable satisfaction that Cable violated any condition of his parole as alleged by his parole officer Ms. Bridget McGraw.

Parole officer McGraw charged Cable with violating condition # 7 new offense 1.) Community notification act. The legal facts and the details as laid out in the report of parole violation by Ms. McGraw fails to prove or support any allegations to a reasonable

satisfaction that Cable had violated he community notification act. See attachment # 4 exhibit A of the respondents answer to federal court.

Ms. McGraw names (2) two females. 1. Ms. Christina Douglas D.O.B. 04-27-84; 18 years of age. 2. Ms. Natasha Hill D.O.B. 07-4-84; 17 years of age, relationship NIECE, for proof of verification of relationship see attachment # 4 exhibit D paragraph 6 Natasha Hill identified herself as a relative of Cable. The charge of community notification act cc 08-1320 was nolle processed. Therefore, Ms. McGraw failed to present evidence supporting the parole violation charge, pursuant to Article # 12 (8).

Cable argues that Ms. McGraw details in support of charge # 1, is based solely upon hearsay testimony. She states " Christina Douglas told Pierce that she was staying at Cable's house for several days. The back bedroom contained girl clothes and makeup. They interviewed Cable who told her Natasha Hill had been living with him for about (5) five days." Again, Ms. McGraw submits hearsay testimony in support of her allegations. Investigator Pierce did not testify at Cable's hearing. Christina Douglas did not testify at Cable's hearing. Natasha Hill did not testify at Cable's hearing. The unidentified officer, who allegedly accompanied parole officers Lamar Evans and Michael Bucey, did not testify at Cable's hearing. Lamar Evans and Michael Bucey did not testify at Cable's hearing.

Ms. McGraw alleged in her report that " Huntsville police investigator Sharp had been in the house looking for an under aged runaway female." It is clear once again, that Ms. McGraw is trying to establish a reasonable satisfaction that Cable had violated a condition of his parole based solely upon hearsay testimony. Investigator Sharp did not testify at Cable's hearing. ( Johnson v. State 729 So. 2d 899 [5] *     ) "Ms. McGraw fail to prove that Cable violated a condition of his parole as alleged in charge # 1, no evidence in support other then hearsay testimony alone, which is insufficient.

Charge # 2, violation of condition # 7, new offense possession of cocaine. Parole officer McGraw, in her report of parole violation writing in support of the above mentioned charge, states: " In Cable's bedroom we saw a ceramic saucer, that had a straight razor, and white powder on it. We then searched the bedroom. On a shelf near the bed, Bucey found a can, which contained small off white rocks wrapped in plastic. We requested a Huntsville police department narcotic officer to come and field test the substance. Investigator Crocker came to the scene. The substance in the can field tested

* Ex Parte Belcher, 556 So. 2d 366 (Ala. 1989)
Mallette v. State, 572 So. 2d 1316 (Ala. Cr. App. 1990)
Hollis v. State, 598 So. 2d 38 (Ala. Cr. App. 1992)

7

Positive for cocaine." These are all the facts alleged by Ms. McGraw in support of charge # 2 possession of cocaine.

On July 12, 2002 at Cable's preliminary parole court hearing, Ms. McGraw did not call parole officer Bucey to testify that he found a can, which contained small off white rocks wrapped in plastic, to support her allegations. Nor did Ms. McGraw call investigator Crocker, the narcotic officer to testify that he did perform a field test on the alleged cocaine substance. Investigator Crocker did not testify at Cable's hearing that the substance in a can tested positive for cocaine. Ms. McGraw is not trained or certified to know what only a narcotic officer can know in his profession. She cannot testify that the alleged substance was cocaine. Once again, Ms. McGraw relied solely upon hearsay testimony, unsupported by any evidence to find Cable guilty of charge # 2. No toxicologist report was submitted at the preliminary parole court hearing to verify that cocaine was found at Cable's residence.

Cable now points this Honorable Court to attachment # 4 exhibit D. The supplemental report of Charles Henderson Harvey, 14181. Nr. Harvey in his investigation did not mention one time any facts about cocaine at Cable's residence in his report. The evidence is insufficient to support violation # 2.

