United States Middle District of Alabama

~~IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA~~

ANTHONY J. CABLE,
    Petitioner,

Vs.

                              2:07cv120

case no. ~~CV-08-120~~

ALABAMA BD. OF PARDONS/PAROLES,
    Respondents.

## REBUTTAL IN RESPONSE TO RESPONDENTS "ANSWER"

Comes now the petitioner in response to respondents "answer" and motion to dismiss", and pray the Court will permit his petition for a writ of certiorari, and set this cause for a full hearing and hear Cable's claims on the merits and thereafter order a new parole hearing consistent with the statutory laws of the State of Alabama. Petitioner submit the following response as rebuttal in support thereof:

Respondents (Parole Board) submit what is titled "agency's record of the parole hearing." This being exhibit A, action by the Board. Respondents further claims that the only record of the proceedings is the Board's action sheet. Respondents further denies not all of petitioner claims, but limited to 1) Parole Board heard, allowed, and relied on false information which is also considered perjured testimony by an agent of the Attorney General Office. 2) That the increase of time of set off from the 3 years which was mandatory at the time of petitioner conviction to the new guide line set in 2000 of up to 5 years, does not violate the Ex Post Facto Clause of the U.S. Constitution.

## ARGUMENT

Petitioner assert that the record is void, as submitted by the Parole Board and does not support the denial of petitioner claim that false information was offered or relied upon

1

in denying his parole, because statutorily pursuant to 15-22-36 the Board does not have to give the reason why they denied parole. However, the Board not having the duty to state the reason for denying Cable's parole does not nullify the fact that they considered, relied upon, or heard testimony which was presented at the open board hearing dated October 16, 2007, by an agent of the Attorney General Office that Cable "had four previous parole hearings in which he was denied parole and set off on each of the four times. That Cable had been convicted of a violent criminal offense in 1974. And that Cable spent 20 years in prison in which he committed as many as 26 offenses which resulted in disciplinary write ups. See exhibit A in petitioner's writ of cert. Affidavit from Mrs. Dorothy Cable in support.

The Board has not denied or refuted by sworn affidavits that an agent from the Attorney General Office did not protest Cable at his open board hearing. They have not denied or refuted that the agent did not give testimony which was false, erroneous, and perjured. The Board has not submitted sworn affidavits to deny or refute the allegations raised by petitioner. Petitioner avers that the Court would note that for many years the respondents {Parole Board} has submitted affidavits as evidence that their actions were not capricious or arbitrary; as stated by Judge Greenhaw. *Ex Parte Ala. Bd. Of Pardons & Paroles* 849 so. 2d 255 (Ala. 2002). The Board through counsel Steve Sirmon, have denied relying on false, erroneous, information. Petitioner avers that when this Court considers the totality of the circumstances; the Board allowing an agent from the Attorney General Office to testify, and family members of Cable; being mother Mrs. Dorothy Cable, daughter Mrs. Latisha Fletcher, and brother Mr. Ruben Cable to testify, the Board can not deny that that when making their determination that they did not consider the testimonies of the above persons when denying petitioner parole. The Board has alleged through assigned counsel that petitioner is unable to know what is in the mind of the Parole Board, and that his allegations are conclusive. Petitioner avers that he is not guessing, he has a witness who has submitted a sworn affidavit under the penalty of perjury that an agent from the Attorney General Office did submit false, erroneous, and perjured information/testimony. This is not conclusive allegations, this is allegations with substantial evidence in support thereof.

Any decision made by the Board when considering the testimony of the abovementioned persons is a decision based upon the testimony of those persons. A Board may not engage in flagrant or unauthorized actions. *Thomas, 691 F. 2d at 489.* Section 15-22-26 cannot be read as granting the Board the discretion to rely upon false information in determining whether to grant parole. Therefore by relying upon the false information from the agent from the Attorney General Office, the Board has exceeded its authority under section 15-22-26, and treated the petitioner arbitrary and capriciously in violation of due process.

Petitioner takes note that respondents fail to address other vital allegations which petitioner believe should be addressed. It is reported in his petition that Mr. T.C. Bill, who conducted the interview process prior to Cable's parole hearing was a conflict of interest due to the fact that Mr. Bill was the hearing officer during Cable's preliminary parole court hearing which resulted in the revoking of his parole in 2002.

Petitioner assert that the information in his parole file was not consistent with the information offered by the agent from the Attorney General Office. Petitioner served a total of 15 years and 7 months before being released on parole October 5, 1998. Petitioner was granted parole and the information of his prison history was available in which he had received several disciplinary write ups. Petitioner was revoked in 2002 for alleged committing new offenses. He was given a parole set up date in which was pertaining to him being under the revocation status. Petitioner contends that the Board has this information and to allow the information from the agent was arbitrary and capricious.

Petitioner believe that absent the false erroneous, and perjured information given against him, the Board would not have denied him of parole.

Again petitioner wish to adress the "conclusory" allegations claim of respondents Respondents not only relied upon, but also willfully allowed the agent to offer testimony that was not consistent with all of the information contained in Cable's parole file. Parole Board has a P.S.I. report which reports all available information concerning the petitioner Anthony Cable. This report does not contain any information of Cable being convicted of a criminal offense in 1974 period. Cable's parole file does not contain any information that Cable was given 3 or 4 parole hearing during the time of his incarceration from 1983 to 1998. In fact Cable was grant parole and released on parole in 1998. The parole file will demonstrate this truth. Thus, this proves the agent from the Attorney General provided false, erroneous, and perjured testimony during Cable's parole hearing on the day of October 16th 2007. Petitioner has presented evidence in support, sworn affidavit, which testifies to the accounts of the parole hearing. This evidence is substantial, and proves petitioner's claim is not conclusory allegations.

