IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANTHONY J. CABLE  #134917
Petitioner,

V.                                            Civil Action # 2:07 cv 120-MEF

ALABAMA BOARD OF PARDONS
AND PAROLES, et al.,

## MOTION FOR EVIDENTIARY HEARING

Comes now the petitioner in the above style cause in accordance with the laws of this State and the Federal Civil Rules of Procedure, and respectfully asks the Court to set a date for a full evidentiary hearing.

## HISTORY OF FACTS

Anthony J. Cable, the named petitioner in this matter is a pro se litigant filed his 28 U.S.C.A. § 2241 Habeas Corpus Petition 11-21-06. An order was issued by the Court 2-9-07 for the respondents to answer the claims established in petition. Respondents ask for an extension of time 3-1-07. Motion was granted 3-2-07. Respondents answer was filed 3-26-07. Petitioner was ordered to show cause why his federal habeas petition should not be denied 4-4-07. Respondents fail to provide petitioner with a copy of "Answer" in accordance with **Rule 5 (2) (B) & (3) (d)**. Petitioner addressed the error of respondents to the Court. 4-23-07 order was issued that respondents shall provide petitioner with a copy of their answer and all supporting documents. On 5-8-07 order was issued for respondents shall (1) show cause why they have failed to provide petitioner with a copy of their answer and all supporting documents, and (b) provide petitioner with a copy of their answer and supporting documents addressing his petition for habeas relief.

It was further ordered that petitioner be granted an extension from 5-16-07 to 5-31-07 to show cause.

After unwarranted delay due to the neglect of respondents disregards to honor and abide by the order of the Court and the Federal Rule of Civil Procedure, petitioner did show cause as required in the order of this Court 5-14-07. Respondents responded to petitioner's reply 5-24-07. Petitioner filed "Motion to amend arguments/issues in regard to equitable tolling/evidentiary hearing/ extraordinary circumstances 12-6-07. Respondents fail to respond to petitioner's motion. Motion was granted by the Court 2-8-08.

## ARGUMENT IN SUPPORT

*Standards relating to delay reduction*
*Effective Oct. 1, 1997*
*Including Amendments received through May 1, 2006.*

Standard I. Civil

"District Civil 95% of all district civil cases should be settled, tried or other wise conducted within 10 months of the date of filing and 100% within 15 months, except for individual cases in which the court determines by written order that exceptional circumstances exist and for which a continuing review should occur."

Petitioner contends that his petition has been held at a stand still for an unreasonable amount of time, which hinders him from obtaining the relief he is seeking in this court. The above standard is not an order but it is a standard established to ensure a fair and reasonable avenue to resolve matters in the court and ensure that proper justice is delivered. Petitioner is being illegally detained in the custody of the Alabama Department of Corrections due to the violation of his constitutional rights, by those named as the respondents, being the Alabama Board of Pardons and Paroles.

As noted in the following cases, the purpose of habeas petitions is to provide speedy relief.

*Wyant v. Edwards* **952 F. Supp. 348,** which states, "The purpose of habeas corpus is to provide swift and imperative remedy in matter of all cases of illegal restraint or confinement. Also noted, "the purpose of habeas corpus is to allow inmate seeking immediate or more speedy release to challenge his or her confinement. The proper vehicle by which to attack or challenge his illegal detainment due to violation of his constitutional rights is through habeas corpus. *Dorman v. Simpson*, **893 F. Supp. 1073.** "When prisoner attacks fact of duration of his confinement, proper vehicle through which that prisoner is accorded relief is writ of habeas corpus. 28 U.S.C.A. § 2241 *Hundley v. McBride*, **908 F. Supp. 601** states, "writ of habeas corpus functions to grant relief from unlawful custody or imprisonment. Petitioner filed a 2241 habeas corpus challenging the illegal revocation of his parole. Petitioner has properly addressed this matter in the State courts.

## *CONCLUSION*

Petitioner respectfully ask the court to consider the facts of this matter and the unreasonable time of delay which mostly was cause by the neglect of the respondents in their various attempt to prolong and hinder petitioner from due relief in the case. Therefore, it is the request of petitioner that the Court grants his motion and set a date for a full evidentiary hearing on the merits of his claims. Petitioner also respectfully request that the Court issue an order to the Alabama Department of Corrections to produce the body of this petitioner Anthony J. Cable # 134917 at said hearing. Petitioner ask that the Court allow him to present witnesses and/or evidence in support of his claims. At which time he seeks relief in ordering the reinstatement of his parole within 30 days from this date order. Petitioner further asks his parole be reinstated with all the afforded privileges he earned during the time he was on parole before the illegal revocation. Petitioner seeks that the time be computed to his parole toward the possibility of a pardon.

Respectfully submitted,

Anthony J. Cable# 134917

*[signature]*

Anthony J. Cable
Limestone Corr. Facility
28779 Nick Davis Road
Harvest, Alabama 35749

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 26 day of May, 2008 provided a copy of the foregoing documents to the proper participant, and properly addressed, by way of the United States Postal Mail, postage prepaid.

Steve Sirmon
Assistant Attorney General
Ala. Bd. Of Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130

Done this 26 Day of May, 2008.

Respectfully submitted,

Anthony J. Cable # 134917

*[signature]*

Mr. Anthony J. Cable #134917
28779 Nick Davis Rd.
Harvest, Al. 35749

K-9B

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

Legal Mail



Clerk's office
District Court of the United States
Middle District of Alabama
Northern Division
P.O. Box 711
Montgomery, Al. 36101-0711

36101+0711