IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY J. CABLE, ) | |
| Petitioner, ) | |
| ) | |
| V. ) | Civil Action No. |
| ) | 2:07-cv-120-MEF |
| ALABAMA BOARD OF PARDONS ) | |
| AND PAROLES et al., ) | |
| Respondents. ) | |

## AMENDMENT TO MOTION
## FOR EVIDENTIARY HEARING

Comes now the petitioner in the above style cause and respectfully amend to his "Motion For Evidentiary Hearing".

Petitioner filed "motion to amend argument/issues in regards to "equitable tolling/evidentiary hearing/extraordinary circumstances" November 14, 2007. At which time he addressed critical elements in this case. After which, respondents failed to reply. Petitioner respectfully request that the claims raised in his motion dated November 14, 2007 be considered true in that respondents fail to respond and address the raised issues of petitioner.

Petitioner wish to offer under **9 L Ed 2d 1246 habeas corpus- hearing.** It list six instances in which a federal evidentiary hearing is required: (1) where the merits of the factual dispute were not resolved in the state hearing; (2) where the state factual determination is not fairly supported by the record as a whole; (3)

where the fact finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) where there is a substantial allegation of newly discovered evidence; (5) where the material facts were not adequately developed at state court hearing; or (6) where for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. Elaborating on these instances, the Court said with reference to (1) that if the state court has no express findings of fact, the federal court must first determine whether the state court has impliedly found material facts. There can be no such findings of fact, it is said, unless the state court decided the constitutional claim on the merits, there still must be a federal hearing.

Petitioner asserts that the state court failed to properly address the constitutional claims that petitioner raised. Petitioner further asserts that state court did not adequately provide a fair and full hearing. Petitioner raised several issues in the state court, which were not addressed at his state court hearing. There are critical issues raised by petitioner that the state court failed to order respondents to answer or address. One of which is "Cable was not allowed witnesses to testify in his behalf during his evidentiary parole court hearing. Cable, the named petitioner had witnesses present and available to offer vital testimony in the matter of Cable entering a plea of not guilty of committing offenses or violating conditions of his parole, as set out in *Morrissey v. Brewer*, 408 U.S. 471 (1972). Petitioner also raised claim that he was not afforded a full final revocation hearing. Petitioner has been illegally detained in the custody of the Ala. Department of Corrections, due to violation of his Alabama Constitutional rights and United States Constitutional rights. Petitioner did raise other issues that are presented in habeas corpus petition.

In accordance to **Code of Alabama § Title 15-22-31 & 32.** "In parole revocations, due process requires a preliminary hearing <u>AND</u> a final revocation hearing. *Ellard v. State*, 474 So. 2d 743 (Ala. Crim. App. 1984). State court fail to properly address this issue which petitioner raised. Therefore under the above

Mentioned, determining reason for habeas corpus hearing, the merits of the factual disputes were not resolved in the state hearing. Petitioner wish to address the fact that during the hearing he was forced to represent himself without counsel, as the court did not provide counsel as petitioner requested. Petitioner filed and request that the court appoint counsel to represent at his hearing. This motion was denied.

Petitioner raised the following arguments in his "writ of cert.", which he filed in the Circuit Court of Montgomery.

1) Petitioner was allowed to offer witnesses at a preliminary parole court hearing.
2) Parole officer Bridget McGraw lied/presented perjured testimony under oath, in her official capacity at the preliminary parole court hearing.
3) Cable was denied a final hearing to challenge any contested facts in the preliminary hearing as laid out in **MORRISSEY.**
4) Cable was not afforded an unbiased/neutral and detached hearing officer.
5) Cable's preliminary parole court hearing to establish probable cause was based solely on hearsay evidence, which is insufficient to establish probable cause or to revoke parole, absent a final (revocation) hearing.
6) Cable was afforded a copy of the board's findings and cause for revocation, until he was notified by his assigned institutional classification specialist, Mr. Cox, on or about the month of April 2003, in which he contacted the parole board on behalf of Cable and it was then that Cable received notification from the board that his parole was revoked, dating back to July 24, 2002. NOTE: Cable still was not afforded a copy of the board's finding until after he filed a petition for writ of cert. in the Circuit Court of Montgomery. The Parole Board then forwarded a copy in their answer to Cable's petition, and then stated that his claim is moot since they supplied one in their answer.

3

Under *Morrissey v. Brewer*, 408 U.S. 471 (1972), the minimum requirements to insure due process states that the board <u>shall</u> provide a copy of the decision of the board and the fact findings of the hearing officer. It is the obligation of the parole board to send any person violated or revoked of parole or probation any and all of the decision making process in regards to the procedure of violating and or revocation of parole or probation.

## CONCLUSION

Petitioner respectfully ask this Court to grant his motion and set this cause for a full hearing and hear Cable's claims on the merits, and thereafter order the full reinstatement of Cable's parole with all privileges and security level earned before being revoked. to date a full hearing as allowed and petitioner at this time request appointment of counsel to represent him during said hearing. Petitioner further asks the Honorable Court to order that the person Anthony J. Cable AIS# 134917 be transported properly to this hearing. Petitioner ask the Court to order the Alabama Department of Corrections or the County Sheriff Department of Montgomery County transport petitioner in a fashion and reasonable time to this hearing.

Respectfully submitted this 3rd day of June 2008.

*Anthony J. Cable*
Anthony J. Cable, petitioner

## CERTIFICATE OF SERVICE

On this 3rd day of June 2008 I have provided a copy of this to the proper persons being the following:

Steve Simmon
Asst. Attorney General
301 South Ripley Street
P.O. Box 302405
Montgomery, Al. 36130

Anthony J. Cable #134917
28779 Nick Davis Rd.
Harvest Al. 35749
J – 16B

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content..."

Mr. Anthony T. Cable #139917
2779 Nick Davis Rd
Harvest, AL 35749

J-16B

Legal Mail

Clerk's Office
U.S. District Court
Middle District of Alabama
Northern Division
P.O. Box 711
Montgomery, AL 36101-0711