IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2008 JUL -7 A 10: 05

ANTHONY J. CABLE,  DEBRA P. HACKETT, CL
    Petitioner,   U.S. DISTRICT COURT
                  MIDDLE DISTRICT ALA

V.    )   Civil Action No. 2:07 cv 120-MEF

ALABAMA BOARD OF PARDONS
AND PAROLES, *et al.*,
    Respondents.

**MOTION FOR RECONSIDERATION
OF EVIDENTIARY HEARING/ AND APPOINTMENT
OF COUNSEL**

Come now the petitioner Anthony J. Cable in the above style cause and respectfully submit this said "motion for reconsideration to his motion for evidentiary hearing" dated May 29, 2008 (Doc. No. 39).

Petitioner takes note of the order of the court June 5, 2008, in which the court denied his "motion for evidentiary hearing. The honorable magistrate Wallace Capel, Jr. stated in conclusion, "the motion may be reconsidered if warranted by further developments in this case.

## FACTS

In the state court petitioner challenged the actions of the Ala. Bd. of pardons & paroles, when he was denied his due process in the revocation of his parole. Petitioner was afforded an evidentiary parole court hearing, in which several violations occurred at the hands of the named respondents. (See pages 4&5 of habeas petition and "attachment to grounds" in petition. State courts fail to

/

properly address the claims set out by petitioner, and did not order respondents to answer petitioner claims on their merits. Petitioner filed his 28 USC § 2241 federal habeas petition attacking the illegal detainment caused by the acts of the respondents; Alabama Bd. Of Pardons & Paroles in the violation of petitioner's constitutional rights, stating claims of violation of the following amendments, 4th unlawful entry and search, 8th cruel and unusual punishment and 14th violation of due process & equal protection. Respondents were ordered by the court to answer petitioner claims. In respondents answer (Doc. No. 12), they fail to address and answer each claim raised in habeas petition.

## ARGUMENT

It is set out in *Morrissey v. Brewer 408 U.S. 471 (1972)* that the minimum due process requirements in parole revocation are as follows: (A) Written notice of the claimed violations of parole; (B) disclosure to the parolee of evidence against him; (C) opportunity to be heard in person and **to present witnesses and documentary evidence**; (D) the right to confront and cross-examine adverse witnesses; (E) a neutral and detached hearing officer; (F) a written statement by the fact-finder as to the evidence relied on and reasons for revoking parole.

Petitioner stated claims of violation of his constitutional rights as provided and protected in the United States Constitution. These claims are laid out in his petition and supported by documentary evidence. Respondents fail to answer and/or address the merits of petitioner's claims. Nor has there been any evidence presented to dispute petitioner claims. It is clear that petitioner claims has merit as demonstrated by respondents reluctants to address the merits of petitioner claims. In respondents lone answer it was an attempt to seek dismissal under 28 USC § 2244 (d) (1), stating petitioner was time barred. Petitioner did reply to this claim; see (Doc. No. 29 & 36) "reply to show cause" and "motion to amend arguments/issues in regard to equitable tolling/evidentiary hearing/extraordinary circumstances". Petitioner presented evidence in support to show he was hindered

by respondents failure to provide him with (1) a copy of written statement of fact-finder as to the evidence relied on and reasons for revoking parole; (2) and a final revocation hearing. Both of these issues are covered in **MORRISSEY.** On Feb. 8, 2008 this honorable court granted (Doc. No. 36).

Petitioner argues that irreparable injury and harm exist in the continued illegal detainment. There exist no evidence or facts to support this illegal detainment of petitioner Anthony Cable. But there does exist evidence and facts to support petitioner claims that his constitutional rights were violated. Respondents acted carelessly and maliciously in the process of stripping Anthony of his parole and freedom. In *Parker v. Cook 642 F. 2d 865 (5th Cir. Unit B 1981).* It is held "Once the State grants parole it cannot be summarily and arbitrarily revoked. U.S.C. A. Const. Amend. 14. This is so because the convicts' interest in parole status has become a liberty interest within the meaning and protection of the 14th Amendment. Hence due process must be afforded.

In *Morrissey*, it is stated; "we held that the conditional freedom of a parolee generated by statute is a liberty interest protected by the due process clause of the 14th Amendment which may not be terminated absent appropriate due process safeguards. *Moody v. Daggett 429 U.S. 78 50 L. Ed 2d 236 (1976)*

It is also held that parole commission (parole Board) is bound by its own regulations unless it can show good cause for deviating from. *Ceniceros v. U.S. Prison Commission 837 F. 2d 1358 (5th Cir. 1988).* When the respondents fail to (1) allow petitioner witnesses to testify at his preliminary parole court hearing; (2) provide a written statement of fact-finding as to evidence relied on and reason for revoking parole; (3) provide an undetached and neutral hearing officer; and in accordance to Code of Ala. § title 15-22-31 & 32. "In parole revocation, due process requires a preliminary parole court hearing AND a final revocation hearing. *Ellard v. State 474 So. 2d 743 (Ala. Crim. App. 1984)* Petitioner was not afforded a final revocation hearing. Respondent's failure to uphold the

3

establishment of regulations set forth violates petitioner's 14th Amendment to due process.