Charge # 3 violation of condition # 7 new offence, receiving stolen property. Details in support of charge as laid out by Ms. McGraw. "I. Evans and Bucey went into the home. We saw a computer on the living room floor. It was later determined to have been stolen from a burglary at Oakwood College." On July 12, 2002, parole officers Evans nor Bucey was present to testify about the allegations as stated above by Ms. McGraw. Ms. McGraw alleges that she saw a computer on the living room floor, and further more se alleged that it was later determine that the computer was stolen from Oakwood College. There is nothing in Investigator Harvey's report concerning a computer and whether it had been stolen. See attachment # 4 exhibit D. Ms. McGraw presented no evidence during the preliminary parole court hearing concerning the computer: such as, (A) The serial number (B) what model was it (C) what color was it, and (D) A police report of the missing or stolen computer, from Oakwood College and the matching identification. She presented no witnesses as to being the owner of an alleged stolen computer. There were no criminal charges filed against the petitioner Anthony Cable in this alleged criminal act. The same holds true with the alleged stolen automobile, a 1989 Oldsmobile. Ms. McGraw stated in her delinquency report that Cable admitted that he had obtained the car and computer in exchange for drugs. Cable plead not guilty to all the alleged parole violations. He denies admitting to Ms. McGraw that he obtained the

car and computer in exchange for drugs. The parole court hearing was tape recorded pursuant to Article 14 2001. That recording does not contain any evidence in support that Cable had admitted to receiving stolen property period. Again, Ms. McGraw makes allegations unsupported by any evidence.

It would be a manifest injustice, for this Court to up hold the revocation of Cable's parole in light of no evidence. It is not enough for a parole officer to make allegations in good faith unsupported by evidence. Cable is innocent of having violated the law or any conditions of parole, and respectfully requests this Court to vacate the revocation and remand for release.

## CONCLUSION

In *Steel v. Head* 219 F. 3d 1298 (11th Cir. 2000) quoting *Sandvick v. United States* 177 F. 3d 1269 (11th Cir.1994). The United States Courts of Appeals for the 11th Circuit and other Federal Courts have recognized that [section 2244] permits allowing petitioner to meet the one year limitation when a movant untimely files because of extraordinary circumstances.

*Morrissey v. Brewer,* 408 U.S. 471 (1972). The United States Supreme Court in Morrissey set the minimum due process requirements. Of those requirements it is established that a written statement of the fact-finder as to the evidence relied on and reasons for revoking parole, be provided to person revoked of his or her parole. In the cause that is presently before this Court, respondents dialed to honor and abide by this established rule/law. Which in fact delayed and hindered Cable from filing his petition in a timely fashion.

Respondents would have the Honorable Court to believe that petitioner, Anthony Cable knowingly and willfully fail to file his petition in a timely fashion. Respondents withheld all information and facts pertaining to the preliminary parole court hearing, the findings, decisions and recommendations made by the hearing officer, the findings and decision of the Board to revoke Cable's parole. It is also noted that respondents failed to provide Cable with a final revocation hearing, which is required in accordance to **Code of Alabama § Title 15-22-31 & 32.** "In parole revocations, due process requires a preliminary hearing AND a revocation hearing. *Ellard v. State,* 474 So. 2d 743 (Ala. Crim. App. 1984).

Whether the actions of respondents were malicious or a mistake. Cable was hindered, thus causing extraordinary circumstances and impediments created which were both beyond Cable's control.

Petitioner respectfully ask this Honorable Court to grant equitable tolling based on the extraordinary circumstances and created impediments caused by the respondents, in failing to give adequate notice of revocation in a timely fashion.

## RELIEF REQUESTED

Wherefore, premises considered, petitioner prays that this Honorable Court will grant equitable tolling based on the extraordinary circumstances created, which was beyond his control.

Petitioner also respectfully prays that this Court set this cause for a full hearing and her Cable's claims on the merits, and thereafter order the reinstatement of Cable's parole with all privileges and security level he earned before being revoked. In addition, Cable prays that the Court order that he be afforded credit to his time on parole lost during the illegal detainment caused by the violation of Cable's due process rights.

Respectfully submitted this 14th day of November 2007.

*[signature]*
Anthony James Cable, petitioner

## Certificate of Service

On this 14th day of November 2007, by U.S. Mail I am forwarding copies of the same to the following, properly addressed, postage prepaid.

Attorney General Office
Criminal Appeals Division
11 South Union Street
Montgomery, AL 36130-0152

State of Ala. Board of
Pardons and Paroles
Legal Division
301 South Ripley Street Building D
P.O. Box 302405
Montgomery, AL 36130-2405

Anthony James Cable AIS # 134917
Dorm-K, Bed # 21A
28779 Nick Davis Road
Harvest, Alabama 35749-7009

11

## AFFIRMATION UNDER OATH

*STATE OF ALABAMA)*
*COUNTY OF LIMESTONE)*

 Before the undersigned authority, a Notary Public, personally appears Anthony James Cable, who after first being duly sworn, deposes and says as follows:

 I, Anthony James Cable, do hereby certify that the foregoing is true and correct to the best of my knowledge.

 SWORN TO AND SUBSCRIBED BEFORE ME THIS ___ DAY OF NOVENBER, 2007.

_____        _____
Notary public                  Anthony James Cable, Affiant
Commission expires: _____

Mr. Anz.
K-21A
28779 Nick Davis Rd.
Harvest, Ala. 35749

Clerk of
United States District Court
Middle District of Alabama
Northern Division
P.O. Box 711
Montgomery, Al. 36101

legal mail