While no constitutional or inherent right of a convicted person to be conditionally released prior to the expiration of a vaild sentence exists. *Greenholtz v. Nebraska*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2104, 60 L. Ed. 2d 668 (1979), a prisoner has the right to be properly considered for parole. *Christopher v. U.S. Board of Parole*, 589 F.2d 924 (7th Cir. 1978); *Wallace v. Turner*, 525 F. Sypp. 1072 (S.D. Fla. 1981). The paroling authority must comply with constitutional requirements and may not determine parole eligibility on improper grounds. *Wallace v. Turner*, supra. A parole should not be denied for false, insufficient, or capricious reasons. *Christopher*, supra.'

"Although no due process guarantees apply to the granting or denying of parole, parole should not be denied for 'capricious reasons.'"

**Ex Post Facto Clause:**
Petitioner refers to his claim in his orginal petition on page 8 bottom paragraph: The Ex Post Facto Clause, Article I, Section 10, of the United States Constitution, prohibits the States from, *inter alia*, making "enactments which, by retroactive operation, increase the punishment for a crime after its commission." Petitioner has submitted cited cases and ask the Court to consider the facts presented in his orginal petition. Petitioner takes note of the structure of respondents reply in this matter, which is carefully addressed that

4

"reconsideration hearings for inmates serving life sentences": the petitioner Anthony Cable was not sentenced to a life sentence. He was sentenced to 45 years, and was released on parole after serving over 15 years of this sentence. His reentry into to Alabama Department of Corrections was a product of neglect and abuse of authority, a disregard to the laws and rules established under the regulations of the pardons and paroles of Alabama, and the Federal Pardons and Paroles. Petitioner presently has the matters of his illegal revocation pending in the Federal Courts.

Petitioner contends that had he been afforded a fair and proper parole hearing which was tainted by the information provided by an agent of the Attorney General Office, he would have been granted parole. Petitioner also ask the Court to consider a glaring fact, that during the time in which he was being considered for parole in 1998, he had a disciplinary that was a major issue at that time. And was considered during the decision making process, in which he (Cable) was granted parole. Cable has not demonstrated the type of behavior that exsisted during his previous stay from 1983 to 1998. Had the Board considered his present time, which consisted of positive work counselor reports, various certificates from programs provided to enhance, improve, and reform prisoners. Certificate of completion from technical college courses. Recommendations from Dept. of Corrections staff, such as wardens and classification specialist. His accomplishment while on parole, such being successful in starting businesses. And the acknowledgment from family members that were affected in a positive manner while Cable was free on parole.

## CONCLUSION

All parties are sworn to speak the truth. The failure of the agent from the Attorney General Office to honor and abide by this basic rule caused harm and injury to this petitioner Anthony Cable. The allowance of the false, erroneous, and perjured information/testimony caused harm and injury to petitioner.

In *Monroe v. Thigpen*, 932 F.2d 1437, 1442 (11th Cir. 1991), the Eleventh Circuit stated:

"It is true that the Alabama parole statute is framed in discretionary terms and therefore does not confer a liberty interest in parole. Ala. Code 15-22-26 (1975); *Thomas*, 691 F.2d

5

at 489. Nevertheless, this discretion is not unlimited. A parole board may not engage in "flagrant or unauthorized action." *Thomas*, 691 F.2d at 489. Section 15-22-26 cannot be read as granting the Board the discretion to rely upon false information in determining whether to grant parole. Therefore, by relying on the false information in Monroe's file, the Board has exceeded its authority under section 15-22-26 and treated Monroe arbitrarily and capriciously in violation of due process. *Thomas*, 691 F.2d at 489.

Petitioner prays that this Court will act as law and justice require, permit an answer and other proceedings, set this cause for a full hearing and hear Cable's claims on the merits, and thereafter order a new parole hearing consistent with the statutory laws of the State of Alabama.

Respectfully submitted this 10th day of May 2008.

Anthony J. Cable, Petitioner

**PARTIES:**

Anthony J. Cable AIS# 134917
Limestone C.F. Dorm K
28779 Nick Davis Road
Harvest, Alabama 35749-7009

Alabama Board of Pardons & Paroles
P.O. Box 302405
Montgomery, Alabama 36130-2405

6

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy by U.S. Postal Service of the document to the following:

Steve Sirmon
Assistant Attorney General
Ala. Bd. Of Pardons & Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Ala. 36130

Done this 10th day of May 2008.

*Anthony J. Cable*

Mr. Anthony J. Cable # 134917
28779 Nick Davis
Harvest, Al. 35749
K-7798



HUNTSVILLE / HVS
AL 358 1 T
14 MAY 2008 PM

This correspondence is forwarded from an Alabama State Prision. The contents have not been evaluated, and the Alabama Department of Corrections in not responsible for the substance or content of the enclosed communication.

Clerk of
United States District Court
Middle District of Alabama
P.O. Box 711
Montgomery, Al. 36101-0711

36101+0711