All findings by the state court ended by a finding that Cable was afforded all of his due process rights as laid out in MORRISSEY; without having never addressed a single raised claim made by Cable.

*Townsend v. Sain*, 372 U.S. 293 9 L Ed 2d 770 (1963). This basic rule has not changed. See 28 USC § 2254 Rule 8 (a) ("The judge must review the answer [and] any transcript and record of state court proceedings... to determine whether an evidentiary hearing is warranted").

Petitioner respectfully asks the court to review transcript of state court hearing. And take note of pages 2-5. The state trier failed to ensure that respondents answer all of Cable's raised claims. Again, petitioner wish to address respondents "answer" Doc. No. 17. There still exist a failure to address and or answer the petitioner claims in his habeas petition. Petitioner wish to offer exhibit 3; final order signed by Circuit Judge William Shashy. This order states reasons for dismissal of circuit court writ of certiorari, case no. cv-03-1152-SH. Petitioner never raised any of the issues that this judge used as reason for dismissal. Therefore the merits of his raised claims never were adjudicated. Which makes the dismissal of petition before Circuit Court Judge Charles Price unmerited. (See exhibit 3 2nd pages). Final order of Charles Price. This demonstrates the state court failure to address the merits of Cable's claims in his petition. Under 9 L Ed 2d 1246. Habeas corpus hearing; it list (6) instances in which a federal hearing is required. (1) Where the merits of the factual dispute were not resolved in the state hearing; (2) where the state factual determination is not fairly supported by the record as a whole; (3) where the fact finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) where there is a substantial allegation of newly discovered evidence; (5) where the material facts were not adequately developed at state court hearing; (6) where for any reason it

appears that the state trier of fact did not afford the habeas applicant a full and fair hearing.

In the matter that petitioner stated a claim of actual innocence, there exist neglect by the state court to obtain, or allow enough information to be presented to properly determine the issues/claims that were before the state court. Petitioner poses a question: Can the respondents address and answer each and every raised claims in the petition that is before this court, and support such with evidence?

## CONCLUSION

The minimum due process requirement set out in *Morrissey v. Brewer, 408 U.S. 471 (1972)*, are basic fundamentals in establishing and assuring the due process rights of persons on parole or probation.

Cable's liberty interest has been severally breached by the violation of his due process, which resulted in the revoking of his parole, and the continued illegal detainment in the custody of the Ala. Dept. of Corrections. This matter that is presently before this court has lain dormant for an extended period of time. Far beyond the nature of habeas corpus remedy.

## RELIEF SOUGHT

Petitioner respectfully ask the court to now grant an evidentiary hearing on the merits of his claims, and set a date for said hearing. Petitioner also asks that the court appoint counsel to represent him at this evidentiary hearing. And that the court orders the transportation of petitioner Anthony J. Cable to be present with counsel at said hearing. At which time he seeks relief in the manner of reinstatement of his parole within 30 days from the date of final order, with all rights and privileges and security level he earned previously while on parole.

Respectfully submitted,

Anthony J. Cable

*[signature]*

## CERFICATE OF SERVICE

I here by certify that on this _26_ day of June, 2008 I have provided a copy of the foregoing documents to the proper participant, and properly addressed by way on United States Postal Mail, postage prepaid.

C/o Steve Sirmon<br>
Asst. Attorney General<br>
Alabama Board of Pardons & Paroles<br>
301 South Ripley Street<br>
P.O. Box 302405<br>
Montgomery, Alabama 36130

Done this _26_ day of June 2008.

Respectfully submitted,

Anthony J. Cable #134917

*[signature]*

Anthony J. Cable #134917
Limestone C.F. Bed # 16B
28779 Nick Davis Road
Harvest, Alabama 35749

## AFFIRMATION OF OATH

*STATE OF ALABAMA*
*COUNTY OF LIMESTONE)*

Before me the undersigned authority, a notary Public, personally appears Anthony James Cable, who first being duly sworn, deposes and says as follows:

I, Anthony James Cable, do hereby certify that the foregoing is true and correct to the best Of my knowledge.

SWORN TO AND SUBSRIBED BEFORE ME THIS 26 DAY OF JUNE 2008.

_____          _____
Notary Public                                          Anthony James Cable, Affiant

Commission expires: My Commission Expires January 10, 2012

Mr. Anthony J. Cable #134917
28779 Nick Davis Rd.
Harvest, Al. 35749

J-16B



This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Legal Mail

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Al. 36101-0711